**MCGUIREWOODS LLP**
AVA E. LIAS-BOOKER (*Pro Hac Vice Admission*)
alias-booker@mcguirewoods.com
ALICIA A. BAIARDO (SBN 254228)
abaiardo@mcguirewoods.com
JASMINE K. GARDNER (*Pro Hac Vice Admission*)
jgardner@mcguirewoods.com
Two Embarcadero Center
Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944
Facsimile: 415.844.9922

**WINSTON & STRAWN LLP**
AMANDA L. GROVES (SBN 187216)
agroves@winston.com
KOBI K. BRINSON (*Pro Hac Vice Admission*)
kbrinson@winston.com
STACIE C. KNIGHT (*Pro Hac Vice Admission*)
sknight@winston.com
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone: 213.615.1700
Facsimile: 213.615.1750

*Attorneys for Defendants Wells Fargo Bank, N.A.
and Wells Fargo & Co.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WILLIAMS, SAM ALBURY, and SHAIA BECKWITH SIMMONS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. and WELLS FARGO & CO.,<br><br>Defendant. | CASE NO. 3:22-cv-00990-JD<br><br>The Hon. James Donato<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Compl. Filed: February 17, 2022<br>FAC Filed: April 14, 2022 |

Plaintiffs Christopher Williams, Sam Albury, and Shaia Beckwith Simmons ("Plaintiffs")

and Defendants Wells Fargo Bank, N.A. and Wells Fargo & Co. (collectively "Wells Fargo")

1
JOINT CASE MANAGEMENT STATEMENT

jointly submit this Joint Case Management Statement and Proposed Order pursuant to the Court's March 7, 2022 Case Management Scheduling Order, ECF No. 15 and the Court's Order Granting the Joint Stipulation to Continue Initial Case Management Conference and Related Deadlines, ECF No. 31; Standing Order for Civil Cases Before Judge James Donato; Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9; Northern District of California's ESI Guidelines and Checklist; and Federal Rule of Civil Procedure 26(f).

Counsel for the parties have worked together cooperatively to try to find common ground where possible and, where not possible, have set forth their respective positions.

## I. Jurisdiction and Service

Plaintiff Williams filed the Class Action Complaint on February 17, 2022 asserting four claims against Wells Fargo: (1) the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. ("ECOA"); (2) 42 U.S.C. § 1981 ("Section 1981"); (3) 42 U.S.C. § 1982 ("Section 1982"); and (4) The Fair Housing Act of 1968, 42 U.S.C § 3601 et seq. ("FHA"). ECF No. 1. Plaintiffs filed their First Amended Complaint on April 14, 2022, adding Plaintiffs Albury and Simmons, and alleging the same four claims. ECF No. 22.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the ECOA, Section 1981, Section 1982, and the FHA. Wells Fargo has been served. Wells Fargo does not dispute personal jurisdiction or venue. Wells Fargo's deadline to respond to the complaint is June 10, 2022.

## II. Facts

### A. Plaintiffs' Statement

Plaintiffs bring this individual and putative class action on behalf of a class of Black and/or African American applicants or borrowers who applied for, received, or maintained credit from Defendants related to residential real estate and who were subjected to discrimination by Defendants due to their race. The Amended Complaint alleges that Defendants engaged in race discrimination in violation of ECOA, Section 1981, Section 1982, and the FHA. Plaintiffs claim that Defendants engage in a pattern or practice of discrimination and employs company-wide policies and practices that have an unlawful disparate impact on African Americans with respect

to customers of residential real estate mortgages, by, among other things, disproportionately denying credit to Black and/or African American applicants, charging higher interest rates, imposing higher fees and costs, and offering worse terms to African Americans, and disproportionately denying African Americans the opportunity to refinance and/or modify or lower their interest rates. Plaintiffs, like other African American applicants and borrowers, were denied credit and charged higher interest, rates, fees and costs because of their race pursuant to Defendants' discriminatory practices.

### B. Wells Fargo's Statement

Plaintiffs Christopher Williams, Samuel Albury, and Shaia Simmons filed this putative nationwide class action against Wells Fargo alleging discriminatory lending practices.

