Amanda M. Williams (Appearing *Pro Hac Vice*)
Abou B. Amara, Jr. (Appearing *Pro Hac Vice*)
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
awilliams@gustafsongluek.com
aamara@gustafsongluek.com

*(Additional Counsel on Signature Page)*
Attorneys for Plaintiffs and Others Similarly Situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *IN RE WELLS FARGO MORTGAGE DISCRIMINATION LITIGATION* | Case No. 3:22-cv-00990-JD <br><br> **THE *PERKINS* PLAINTIFFS' RENEWED PROPOSAL TO APPOINT AMANDA M. WILLIAMS AND ABOU B. AMARA, JR. OF GUSTAFSON GLUEK PLLC AS INTERIM LEAD COUNSEL FOR THE PUTATIVE PLAINTIFF CLASS.** <br><br> <u>ORAL ARGUMENT REQUESTED</u> |

---

The *Perkins* Plaintiffs' Memorandum of Law in Support of Their Renewed Proposal to Appoint Amanda M. Williams, Esq. and Abou B. Amara, Jr., Esq., of Gustafson Gluek PLLC as Interim Lead Counsel in *In Re Wells Fargo Mortgage Discrimination Litigation*.

## I. INTRODUCTION

Despite opposition from some Plaintiff groups, on January 18, 2023, this Court wisely consolidated this case[1] with the five[2] other related cases into a single action, and noted the need for interim lead counsel to be appointed. Plaintiffs Elretha Perkins and Laronica Johnson ("*Perkins* Plaintiffs") respectfully renew their request that this Court appoint Amanda M. Williams, Esq. and Abou B. Amara, Jr., Esq. of Gustafson Gluek PLLC ("Gustafson Gluek" or "Firm") as interim lead counsel for the putative plaintiff class. Unlike some Plaintiffs' counsel in this action, Ms. Williams and Mr. Amara have sought to protect the interests of all putative class members—from the beginning.

For the last two decades, courts across the country have appointed Gustafson Gluek attorneys to serve as lead counsel in numerous complex class action cases involving some of the largest institutions in the world. Gustafson Gluek attorneys have recovered *billions* in damages on behalf of class members, and are routinely recognized for their exceptional class wide representation. Appointing Ms. Williams and Mr. Amara as interim lead counsel for the putative plaintiff class will ensure that discovery and other pretrial matters will be handled in the best interest of all putative class members, and that every class member receives stellar representation throughout the course of this litigation.

---

[1] *Perkins v. Wells Fargo Bank, N.A.*, No. 3:22-cv-03455-JD ("*Perkins*").

[2] *Williams v. Wells Fargo Bank, N.A.,* No. 3:22-cv-00990-JD ("*Williams*"); *Braxton v. Wells Fargo Bank, N.A.,* No. 3:22-cv-01748-JD ("*Braxton*"); *Pope v. Wells Fargo Bank,* N.A., No. 3:22-cv-01793-JD ("*Pope*"); *Thomas v. Wells Fargo Bank, N.A.,* No. 3:22-cv-01931-JD ("*Thomas*"); and *Ebo v. Wells Fargo Bank, N.A.,* No. 3:22-cv-02535-JD (*"Ebo"*).

The *Perkins* Plaintiffs' Memorandum of Law in Support of Their Renewed Proposal to Appoint Amanda M. Williams, Esq. and Abou B. Amara, Jr., Esq., of Gustafson Gluek PLLC as Interim Lead Counsel in *In Re Wells Fargo Mortgage Discrimination Litigation*.

2

## II. RELEVANT PROCEDURAL HISTORY

On June 10, 2022, the *Perkins* Plaintiffs filed a class action complaint against Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage, Inc. ("Wells Fargo Defendants" or "Bank") for alleged discriminatory practices in mortgage lending. *Perkins* ECF No. 1. On August 5, 2022, the Wells Fargo Defendants moved to consolidate the *Perkins* case with five other related cases. Master ECF No. 63.

