UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE DISCRIMINATION LITIGATION | Case No. 3:22-cv-00990-JD<br><br>**ORDER RE INTERIM LEAD CLASS COUNSEL** |

Attorneys for plaintiffs have filed applications for appointment as interim lead class counsel. Dkt. Nos. 103, 104, 106. While it is not the Court's regular practice to appoint interim lead counsel at such an early stage of the litigation, there are efficiencies to be gained from an appointment in a consolidated case of this potential scope. The lead counsel applications are suitable for decision without oral argument, *see* Civil Local Rule 7-1(b), and the Court makes the following appointment pursuant to Federal Rule of Civil Procedure 23(g)(3).

**INTERIM LEAD CLASS COUNSEL**

1. Overall, the applications presented attorneys and law firms with impressive qualifications and a commitment to vigorous representation of the putative consumer class or classes, as the case may be. Dennis S. Ellis of Ellis George Cipollone O'Brien Annaguey LLP is appointed as interim lead class counsel. The record before the Court indicates that attorney Ellis and his firm are experienced in handling class actions and other complex litigation, and have invested significant resources in investigating and developing plaintiffs' claims. Some of the other plaintiffs' counsel have supported Ellis's application. *See* Dkt. No. 105.

2. The related cases have been consolidated into a single action and plaintiffs will file a consolidated complaint on behalf of all Wells Fargo customers who allege that they have been discriminated against with respect to residential mortgages and refinances. *See* Dkt. No. 102 at 2. Attorney Ellis will serve as interim lead counsel for all claims irrespective of the bank products involved (original loan or refinancing), or race or ethnicity of the loan applicants.

3. Based on long experience, the Court generally disfavors the use of "steering" and "executive" committees for plaintiffs, or the designation of "liaison" positions and the like. These arrangements are often not in the best interests of the putative class. Even so, attorney Ellis may establish a committee that includes other counsel to help run the litigation. If such a committee is created, it should be structured and staffed to serve the best interests of the putative class members, and the fair and efficient management of the case.

## AUTHORITY AND RESPONSIBILITIES

4. Interim lead counsel has complete authority over, and responsibility for, the representation of the putative class or classes. This includes, without limitation: (1) the initiation, response, scheduling, briefing, and argument related to all pleadings or motions; (2) the scope, order, and conduct of all discovery proceedings; (3) retaining common experts; (4) designating the appearance of plaintiffs' counsel at hearings and conferences; (5) leading common settlement negotiations and entering into prospective agreements with Wells Fargo; (6) receiving and distributing among plaintiffs' counsel, as appropriate, notice of all Court orders and notices of pretrial conferences and acting as the primary contact between the Court and plaintiffs' counsel; (7) establishing and maintaining a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel; (8) establishing and maintaining a current master service list of counsel of record; (9) establishing procedures for submitting and reviewing periodic time and expense reports of plaintiffs' counsel to determine if the time and expenses are being spent appropriately and for the benefit of the putative class, including providing periodic reports to the Court if requested; and (10) all other pre-trial matters concerning the efficient and economical conduct of the consolidated action.

5. Interim lead counsel also has complete authority over, and responsibility for: (1) assigning work to other plaintiffs' counsel, as may be appropriate and in the putative class's best interest; (2) implementing time and expense recordkeeping policies; (3) collecting time and expense reports from all plaintiffs' counsel on a monthly basis; (4) acting as the treasurer for any litigation fund assessments and expenses; and (5) otherwise ensuring that plaintiffs' counsel not

perform common benefit work, bill for unnecessary read and review time, or attend hearings, depositions, or other events without interim lead counsel's authorization.

6. Wells Fargo and its counsel may rely on the conduct and representations of interim lead counsel on behalf of the putative class for any issue in the litigation.

## FEES, COSTS, AND EXPENSES

7. Interim lead counsel is expected to be vigilant in ensuring the efficient and economical prosecution of this matter. A request for an award of fees and costs may be based only on records that were prepared as the fees and costs were incurred. A prolonged forensic accounting exercise or a mini-trial on fees and costs are to be avoided. To that end, interim lead counsel will ensure that the following practices are adhered to by all counsel who perform work on behalf of the putative class:

    a. At the close of each calendar month, interim lead counsel will make sure that all time has been entered by all timekeepers in final form. By 14 days after each month's end, interim lead counsel will ensure that a bill for the prior month is finalized, reflecting lead counsel's review of the billing records and any write-downs or write-offs by interim lead counsel for inefficiencies, duplication of effort, misjudgments in staffing, and the like. These final bills will be kept by lead counsel for each month, and may not be altered. Only these records, prepared contemporaneously with the expenditures, may be used for a fees and costs motion.

    b. Time will be recorded in one-tenths of an hour.

    c. Block-billing time records are not permitted. Time must instead be recorded by task. For example, an attorney may not record "7.8 hours" for "work on motion to dismiss opposition." Instead, the attorney must break out the 7.8 hours specifying the amount of time spent for each specific task performed, e.g., "review and analyze motion to dismiss brief (1.3); team meeting regarding arguments for opposition (.8); legal research re X argument (3.3); draft X section of opposition brief (2.4)."

3

    d. Interim lead counsel is free to make staffing decisions as they deem appropriate, but the Court will not permit fees to be recovered for multiple attorneys performing duplicative work. For example, barring an unusual circumstance, only one lawyer should attend a deposition when defending it, and no more than two lawyers should attend when taking a deposition. The Court will not permit the recovery of fees for every attorney from every firm to review each discovery request and response, motion, letter, e-mail, etc. in the case. While each attorney should stay informed about the litigation, only the attorneys designated by interim lead counsel to review or summarize pleadings, orders, and communications are working for the common benefit of the putative class, and only their time will be considered for possible payment at the conclusion of this case.

    e. Air travel of less than six hours should be in coach class. Travel exceeding six hours of flight time may be booked in business class. In all cases, flights should be booked at the lowest available fare.

    f. When overnight travel is necessary, counsel should be mindful in selecting reasonable hotel accommodations and restaurants. Per diem expenses for travel days should not exceed $125 per person exclusive of lodging and transportation.

    g. Failure to adhere to these guidelines -- or the spirit animating them -- will result in the exclusion of consideration for the relevant fee or cost request.

8. Plaintiffs are directed to file an amended, consolidated complaint by March 24, 2023.

**IT IS SO ORDERED.**

Dated: February 22, 2023

_____
JAMES DONATO
United States District Judge

4