#### 1. Christopher Williams

Plaintiff Christopher Williams alleges that he applied for a mortgage with Wells Fargo and had a FICO credit score of over 750. FAC ¶ 28. He further alleges that Wells Fargo offered him an interest rate nearly three points higher than the prime interest rate. *Id.* He asserts that he spoke to Wells Fargo's lending department and asked it to reconsider the offered rate. *Id.* at ¶ 29. He contends that Wells Fargo initially refused to do so, but later agreed to revisit its refusal. *Id.* at ¶¶ 29-30.

Williams further alleges that Wells Fargo sent him a letter dated September 5, 2019. *Id.* at ¶ 30. In the letter, Wells Fargo explains that "the FICO score you see is not the same score we use when you apply for a new account" and that this score is provided "for educational purposes" only. Wells Fargo further states that "[f]or Home Equity applications, we only use the score obtained from Equifax, which we verified to be 686." It explains that "we use a unique score model, which considers more than credit scores to evaluate applications." The letter attaches a document titled "Your Credit Score and the Price You Pay for Credit" showing that Williams' credit score reported by Equifax was 686 as of May 30, 2019.

Williams alleges that he declined Wells Fargo's offer after he received a better offer from another bank. FAC ¶ 31.

### 2. Samuel Albury

Plaintiff Samuel Albury alleges that he applied for a home mortgage with Well Fargo and believed he would receive a prime mortgage rate because of his pre-existing relationship with Wells Fargo. *Id*. at ¶ 33. Albury asserts that he owned two properties and was employed at the time. *Id.* He alleges that Wells Fargo inquired into his finances and work history during the application process. *Id*. at ¶ 34. He further alleges that Wells Fargo denied his application. *Id*. at ¶ 35. Notably, as part of his loan application, Albury selected the option "I do not wish to provide this information" for each of the categories "Ethnicity" and "Race."

On September 15, 2020, Wells Fargo sent Albury a letter explaining the denial of his application. The letter included a "Notice of Action Taken and Statement of Reasons" that explains that Albury did not have "enough combined assets to close this loan."

### 3. Shaia Simmons

Plaintiff Shaia Simmons alleges that she obtained a home mortgage loan from Wells Fargo. *Id.* at ¶ 37. She further alleges that she later enrolled in Wells Fargo's COVID-19 deferment program. *Id.* at ¶ 38. She asserts that she continued making regular payments after her deferment ended. *Id.* at ¶ 39. She contends that, despite resuming payments, Wells Fargo instituted foreclosure proceedings against her. *Id.* at ¶ 40. She alleges that Wells Fargo presented her with an option to pay back the deferred payments, but that she "refused" to agree to it. *Id.* at ¶¶ 41-42.

Wells Fargo sent Shaia Simmons several letters during this period. For example, on April 19, 2021, Wells Fargo sent Simmons a letter titled "Contact us right away – payment suspension is ending soon." The letter explains that "we suspended your mortgage for 12 months" and that "May 2021 is the final month of your 12-month suspension period." It also explains that "[a]fter payment suspension ends . . . [a]ny missed payments will need to be resolved, or the loan will be considered past-due." It states "You'll need to contact us to request an extension before the end of May 2021. We can't automatically extend the payment suspension period – we need to hear from you."

On May 18, 2021, Wells Fargo sent Simmons another letter with similar language. It further states that "[w]e sent you a letter with information about your options and next steps" and that "[w]e haven't heard from you." It states that "[i]f we don't hear from you before the end of May 2021,

payment suspension will end."

On August 10, 2021, Wells Fargo sent Shaia Simmons yet another letter with the subject line "Notice of default – immediate action is needed." The letter explains that "Your loan is in default because you have not made the required payments due." It states that the total overdue amount is $20,326.19. It further states that "[i]f we don't receive the total overdue amount on or before September 16, 2021, we may accelerate the sums secured by your security instrument, pursue foreclosure by judicial proceeding, and end your ownership of the property through a foreclosure sale of the property."