Plaintiffs in the six related cases took differing positions on the Bank's consolidation motion. Two of the six parties—the *Williams* and *Braxton* Plaintiffs—opposed consolidation. *Williams* ECF No. 71; *Braxton* ECF No. 52. The *Braxton* Plaintiffs also made clear that their lawyers do not want to represent all putative class members in this litigation. *See Braxton* ECF No. 45, p.1 (stating that their counsel does "**not** seek to be appointed interim counsel for prospective borrowers who were allegedly discriminated outside of the refinancing process . . . nor do they seek to represent non-Black homeowners allegedly discriminated against on grounds of race."). By contrast, the *Perkins* Plaintiffs, along with the *Ebo*, *Pope*, and *Thomas* Plaintiffs, supported consolidation and sought interim lead counsel to represent the entire putative plaintiff class. *Perkins* ECF Nos. 38 (consolidation) & 39 (interim lead counsel); *Pope* ECF No. 29 (indicating position of *Ebo*, *Pope,* and *Thomas* Plaintiffs on consolidation and interim lead counsel).

On October 20, 2022, this Court ordered the six parties to submit a joint statement proposing a consolidation structure. Master ECF No. 93. On January 18, 2023, this Court ordered consolidation of all six related cases, *see id.*, at No. 102, and authorized parties to renew their interim lead counsel applications, observing that "[i]nterim counsel is warranted for this

The *Perkins* Plaintiffs' Memorandum of Law in Support of Their Renewed Proposal to Appoint Amanda M. Williams, Esq. and Abou B. Amara, Jr., Esq., of Gustafson Gluek PLLC as Interim Lead Counsel in *In Re Wells Fargo Mortgage Discrimination Litigation*.

3

consolidated action, but the current applications did not have an opportunity to address who that should be now that consolidation will be into a single case." *Id.*, ¶ 12.

### III. LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure authorizes a court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class. *In re LinkedIn Advertising Metrics Litigation*, No. 20-cv-08324-SVK, 2021 WL 1599289, at *1 (N.D. Cal. Apr. 23, 2021) (quoting *Azpeitia v. Tesoro Refining & Marketing Co.*, LLC, 2017 WL 4071368, at *1 (N.D. Cal. Sept. 14, 2017) (internal quotations omitted)).

"Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, courts typically look to the factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Seagate Technology LLC Litigation*, No. 16-cv-00523-RMW, 2016 WL 3401989, at *2 (N.D. Cal. June 21, 2016). Those factors include: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. *Id*. (citing Fed. R. Civ. P. 23(g)(1)(A)). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id*. (citing Fed. R. Civ. P. 23(g)(1)(B)). As demonstrated below, after considering these factors, and one additional factor, Amanda Williams and Abou Amara from Gustafson Gluek should be appointed.

## IV. ARGUMENT

### A. This Court Should Appoint Amanda M. Williams and Abou B. Amara, Jr., of Gustafson Gluek PLLC, as Interim Lead Counsel for the Putative Plaintiff Class.

*First*, Amanda Williams and Abou Amara have expended an immense amount of time, resources, and energy identifying and investigating the claims in this case. Ms. Williams and Mr. Amara began investigating the Wells Fargo Defendants on a different, but related, matter in 2021. *See* Amanda M. Williams Decl., ¶ 5. ("Williams Decl."). Gustafson Gluek's investigation on this matter has included direct conversations with over 100 potential plaintiffs—in 13 states—who notified the Firm of the discriminatory interactions they experienced while seeking home loan financing with the Wells Fargo Defendants. *Id.*, ¶ 6. As a result, Gustafson Gluek already possesses several documents that provide key insights and an understanding of how the financial giant corresponds with home loan seekers. *Id.*, ¶ 7.