On or around March 2, 2022, Wells Fargo received a Mortgage Assistance Application signed by Shaia Simmons. In the application, Simmons concedes she failed to submit the required form, stating that she and her husband "did not realize there was another form once deferment was done."

### C. Principal Disputed Factual Issues

Wells Fargo submits that the principal factual issues in dispute include:

- Whether the loan terms that Wells Fargo offered Plaintiffs were discriminatory or were a product of individualized decision-making and based on non-discriminatory factors.
- Whether Wells Fargo treats similarly situated African American borrowers and applicants worse or similarly as non-African American borrowers and applicants.
- Whether Defendants' policies and practices have a unlawful disparate impact on African Americans.
- Whether Defendants engaged in a pattern or practice of racial discrimination against African Americans.

## III. Legal Issues

The major legal issues in dispute are:

a. Whether Plaintiffs can prove an ECOA violation under a disparate treatment (intentional discrimination) or disparate impact (by identifying a facially neutral policy that results in a disparate impact).

    b.  Whether Plaintiffs can prove a FHA violation under a disparate treatment (intentional discrimination) or disparate impact (by identifying a facially neutral policy that results in a disparate impact).

    c.  Whether Plaintiffs can prove a claim under Section 1981 by establishing that Wells Fargo intentionally and purposefully discriminated against Plaintiffs because of race.

    d.  Whether Plaintiffs can prove a claim under Section 1982 by establishing that Wells Fargo intentionally and purposefully discriminated against Plaintiffs because of race.

    e.  Whether Plaintiffs can make a sufficient showing of reckless disregard, oppression, fraud or malice to justify an award of punitive damages against Wells Fargo.

    f.  Whether Plaintiffs can satisfy the requirements of Fed. R. Civ. P. 23.

## IV. Motions

Defendants' Administrative Motion to Consider Whether Cases Should Be Related (*Braxton v. Wells Fargo Bank, N.A. et al.*, No. 3:22-cv-01748-JSC) is currently pending before the Court. Plaintiffs filed a response in opposition as did non-parties Aaron Braxton*, et al*. Counsel for the parties have also filed several motions to appear pro hac vice, all of which have been granted.

Plaintiffs intend to file a motion for class certification pursuant to Fed. R. Civ. P. 23(b)(2), (c)(4) and/or (b)(3) on or before January 15, 2023.

Wells Fargo anticipates filing a motion for summary judgment, a potential motion to strike class allegations, and motions *in limine*.[1] Wells Fargo also anticipates opposing any efforts to certify a class on the grounds that Plaintiffs' class allegations lack commonality, predominance, and typicality as required by Federal Rule of Civil Procedure 23 and Plaintiffs' proposed class is overbroad because it includes untimely claims. Plaintiffs' Rule 23(b)(2) class is also improper because Plaintiffs seek primarily monetary relief.

## V. Amendment of Pleadings

The parties propose that the deadline to amend without leave of the Court be September

---

[1] Wells Fargo also reserves its rights to challenge any consolidated complaint to the extent that one is ordered.

30, 2022.

**VI.** **Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and the ESI Checklist. The parties discussed evidence preservation obligations at their meet and confer session. The parties understand their duty to preserve records, including paper and electronic copies, and have taken reasonable steps to preserve documents relevant to this action in their possession.

**VII.** **Disclosures**

The Parties agree to exchange Initial Disclosures after a decision is rendered on Wells Fargo's Administrative Motion to Consider Whether Cases Should be Related, filed on May 27, 2022.

**VIII.** **Discovery**

The parties recognize and jointly share a goal of being efficient and targeted in their approach to discovery and will meet and confer to attempt to limit the burdens on each other, where appropriate. As of the date of this Case Management statement, neither party has served discovery. The parties anticipate serving written discovery and taking depositions. The parties do not anticipate limitations or modifications of the discovery rules at this time. The parties intend to submit a stipulated protective order, as well as a stipulated protocol to govern the search and production of electronically stored information ("ESI").

The parties have conferred and have agreed to the following Discovery Plan.