Gustafson Gluek also consulted with six expert organizations in housing policy, housing finance, and social justice advocacy. *Id.*, ¶ 8. These consultations have assisted the Firm in identifying several published reports and research in housing finance that will inform the creation of any subsequent complaints, discovery requests, and establishing facts prior to class certification. *Id.* These reports include: (i) *2022 Fair Housing Trends Report*, National Fair Housing Alliance[3]; (ii) *Consumer-Lending Discrimination in the FinTech Era*, November 2019, Robert Bartlett, Adair Morse, Richard Stanton, and Nancy Wallace, University of California at Berkley, Published by the Journal of Financial Economics[4]; (iii) "*Data Point: 2020 Mortgage Market Activity and*

---

[3] *2022 Fair Housing Trends Report*, National Fair Housing Alliance, https://nationalfairhousing.org/wp-content/uploads/2022/11/2022-Fair-Housing-Trends-Report.pdf (last visited February 7, 2023).

[4] *Consumer-Lending Discrimination in the FinTech Era*, University of California at Berkley, Journal of Financial Economics,

The *Perkins* Plaintiffs' Memorandum of Law in Support of Their Renewed Proposal to Appoint Amanda M. Williams, Esq. and Abou B. Amara, Jr., Esq., of Gustafson Gluek PLLC as Interim Lead Counsel in *In Re Wells Fargo Mortgage Discrimination Litigation*.

5

*Trends*," Office of Research Publication, Consumer Financial Protection Bureau (2021)[5]; (iv) *The Attorney General's 2020 Annual Report to Congress Pursuant to the Equal Credit Opportunity Act, Amendments of 1976*, U.S. Department of Justice (Sept. 2021)[6]; and (v) *Our America: The Equity Report,* ABC News.[7]  *Id.*, ¶ 9.  To date, Ms. Williams and Mr. Amara have invested hundreds of hours into this case.  *Id.*, ¶ 10.

*Second*, Ms. Williams, Mr. Amara, and the *Perkins* Plaintiffs' legal team are highly experienced in class action litigation, knowledgeable in the applicable law, and qualified to serve as interim lead counsel for the putative class.  *Id.*, ¶ 11.  Over the last two decades, Gustafson Gluek has been appointed as lead class counsel and to related leadership positions in numerous complex class action cases across the country and has recovered *billions* of dollars on behalf of a myriad of injured class members.  *Id.*, ¶ 12.  Because of Gustafson Gluek's extensive knowledge, experience, and success in the plaintiffs' class action arena, courts across the country routinely appoint Gustafson Gluek attorneys to serve in leadership roles in complex class cases[8] including:

- *Hogan v. Amazon, Inc.* (N.D. Ill.)
- *In re Interior Molded Doors Indirect Purchaser Antitrust Litig.* (E.D. Va.)

---

https://faculty.haas.berkeley.edu/morse/research/papers/discrim.pdf (last visited February 7, 2023).

[5] *Data Point: 2020 Mortgage Market Activity and Trends*, Consumer Protection Financial Bureau, https://files.consumerfinance.gov/f/documents/cfpb_2020-mortgage-market-activity-trends_report_2021-08.pdf (last visited February 7, 2023).

[6] *The Attorney General's 2020 Annual Report to Congress Pursuant to the Equal Credit Opportunity Act*, U.S. Department of Justice (Sept. 2021), https://www.justice.gov/crt/page/file/1436056/download (last visited February 7, 2023).

[7] *Our America: The Equity Report*, ABS News, https://ouramericaabc.com/equity-report (last visited February 7, 2023).

[8] *See* Williams Decl., ¶ 13; Ex. A.

The *Perkins* Plaintiffs' Memorandum of Law in Support of Their Renewed Proposal to Appoint Amanda M. Williams, Esq. and Abou B. Amara, Jr., Esq., of Gustafson Gluek PLLC as Interim Lead Counsel in *In Re Wells Fargo Mortgage Discrimination Litigation*.