**Joint Proposal for Discovery**:

(a.) Protective Order: The parties have agreed that a Stipulated Protective Order is necessary to protect material properly sealable for purposes of discovery, including among other things any sensitive personal information of Plaintiffs and the putative class as well as Wells Fargo's confidential trade secrets and confidential and sensitive personal information. The parties will submit the Stipulated Protective Order to the Court.

(b.) <u>Privilege Logs</u>: The parties agree to exchange privilege logs as appropriate and have agreed that attorney-client privileged and/or work product communications after the date that the Complaint was filed do not need to be logged.

(c.) <u>Method of Service</u>: The parties agree that service by electronic mail will be treated as service by regular U.S. mail delivery.

(d.) <u>Electronic Discovery</u>: Pursuant to the ESI Guidelines, the parties agree to cooperate to develop protocols to lessen the burden of producing electronic discovery.

The parties set out their respective positions on necessary discovery below:

### A. **Plaintiffs' Statement**

Plaintiffs anticipate that this case will require factual and expert discovery in order to determine whether class certification is appropriate. Accordingly, Plaintiffs prioritize discovery of electronic data and records regarding the policies and practices at issue in the case, including but not limited to mortgage applications and customer files, data on all mortgage applicants and borrowers, in addition to deposition(s) pursuant to Rule 30(b)(6) and/or of Defendants' executive(s) regarding the practices challenged in this lawsuit, as well as key fact witnesses.

### B. **Wells Fargo's Statement**

Wells Fargo will seek discovery as to the factual basis for Plaintiffs' claims in the Complaint. Wells Fargo will also seek discovery as to Plaintiffs' ability to satisfy the requirements of Federal Rule of Civil Procedure 23, as well as all documents and information relating to, among other things, Plaintiffs' credit applications, credit histories, credit scores, financial condition, credit that they were able to obtain from other financial institutions, if any, documents and information regarding forbearance and Plaintiffs' existing mortgages with Wells Fargo, and all communications with Wells Fargo and third-parties relating to Plaintiffs' claims.

## IX. <u>Class Actions</u>

### A. **Plaintiffs' Statement**

Plaintiffs have brought this putative class action on behalf of a class of African Americans who applied for credit related to residential real estate and who were subjected to discrimination by Defendants due to their race. Plaintiffs, following class-wide discovery, will seek certification

of a liability and injunctive and declaratory relief class under Rule 23(b)(2) and 23(c)(4), and/or certification of a broader class under Rule 23(b)(3). All requirements of class certification are met by the proposed class pursuant to Rule 23(a). Plaintiffs intend to file a Motion for Class Certification on or before January 15, 2023. Plaintiffs' counsel have reviewed the Court's Procedural Guidance for Class Action Settlements.

### B. Wells Fargo's Statement

Wells Fargo vigorously disputes the allegation that its nationwide lending practices are discriminatory. As such, Plaintiffs will be unable to represent any putative class based on such an allegation. Moreover, Plaintiffs cannot meet the requirements of Federal Rule of Civil Procedure 23(a), 23(b)(2), or 23(b)(3) as there are no common issues as to any alleged discriminatory policy, Plaintiffs' claims will not be typical of any putative class members, individual factual issues will predominate and a class action is not the superior way to adjudicate individual lending decisions in this context.

## X. Related Cases

Pursuant to Local Rule 3-12, Wells Fargo filed an Administrative Motion to Consider Whether Cases Should be Related on May 27, 2022 requesting that this Court issue an order relating this action and the *Braxton v. Wells Fargo Bank, N.A.*, 3:22-cv-01748-KAW ("*Braxton*") action.[2] Plaintiffs filed a Response on May 31, 2022. Plaintiffs stated that these cases are not necessarily related at this juncture because the *Williams* Complaint is broader than the *Braxton* Complaint and was filed-first and thus could proceed expeditiously. Plaintiffs also suggested that the *Braxton* case could be stayed or dismissed pending the outcome of class certification in this matter. Finally, Plaintiffs asked the Court to delay making any findings of relatedness until the June 16, 2022, Case Management Conference.