- *In re Pork Antitrust Litig.* (D. Minn.)
- *In re: 3M Combat Arms Earplug Litig.* (Minn.)
- *In re DPP Beef Litig.* (D. Minn.)
- *In re Syngenta Litig.* (Minn.)
- *In re Broiler Chicken Antitrust Litig.* (N.D. Ill.)
- *Vikram Bhatia, D.D.S., et al., v. 3M Company* (D. Minn.)
- *In re Medtronic, Inc. Sprint Fidelis Leads Products Liability Litig.* (D. Minn.)
- *In re DRAM Antitrust Litig.* (N.D. Cal. and multiple state court actions)
- *In re Medtronic, Inc. Implantable Defibrillators Products Liability Litig.* (D. Minn.)
- *St. Barnabas Hospital, Inc. et al. v. Lundbeck, Inc. et al.* (D. Minn.)
- *In re Vitamin C Antitrust Litig.* (E.D.N.Y.)
- *Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd.* (E.D.N.Y.)
- *Deere & Company Repair Services Antitrust Litig.* (N.D. Ill.)
- *In re Crop Inputs Antitrust Litig.* (E.D. Mo.)
- *Powell Prescription Center, et al. v. Surescripts, LLC et al.* (N.D. Ill.)

In addition to the extensive complex class action and civil rights experience that Gustafson Gluek has as a firm, the individuals who comprise the *Perkins* Plaintiffs' litigation team also bring extensive and unique personal experiences to this case. For this matter, Gustafson Gluek's team will be led by Ms. Williams who has been litigating class action cases for nearly two decades. Williams Decl., ¶ 14. Ms. Williams has played an active role as plaintiffs' counsel in the following cases[9]:

- *In re Medtronic, Inc., Implantable Defibrillators Prod. Liab. Litig.* (D. Minn.)

---

[9] Williams Decl., ¶ 14.

The *Perkins* Plaintiffs' Memorandum of Law in Support of Their Renewed Proposal to Appoint Amanda M. Williams, Esq. and Abou B. Amara, Jr., Esq., of Gustafson Gluek PLLC as Interim Lead Counsel in *In Re Wells Fargo Mortgage Discrimination Litigation*.

- *In re Syngenta Litig.* (Minn.)

- *In re Asacol Antitrust Litig.* (D. Mass.)

- *Ciofoletti et al. v. Securian Financial Group, Inc.* (D. Minn.)

- *Reed, et al. v. Advocate Health Care, et al.* (N.D. Ill.)

- *Graves v. 3M Company Earplugs Litig.* (Minn.)

- *In re Medtronic Inc. Sprint Fidelis Leads Prod. Liab. Litig.* (D. Minn.)

- *Karsjens et al v. Jesson* (D. Minn.)

- St. Jude (*Pinsonneault v. St. Jude Medical, Inc., et al.* (D. Minn.); *Houlette v. St. Jude Medical Inc., et al.* (D. Minn.); *Rouse v. St. Jude Medical, Inc., et al.* (D. Minn.))

- *Jessica Robinson v. Jackson Hewitt, Inc., et al.* (E.D. Va.)

- *American Home Realty Network* (Regional Multiple Listing Service of Minnesota, Inc., d/b/a NorthstarMLS v. American Home Realty Network, Inc., (D. Minn.));

- *Metropolitan Regional Information Systems, Inc., v. American Home Realty Network, Inc.* (D. Md.)

- *Preferred Carolinas Realty, Inc., v. American Home Realty Network, Inc., d/b/a Neighborcity.com* (M.D.N.C.))

Ms. Williams has recently been appointed to leadership roles in *In re 3M Combat Arms Litig.* (Henn. Cty. Minn.) and the *In re American Medical System, Inc., Litig.* (Henn. Cty. Minn.), and was named to the trial team in the *In re Syngenta Litig.* (Henn. Cty. Minn..). Williams Decl., ¶ 15.