---

[2] Shortly after *Braxton* filed his original complaint, three additional complaints were filed in the Northern District of California raising allegations similar to those made here and in Braxton: *Pope v. Wells Fargo Bank*, N.A. et al., 4:22-cv-01793; *Thomas et al. v. Wells Fargo & Co. et al.*, 3:22-cv-01931; *Ebo et al. v. Wells Fargo Bank, N.A.*, 3:22-cv-02535-SK. Wells Fargo has not been served in any of those actions, but *Ebo* has sought relation with *Pope*. Wells Fargo's response notes that those cases should be related to *Williams* pursuant to Local Rule 3-12.

Non-Party Plaintiffs in the *Braxton* matter filed a Response on May 31, 2022, and argued that *Braxton* and *Williams* should not be related because these two cases do not meet the requirements set forth in Local Rule 3-12.

The Court has not yet ruled on the administrative motion.

## XI. Relief

Plaintiffs seek: (1) to certify this case as a class action; (2) designate Plaintiffs as class representatives and designate Plaintiffs' counsel of record as class counsel; (3) declare that Wells Fargo's acts, conduct, policies and practices are unlawful and violate the ECOA, Section 1981, Section 1982, and the FHA; (4) declare that Wells Fargo engaged in a pattern and practice of racial discrimination against Black and/or African American applicants and borrowers; (5) order Plaintiffs and all others similarly situated be offered mortgage loans at nondiscriminatory rates, and otherwise make Plaintiffs whole; (6) award Plaintiffs and all others similarly situated compensatory and punitive damages; (7) award Plaintiffs and all others similarly situated prejudgment interest and attorneys' fees, costs and disbursements, as provided by law; (8) award Plaintiffs and all others similarly situated equitable, injunctive and legal relief as this Court deems just and proper to end the discrimination and fairly compensate Plaintiffs and all others similarly situated; and (9) award Plaintiffs and all others similarly situated such other relief as this Court deems just and proper.

Wells Fargo denies that Plaintiffs may maintain any of their claims on an individual or class basis, denies that Plaintiffs are entitled to any of the relief sought, and denies that Plaintiffs have suffered any damages.

## XII. Settlement and ADR

The parties have met and conferred regarding ADR pursuant to Civil Local Rule 16-8 and ADR Local Rule 3-5 and have reviewed the ADR procedures in ADR Local Rule 3-5. The Parties intend to discuss the ADR selection with the Judge at the case management conference.

## XIII. Consent to Magistrate Judge

Plaintiffs did not consent to a magistrate judge for all purposes. ECF No. 12.

## XIV. Other References

The parties agree that the case is not suitable for reference to a special master.

## XV. Narrowing of Issues

The parties are presently unaware of any issues that can be narrowed by agreement or by motion, and do not have any suggestions to expedite the presentation of evidence at trial.

## XVI. Expedited Trial Procedure

The parties do not believe that the case can be handled on an expedited basis with streamlined procedures given the nature and complexity of the claims and defenses in this action.

## XVII. Scheduling

### A. Plaintiffs' Statement

Plaintiffs propose the following schedule:

| EVENT | PROPOSED DATE |
|---|---|
| Last Date to Amend Pleadings/Add Parties Without Leave of Court | September 30, 2022 |
| Class Certification Fact Discovery Closes | December 15, 2022 |
| Class Certification Motion and Plaintiffs' Class Certification Expert Disclosures | January 15, 2023 |
| Opposition to Motion for Class Certification and Defendants' Class Certification Expert Disclosures | February 15, 2023 |
| Reply to Class Certification Motion | March 1, 2023 |
| Merits Expert Report | May 1, 2023 |
| Merits Rebuttal reports | June 1, 2023 |
| Merits Expert Discovery Close | June 28, 2023 |
| Deadline for Filing Dispositive and Daubert Motions, if any | August 7, 2023 |
| Opposition to Dispositive and Daubert Motions | August 28, 2023 |
| Reply to Dispositive and Daubert Motions | September 11, 2023 |
| Hearing on Dispositive Motions | To be set by Court |
| Pre-Trial Conference | November 13, 2023 |
| Trial Commences | December 4, 2023 |