In addition to her practice, Ms. Williams currently serves on the Board of the Infinity Project, an organization whose mission is to increase the gender diversity of Minnesota's state and federal benches. *Id.*, ¶ 16. In 2017 and 2022, Ms. Williams was named an "Attorney of the Year"

by the *Minnesota Lawyer* publication and has been continuously recognized as a *Super Lawyer*. *Id.*

Ms. Williams will be joined by Mr. Amara, who is a plaintiffs' class action litigator with experience in antitrust, civil rights, consumer protection, and products liability. *Id.*, ¶ 17. Mr. Amara presently is active counsel in the following cases[10]:

- *In Re Beef Antitrust Litig.* (D. Minn.)
- *In Re Broiler Chicken Antitrust Litig.* (N.D. Ill.)
- *In Re Pork Antitrust Litig.* (D. Minn.)
- *Roamingwood Sewer v. National Diversified Sales* (M.D. Pa.)

Prior to joining Gustafson Gluek, Mr. Amara was a civil rights and employment attorney at a Minneapolis law firm and served as a judicial law clerk on the Minnesota Supreme Court. Williams Decl., ¶ 18. In addition, Mr. Amara's experience in housing extends beyond the practice of law. *Id.*, ¶ 19. For nearly a decade before entering private practice, Mr. Amara worked on housing policy, among other issues, before Congress and in the Minnesota State Legislature. *Id.*

Mr. Amara was named a "Rising Star" by *Super Lawyers* for his class action litigation practice and an "*Up and Coming Attorney*" by the *Minnesota Lawyer* publication. *Id.*, ¶ 20. He was also named the 2021-2022 *Outstanding New Lawyer of the Year* by the Minnesota State Bar Association. *Id*. Mr. Amara is presently the Vice President of the Minnesota Association of Black Lawyers, is an active member of the American Bar Association's "Black Squad" Antitrust Group, and serves on a host committee of the National Bar Association, the national association active on behalf of African American lawyers. *Id.*

---

[10] Williams Decl., ¶ 17.

Longtime California attorney, Gustafson Gluek's Dennis Stewart will assist the team. Mr. Stewart has worked for over 30 years almost exclusively representing plaintiff classes in complex litigation, including as a partner at Hulett Harper Stewart's San Diego, California office and as a trial attorney with the Justice Department.[11] *Id.*, ¶ 21. Mr. Stewart's experience with the banking industry includes serving as lead counsel, principal counsel and/or trial counsel in class action litigation against, among others, Wells Fargo, in cases involving interchange fees and currency conversion fees. *Id.* Mr. Stewart has tried class action cases and representative actions against the NCAA, Visa and Mastercard, Johnson and Johnson, and others. *Id.*

*Third*, Gustafson Gluek has invested an immense amount of resources into this important case and is willing, and able, to continue doing so. Rule 23 requires a court to consider the resources proposed class counsel can, and will, commit to the prosecution of the class action. Fed. R. Civ. P. 23(g)(1)(A)(iv). Gustafson Gluek has offices in California and Minnesota and dedicates its entire practice to precisely this type of litigation: complex plaintiffs' class action litigation. *See* Williams Decl., ¶ 22; Ex. A. Gustafson Gluek has already committed itself to this case and has teamed up with two other law firms, Teske Katz PLLP of Minneapolis, Minnesota, and the Scott Hirsch Law Group of Coconut Creek, Florida, to add any needed capacity. *Id.*, ¶ 23.

---

[11] Cases in which Mr. Stewart has served as lead, trial or one of the key counsel have netted settlements totaling in the billions of dollars. Mr. Stewart was one of the principal counsel (five firms comprising a leadership "group" of 3 lead counsel and two other firms) in *Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,* MDL 1720, in which a settlement of approximately $5.6 billion was approved by the District Court and is currently on appeal to the United States Court of Appeals for the Second Circuit. He was also one of the counsel that litigated the *In re Currency Conversion Fee Litigation*, MDL 1409, in which a $336 million dollar settlement was obtained based, in part, on a prior successful 6-month trial in California State Court against Visa and Mastercard which he led. *Schwartz v. Visa International*, No. 822404-4 (Alameda County Sup. Ct.), rev'd on other grounds, 34 Cal. Rptr. 3d 449 (2005).