### B. Wells Fargo's Statement

Defendants propose the following schedule:

| EVENT | PROPOSED DATE |
|---|---|
| Last Date to Amend Pleadings/Add Parties Without Leave of Court | August 1, 2022 |
| Class Certification Motion and Plaintiffs' Class Certification Expert Reports | February 1, 2023 |
| Opposition to Motion for Class Certification | March 3, 2023 |
| Reply to Class Certification Motion | April 3, 2023 |
| Hearing on Class Certification Motion | To be set by Court |
| Fact Discovery Closes | August 4, 2023 |
| Opening Expert Report(s) | October 6, 2023 |
| Rebuttal Expert Reports | November 2, 2023 |
| Expert Discovery Closes | December 15, 2023 |
| Deadline for Filing Dispositive and Daubert Motions | February 1, 2024 |
| Opposition to Dispositive and Daubert Motions | March 1, 2024 |
| Reply to Dispositive and Daubert Motions | April 3, 2024 |
| Hearing on Dispositive Motions | To be set by Court |
| Pre-Trial Conference | June 3, 2024 |
| Trial Commences | June 17, 2024[3] |

## XVIII. Trial

The parties propose that the length of trial be addressed after the Court has resolved all dispositive motions. As of today's date, however, the parties estimate that the expected total length of trial will be 3-5 days if no class is certified, and 10-12 days if the class is certified. All trial time will be split equally between the two sides.

## XIX. Disclosure of Non-Party Interested Entities or Persons

Wells Fargo has filed a "Certification of Interested Entities or Persons" as required by Civil

---

[3] Wells Fargo recognizes that counsel generally "should budget no more than 18 months between the initial case management conference and trial" and that counsel should be prepared to justify any longer pretrial period. Standing Order for Civil Cases Before Judge James Donato ¶ 4. Wells Fargo respectfully requests a pretrial period of 24 months because of the complicated nature of this matter, and the potential related cases. *Braxton v. Wells Fargo Bank, N.A. et al.*, No. 3:22-cv-01748-JSC; *Pope v. Wells Fargo Bank, N.A. et al.*, 3:22-cv-01793; *Thomas et al. v. Wells Fargo & Co. et al.*, 3:22-cv-01931; *Ebo et al. v. Wells Fargo Bank, N.A.*, 3:22-cv-02535-SK.

Local Rule 3-15 and Corporate Disclosure Statement pursuant to Federal Rule of Civil Procedure 7.1.

**XX.  Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI.  Other Matters**

The parties have no other matters to bring before the Court at this time.

                                **McGUIREWOODS LLP**

DATED: June 9, 2022            By: */s/ Alicia A. Baiardo*
                                        Ava Lias-Booker
                                        Alicia A. Baiardo
                                        Jasmine C. Gardner

                                        Amanda Groves
                                        Kobi Brinson
                                        Stacie Knight

                                        *Attorneys for Defendants Wells Fargo Bank, N.A. and Wells Fargo & Company*

DATED: June 9, 2022            **STOWELL & FRIEDMAN, LTD.**

                                        By: */s/ Suzanne Elaine Bish*
                                              Linda D. Friedman
                                              Suzanne Elaine Bish

                                        **SANI LAW, APC**
                                        Sam Sani

                                        **BEN CRUMP, PLLC**
                                        Benjamin Crump

                                        *Attorneys for Plaintiffs*

## ATTESTATION

In compliance with CAND ECF Policies and Procedures regarding Stipulations and Other Documents Requiring Multiple Signatures, I hereby attest that I have obtained the concurrence in the filing of this document from all signatories

Date: June 9, 2022                         **MCGUIREWOODS LLP**

By: */s/ Alicia A. Baiardo*
      Alicia A. Baiardo

*Attorneys for Defendants Wells Fargo Bank, N.A. and Wells Fargo & Company*

# CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2022, a copy of the foregoing pleading, with any and all attachments, was filed electronically with the clerk of court via ECF, which will serve all counsel of record, and served via First-Class Mail to any party not filing ECF, postage prepaid.

Date: June 9, 2022						By: */s/ Alicia A. Baiardo*
							Alicia A. Baiardo