Gustafson Gluek has a well-earned reputation for being able to work well with other counsel. *Id.*, ¶ 24. In the Firm's experience leading other complex litigation, drawing from diverse points of view and experience is invaluable and, as such, Gustafson Gluek is willing to work with other firms that have filed these cases. *Id.* There is a strong pool of resources available to the plaintiffs and potential class members but there needs to be strong leadership at the top to know how to utilize all of these resources effectively and efficiently. *Id.* Gustafson Gluek possesses the knowledge, resources, and commitment to do just that and to lead this case through to conclusion for all the plaintiffs impacted by the Bank's conduct. *Id.*

Gustafson Gluek's commitment to providing the resources necessary to effectively prosecute this action is equally matched by the Firm's commitment to judiciously be accountable for a detailed accounting of time, attorney staffing, hotel, and travel accommodations. *Id.*, ¶ 25. As the Firm has done in several cases before, Gustafson Gluek will implement extensive protocols to ensure costs and fees are not excessive and are contemporaneously recorded and reviewed. *Id.* These protocols will ensure Gustafson Gluek complies with the letter, and spirit of, the guidelines this Court set forth in its January 18, 2023 Order. *See* Master ECF No. 102, ¶ 13(a)-(h).

*Fourth*, as mentioned, courts may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. *Supra* III. One matter that is directly pertinent is how, or whether at all, counsel has sought to protect the interests of the entire class to date. Central to their theory of the case, *Braxton* counsel—on multiple occasions—notified this Court that they do not want to protect the interests of all putative class members. *See Braxton* ECF No. 45, p. 1 (Plaintiffs notifying this Court that their lawyers do "**not** seek to be appointed interim counsel for prospective borrowers who were allegedly discriminated against

outside of the refinancing process . . . nor do they seek to represent non-Black homeowners allegedly discriminated against on grounds of race.").

Now that this Court seeks interim lead counsel to represent the interests of *all* putative plaintiffs in this matter, as a result of full consolidation, this Court should consider only leadership applicants who have expressed a willingness and desire to protect the interests of *all* putative plaintiffs at all points in this litigation. If this Court recognizes such a consideration, this would heavily weigh in favor of appointing Ms. Williams and Mr. Amara as lead counsel for this putative class. By *Braxton* counsel's own admission, the *Perkins* Plaintiffs, and their counsel, pleaded the "largest and broadest" putative class to protect the interests of all. *See* 10/20/22 Hearing Tr. 9:14–15. From the beginning, Ms. Williams and Mr. Amara have sought to protect the largest group of plaintiffs allegedly harmed. This Court should recognize this as a consideration and weigh it heavily in favor of their appointment.

**B. Alternatively, This Court Should Appoint an Interim Counsel Structure That Includes Gustafson Gluek, Among Others.**

Although the *Perkins* Plaintiffs seek to have Ms. Williams and Mr. Amara appointed as sole interim lead counsel, the *Perkins* Plaintiffs, and their counsel, remain open to serving in a co-lead counsel capacity with any other firm this Court sees fit.

**V.   CONCLUSION**

For the aforementioned reasons, the *Perkins* Plaintiffs respectfully renew their request that the Court appoint Ms. Williams and Mr. Amara of Gustafson Gluek as interim lead counsel for the putative plaintiff class in this consolidated action.

Dated: February 13, 2023  Respectfully submitted,

*/s/ Amanda M. Williams*
Amanda M. Williams
Abou B. Amara, Jr.
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
awilliams@gustafsongluek.com
aamara@gustafsongluek.com

Dennis Stewart
**GUSTAFSON GLUEK PLLC**
600 W. Broadway
Suite 3300
San Diego, CA 92101
Tel: (612) 333-8844
dstewart@gustafsongluek.com

**Attorneys for Plaintiffs Elretha Perkins and Laronica Johnson and the *Perkins* Plaintiffs' Proposed Interim Lead Counsel for the Putative Plaintiff Class.**