1  Amanda L. Groves (SBN: 187216)
   agroves@winston.com
2  Winston & Strawn LLP
   333 S. Grand Avenue, 38th Floor
3  Los Angeles, CA 90071
   Telephone: (213) 615-1700
4  Facsimile: (213) 615-1750

5  Alicia A. Baiardo (SBN: 254228)
   abaiardo@mcguirewoods.com
6  McGuire Woods LLP
   Two Embarcadero Center
7  Suite 1300
   San Francisco, CA 94111-3821
8  Telephone: (415) 844-9944
   Facsimile: (415) 844-9922
9

10 *(Additional Counsel on Signature Page)*

11 Attorneys for Defendant
   WELLS FARGO BANK, N.A.

12

13              **UNITED STATES DISTRICT COURT**
           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
14

15 *In re Wells Fargo Mortgage*          Case No. 3:22-CV-00990-JD
   *Discrimination Litigation*
16                                        Hon. James Donato

17                                        **DEFENDANT WELLS FARGO BANK, N.A.'S
                                          ANSWER TO PLAINTIFFS' AMENDED AND
18                                        CONSOLIDATED CLASS ACTION
                                          COMPLAINT**
19

20

21        Defendant Wells Fargo Bank, N.A. ("Wells Fargo Bank")[1] hereby answers the Amended

22 Class Action Complaint ("Amended Complaint") filed by Plaintiffs Aaron Braxton, Paul Martin, Gia

23 Gray, Bryan Brown, Elretha Perkins, Christopher Williams, Ifeoma Ebo, and Terah Kuykendall-

24 Montoya (collectively, "Plaintiffs").

25        Plaintiffs allege that they were discriminated against by Wells Fargo Bank's residential

26 ─────────────────────

27 [1] Pursuant to stipulation (Dkt. 119), Wells Fargo & Company and Wells Fargo Home Mortgage Inc.
   have been dismissed without prejudice as defendants to this action.

28 ─────────────────────────────────────────
                              1

mortgage practices.  They maintain that they represent a class of similarly situated persons that have been harmed by discrimination against minority customers throughout Wells Fargo Bank's lending process.

Wells Fargo Bank vigorously denies the allegations.  Wells Fargo Bank is confident that it follows relevant government-sponsored enterprise guidelines in its decision-making regarding home lending and its underwriting practices are consistently applied regardless of a customer's race or ethnicity.

Moreover, Wells Fargo Bank has a strong history of supporting minorities in achieving their homeownership goals.  For example, from 2011-2020, Wells Fargo Bank helped as many Black families purchase homes as the next three largest bank lenders combined.  Additionally, in 2020, Wells Fargo Bank was the largest bank lender for home mortgages to Black families and helped more Black homeowners refinance their mortgages than any other bank.

## WELLS FARGO BANK'S ANSWER TO SPECIFIC ALLEGATIONS

1.     Answering paragraph 1, Wells Fargo Bank denies that it used race-based exclusions to deny minorities access to the financial benefits of homeownership.

2.     Answering paragraph 2, Wells Fargo Bank denies that it used race-based exclusions to deny minorities access to the financial benefits of homeownership.

3.     Answering paragraph 3, Wells Fargo Bank denies that it engaged in "race-based gatekeeping practices like redlining and restrictive covenants" or that it engaged in "discrimination in the realm of homeownership."

4.     Answering paragraph 4, Wells Fargo Bank admits that home loan interest rates reached historic lows in 2020 and 2021.  Wells Fargo Bank denies that it discriminates against minority customers in the home lending process.

5.     Answering paragraph 5, Wells Fargo Bank denies the allegations, and further states that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants

1    and home mortgage borrowers.

2        6.      Answering paragraph 6, Wells Fargo Bank denies the allegations, and further states

3    that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank

4    specifically denies that its policies and practices discriminate against minority home loan applicants

5    and home mortgage borrowers.  Further, from 2011-2020, Wells Fargo Bank helped as many Black

6    families purchase homes as the next three largest bank lenders combined.[2]  Additionally, in 2020,

7    Wells Fargo was the largest bank lender for home mortgages to Black families and helped more

8    Black homeowners refinance their mortgages than any other bank.

9        7.      Answering paragraph 7, Wells Fargo Bank denies the allegations, and further states

10   that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank

11   specifically denies that its policies and practices discriminate against minority home loan applicants

12   and home mortgage borrowers.  Further, from 2011-2020, Wells Fargo Bank helped as many Black

13   families purchase homes as the next three largest bank lenders combined.[3]   Additionally, in 2020,

14   Wells Fargo was the largest bank lender for home mortgages to Black families and helped more

15   Black homeowners refinance their mortgages than any other bank.

16       8.      Answering paragraph 8, Wells Fargo Bank admits that statisticians use standard

17   deviations to evaluate statistical disparities.  Wells Fargo Bank denies the remaining allegations, and

18   further states that the conclusion is flawed as stated because it is based on false reasoning.  Wells

19   Fargo Bank specifically denies that its policies and practices discriminate against minority home

20   loan applicants and home mortgage borrowers.

21       9.      Answering paragraph 9, Wells Fargo Bank denies the allegations, and further states

22   that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank

23   specifically denies that its policies and practices discriminate against minority home loan applicants

24   and home mortgage borrowers.  Further, from 2011-2020, Wells Fargo Bank helped as many Black

25

26   [2] https://newsroom.wf.com/English/news-releases/news-release-details/2022/Wells-Fargo-Expands-Efforts-to-Advance-Racial-Equity-in-Homeownership/default.aspx

27   [3] Id.

families purchase homes as the next three largest bank lenders combined.[4]   Additionally, in 2020, Wells Fargo was the largest bank lender for home mortgages to Black families and helped more Black homeowners refinance their mortgages than any other bank.

10.     Answering paragraph 10, Wells Fargo Bank denies the allegations, and further states that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

11.     Answering paragraph 11, Wells Fargo Bank denies the allegations, and further states that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.  Further, from 2011-2020, Wells Fargo Bank helped as many Black families purchase homes as the next three largest bank lenders combined.[5]   Additionally, in 2020, Wells Fargo was the largest bank lender for home mortgages to Black families and helped more Black homeowners refinance their mortgages than any other bank.

12.     Answering paragraph 12, Wells Fargo Bank denies the allegations, and further states that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

13.     Answering paragraph 13, Wells Fargo Bank denies the allegations, and further states that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.  Further, from 2011-2020, Wells Fargo Bank helped as many Black families purchase homes as the next three largest bank lenders combined.[6]   Additionally, in 2020, Wells Fargo was the largest bank lender for home mortgages to Black families and helped more

[4] *Id.*
[5] *Id.*
[6] *Id.*

Black homeowners refinance their mortgages than any other bank.

14.     Answering paragraph 14, Wells Fargo Bank denies the allegations, and further states that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers and denies that it has forced minority homeowners into foreclosure.

15.     Answering paragraph 15, Wells Fargo Bank denies the allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

16.     Answering paragraph 16, Wells Fargo Bank denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

17.     Answering paragraph 17, Wells Fargo Bank admits the existence and use of CORE, but otherwise denies the allegations.

18.     Answering paragraph 18, Wells Fargo Bank denies the allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

19.     Answering paragraph 19, Wells Fargo Bank denies the allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

20.     Answering paragraph 20, Wells Fargo Bank denies the allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

21.     Answering paragraph 21, Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

22.     Answering paragraph 22, Wells Fargo Bank admits only the existence of the document referenced in footnote 16 of the Amended and Consolidated Class Action Complaint.  The contents of that document speak for themselves.  To the extent the allegations of this paragraph

contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.  Further, Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

23.     Answering paragraph 23, Wells Fargo denies the allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.  Wells Fargo Bank also specifically denies that Plaintiffs were subjected to race discrimination in connection Wells Fargo Bank's home lending process.  Further, Wells Fargo Bank denies that these claims are suitable for class treatment and denies that Plaintiffs are entitled to any relief.

24.     Answering paragraph 24, Wells Fargo Bank responds that the allegations are legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo Bank does not challenge the subject matter jurisdiction of this Court.  As to the allegations in paragraph 23 that are directed to Wells Fargo & Company and Wells Fargo Home Mortgage, Inc., those defendants have been dismissed from this action.  As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

25.     Answering paragraph 25, Wells Fargo Bank responds that the allegations are legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo Bank admits that it transacts business in the State of California.  As to the allegations in paragraph 24 that are directed to Wells Fargo & Company and Wells Fargo Home Mortgage, Inc., those defendants have been dismissed from this action and no response from Wells Fargo Bank is required.

26.     Answering paragraph 26, Wells Fargo Bank responds that the allegations are legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo Bank does not challenge the venue of this Court, but otherwise denies the allegations in the paragraph and specifically denies that its practices and policies are discriminatory.

27. Answering paragraph 27, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

28. Answering paragraph 28, Wells Fargo Bank denies that Mr. Braxton was subjected to racial discrimination. As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

29. Answering paragraph 29, Wells Fargo Bank admits that it services Mr. Braxton's mortgage loan. Wells Fargo Bank denies that Mr. Braxton purchased his property with a Wells Fargo home mortgage insured by the Federal Housing Administration (FHA) and denies that Mr. Braxton always made his mortgage payments on time. As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

30. Responding to paragraph 30, Wells Fargo Bank denies that Mr. Braxton sought to refinance his home mortgage loans in 2019, denies that it "consistently obstructed the [refinance] process," denies that it "was focused more on his race and the location of his home within a historically Black Los Angeles neighborhood, and used the fact of his race and the location of his home to delay, obstruct and deny him the full benefits of historically low home mortgage interest." Wells Fargo Bank also denies that Mr. Braxton timely paid his loans for more than 18 years and denies that Mr. Braxton was subjected to racial discrimination. As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

31. Responding to paragraph 31, Wells Fargo Bank denies the allegations. Further, Wells Fargo states that Mr. Braxton was placed in a temporary forbearance between October 2019 and May 2020 and that he opted out of COVID forbearance on May 7, 2020, and asked to be continued with a full loan modification review, which was approved. Mr. Braxton completed his trial payment plan successfully, and his first-position mortgage loan was permanently modified in October 2020, resulting in an interest rate reduction from 6% to 3.375%, and monthly payment reduction from

approximately $1,075 to $532.  Mr. Braxon's home equity line of credit was permanently modified in December 2020, fixing the interest rate at 4.8% and his monthly payment at $464.09.

32.     Answering paragraph 32, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

33.     Answering paragraph 33, Wells Fargo Bank denies that Mr. Martin applied to refinance a loan secured by a property in Los Angeles, California in 2020.  As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

34.     Answering paragraph 34, Wells Fargo Bank denies that it demanded that Mr. Martin first apply for a home equity line of credit (HELOC), before it would consider him for a loan refinance.  Wells Fargo Bank further denies that it would not give Mr. Martin a home equity line or credit or refinance his loan unless Mr. Martin could get his home appraised for $2 million, and denies that the appraiser refused to come inside Mr. Martin's home.  Wells Fargo Bank further states that Mr. Martin applied for a home equity line of credit in March 2020, that the appraiser assigned a value of $1.9 million to the subject property, and that the appraiser complied with applicable COVID-19 healthy and safety protocols.  Further, Wells Fargo Bank states that it approved Mr. Martin for a home equity line of credit but Mr. Martin withdrew his request in June 2020.  Wells Fargo Bank denies that Mr. Martin was subjected to racial discrimination.  As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

35.     Answering paragraph 35, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

36.     Answering paragraph 36, Wells Fargo Bank denies that Dr. Gray was subjected to racial discrimination and denies that Dr. Gray applied to refinance multiple loans.  As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

37.     Answering paragraph 37, Wells Fargo Bank denies that Dr. Gray and Mr. Gray applied to refinance the loans secured by the Stockton, California and Chicago, Illinois properties and denies that Mr. Gray is a co-borrower on the loan secured by the property in Chicago, Illinois. As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

38.     Answering paragraph 38, Wells Fargo Bank admits that the Grays refinanced the loan secured by property in Danville, California in June 2020.  Wells Fargo denies that Dr. and Mr. Gray were subjected to racial discrimination and denies that it refused to accept an application for the homes in Chicago and Stockton and denies that the Grays were denied refinancing on those properties.  As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

39.     Responding to paragraph 39, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

40.     Answering paragraph 40, Wells Fargo Bank denies that Mr. Brown was subjected to racial discrimination.  As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

41.     Answering paragraph 41, Wells Fargo Bank denies that Mr. Brown purchased a multi-unit home in December 2010 with a Wells Fargo home mortgage.  As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

42.     Answering paragraph 42, Wells Fargo Bank admits that Mr. Brown submitted an application to refinance his loan in October 2020.  As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

43.     Answering paragraph 43, Wells Fargo Bank denies the allegations.  Further, Wells Fargo Bank denies that Mr. Brown was subjected to racial discrimination.

9

DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFFS'
AMENDED AND CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:22-CV-00990-JD

1    44.    Answering paragraph 44, Wells Fargo Bank admits the allegations.

2    45.    Answering paragraph 45, Wells Fargo Bank admits that it services Ms. Perkins' loan.

3    As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form

4    a belief as to the truth of the allegations, and on that basis, denies them.

5    46.    Answering paragraph 46, Wells Fargo Bank denies that Ms. Perkins was subjected to

6    racial discrimination.  As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge

7    or information to form a belief as to the truth of the allegations, and on that basis, denies them.

8    47.    Answering paragraph 47, Wells Fargo Bank denies that Ms. Perkins consistently

9    made payments on her home loan.  Wells Fargo Bank further denies that Ms. Perkins' "refinance

10   application was subjected to delay, pretextual excuses and overt acts of discrimination." Further,

11   Wells Fargo Bank denies that it required Ms. Perkins to apply for a "hardship" modification in order

12   to refinance her home equity line of credit.  Wells Fargo Bank denies that it required Ms. Perkins to

13   "approach third party entities to simply make payments on her HELOC."  Wells Fargo Bank further

14   denies that it gave Ms. Perkins "the runaround" and that Ms. Perkins' refinance application faced

15   delays.  As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information

16   to form a belief as to the truth of the allegations, and on that basis, denies them.

17   48.    Answering paragraph 48, Wells Fargo Bank admits that Mr. Williams applied for a

18   home equity line of credit.  Wells Fargo Bank denies that Mr. Williams was subjected to racial

19   discrimination.  As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge or

20   information to form a belief as to the truth of the allegations, and on that basis, denies them.

21   49.    Answering paragraph 49, Wells Fargo Bank denies that it has a pattern of

22   discriminating against Black and/or African American borrowers, and further denies that Mr.

23   Williams was subjected to racial discrimination in connection with his HELOC application or that he

24   was offered an interest rate higher than that offered to similarly situated white applicants, because of

25   his race.  Wells Fargo Bank specifically denies that it was provided a credit score of over 750 by the

26   relevant credit reporting agency in connection with Mr. Williams' HELOC application.  As to all

27

28

remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

50.     Answering paragraph 50, Wells Fargo Bank admits that Mr. Williams requested that Wells Fargo Bank recheck his credit report and requested that it offer him a lower interest rate. Wells Fargo Bank denies that it refused to reconsider his credit score or his interest rate.

51.     Answering paragraph 51, Wells Fargo Bank denies the allegations.  Specifically, Wells Fargo Bank denies that it discriminates against Black or African American home loan applicants.

52.     Answering paragraph 52, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

53.     Answering paragraph 53, Wells Fargo Bank admits that Ms. Ebo submitted an application for a mortgage loan in connection with the Brooklyn property.  As to the remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

54.     Answering paragraph 54, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

55.     Answering paragraph 55, Wells Fargo Bank admits that it pre-approved Ms. Ebo's application on October 27, 2021, subject to her satisfying all conditions.

56.     Answering paragraph 56, Wells Fargo Bank denies that Ms. Ebo satisfied all conditions or that she provided all of the documentation and information required to render a final decision on her application.

57.     Answering paragraph 57, Wells Fargo Bank denies the allegations.

58.     Answering paragraph 58, Wells Fargo Bank denies the allegations.

59.     Answering paragraph 59, Wells Fargo Bank admits the allegations.

60.     Answering paragraph 60, Wells Fargo Bank denies the allegations.

61.     Answering paragraph 61, Wells Fargo Bank denies the allegations.

62.     Answering paragraph 62, Wells Fargo Bank denies that it made duplicative and unnecessary requests for documentation.  Wells Fargo Bank admits that, as of February 24, 2022, Ms. Ebo's application had not received final approval, due to her failure to submit the documentation required to render a final decision on her application.

63.     Answering paragraph 63, Wells Fargo Bank denies the allegations.

64.     Answering paragraph 64, Wells Fargo Bank denies that Ms. Ebo complied with its reasonable requests for documentation to substantiate her qualifications.  Wells Fargo Bank admits that, as of March 22, 2022, Ms. Ebo's application had not received final approval, due to her failure to submit the documentation required to render a final decision on her application.  Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 64, and on that basis, denies them.

65.     Answering paragraph 65, Wells Fargo Bank admits that the seller canceled the purchase contract, upon information and belief, and that Ms. Ebo informed it of the cancellation. Wells Fargo Bank denies the remaining allegations in paragraph 65.

66.     Answering paragraph 66, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

67.     Answering paragraph 67, Wells Fargo Bank admits that Ms. Kuykendall-Montoya applied to refinance an existing Wells Fargo loan.  As to the remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

68.     Answering paragraph 68, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

69.     Answering paragraph 69, Wells Fargo Bank denies that Ms. Kuykendall-Montoya's application was denied on a pretextual basis.  As to the remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

70.     Answering paragraph 70, Wells Fargo Bank admits that it is a national banking association chartered in South Dakota and that it has employees located in the Northern District of California.  Wells Fargo Bank denies the remaining allegations in paragraph 70.

71.     Answering paragraph 71, Wells Fargo Home Mortgage, Inc. has been dismissed as a defendant in this action and no response from Wells Fargo Bank is required.

72.     Answering paragraph 72, Wells Fargo Bank admits that it is a subsidiary of Wells Fargo & Company.  As to the allegations in paragraph 48 that are directed to Wells Fargo & Company, it has been dismissed as a defendant in this action and no response from Wells Fargo Bank is required.

73.     Answering paragraph 73, Wells Fargo Bank denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

74.     Answering paragraph 74, Wells Fargo Bank admits only the existence of the document referenced in footnote 21 of the Amended and Consolidated Class Action Complaint.  The contents of that document speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.

75.     Answering paragraph 75, Wells Fargo Bank admits only the existence of the document referenced in footnote 21 of the Amended and Consolidated Class Action Complaint.  The contents of that document speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.

76.     Answering paragraph 76, Wells Fargo Bank admits only the existence of the document referenced in footnote 22 of the Amended and Consolidated Class Action Complaint.  The contents of that document speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.

77.     Answering paragraph 77, Wells Fargo Bank admits only the existence of the document referenced in footnote 23 of the Amended and Consolidated Class Action Complaint.  The contents of that document speak for themselves.  To the extent the allegations of this paragraph

contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.

78.     Answering paragraph 78, Wells Fargo Bank admits only the existence of the documents referenced in footnotes 24–27 of the Amended and Consolidated Class Action Complaint.  The contents of those documents speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said documents, Wells Fargo Bank denies those allegations.

79.     Answering paragraph 79, Wells Fargo Bank admits only the existence of the referenced legislation and executive order, the contents of which speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said legislation and executive order, Wells Fargo denies those allegations.

80.     Answering paragraph 80, Wells Fargo Bank admits only the existence of the referenced legislation, the contents of which speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said legislation, Wells Fargo denies those allegations.

81.     Answering paragraph 81, Wells Fargo Bank admits only the existence of the documents referenced in footnotes 28 and 29 of the Amended and Consolidated Class Action Complaint.  The contents of those documents speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said documents, Wells Fargo Bank denies those allegations.

82.     Answering paragraph 82, Wells Fargo Bank admits only the existence of the documents referenced in footnotes 30–31 of the Amended and Consolidated Class Action Complaint.  The contents of those documents speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said documents, Wells Fargo Bank denies those allegations.

83.     Answering paragraph 83, Wells Fargo Bank denies the allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

84.     Answering paragraph 84, Wells Fargo Bank denies the allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

85.     Answering paragraph 85, Wells Fargo Bank admits the existence of a written settlement agreement in connection with *United States v. Wells Fargo Bank, N.A.*, Case No.: 1:12-cv-01150 (D.D.C).  The contents of that document speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said document, Wells Fargo Bank denies those allegations, and further denies that it discriminates against Black, African American, and/or Hispanic customers in the home lending process.  As to the remaining allegations, Wells Fargo Bank denies them.

86.     Answering paragraph 86, Wells Fargo Bank admits the existence of complaint entitled *City of Oakland v. Wells Fargo Bank, N.A.*, Case No.: 3:15-cv-04321 (N.D. Cal.).  The contents of that document speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.  Wells Fargo Bank denies the allegations in said document and further denies that it discriminates against minority customers in the home lending process.  As to the remaining allegations, Wells Fargo Bank denies them.

87.     Answering paragraph 87, Wells Fargo Bank admits the existence of complaint entitled *City of Oakland v. Wells Fargo Bank, N.A.*, Case No.: 3:15-cv-04321 (N.D. Cal.).  The contents of that document speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.  Wells Fargo Bank denies the allegations in said document and further denies that it discriminates against Black and/or African American customers in the home lending process.  As to the remaining allegations, Wells Fargo Bank denies them.

88.     Answering paragraph 88, Wells Fargo Bank admits the existence of complaint entitled *City of Oakland v. Wells Fargo Bank, N.A.*, Case No.: 3:15-cv-04321 (N.D. Cal.) and the

order referenced in footnote 38–40 of the Amended and Consolidated Class Action Complaint.  The contents of those document speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said documents, Wells Fargo Bank denies those allegations.  Wells Fargo Bank denies the allegations in said documents and further denies that it discriminates against minority customers in the home lending process.  As to the remaining allegations, Wells Fargo Bank denies them.

89.     Answering paragraph 89, Wells Fargo Bank admits the existence of complaint entitled *Cnty. of Cook v. Wells Fargo & Co.,* Case No.: 14-C-9548-GF (N.D. Ill).  The contents of that document speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.  Wells Fargo Bank denies the allegations in said document and further denies that it discriminates against minority customers in the home lending process.  Wells Fargo Bank further states that the court granted summary judgment in Wells Fargo Bank's favor.  As to the remaining allegations, Wells Fargo Bank denies them.

90.     Answering paragraph 90, Wells Fargo Bank admits the existence of a written settlement agreement in connection with *City of Philadelphia v. Wells Fargo & Co., et al.*, No. 2:17-cv-02203-AB (E.D. Pa. 2019).  The contents of that document speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.  In reaching a settlement in *City of Philadelphia*, Wells Fargo strongly disputed the allegations made by the city in the lawsuit and did not admit any liability in the agreement.  Wells Fargo Bank further denies that it discriminates against minority customers in the home lending process. As to the remaining allegations, Wells Fargo Bank denies them.

91.     Answering paragraph 91, Wells Fargo Bank admits that home interest rates reached historic lows in 2020 and 2021 and that many homeowners sought to refinance their loans or purchase homes.  As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

1    92.   Answering paragraph 92, Wells Fargo Bank denies the allegations.  Wells Fargo

2    Bank further denies that it discriminates against minority customers in the home lending process.

3    93.   Answering paragraph 93, Wells Fargo Bank admits that it executed an agreement

4    with Blend Labs, Inc.  The contents of that document speak for themselves.  To the extent the

5    allegations of this paragraph contradict or mischaracterize said document, Wells Fargo Bank denies

6    those allegations.

7    94.   Answering paragraph 94, Wells Fargo Bank denies the allegations.  Wells Fargo

8    Bank further denies that it discriminates against minority customers or against "applicants without

9    technical sophistication" in the home lending process.

10   95.   Answering paragraph 95, Wells Fargo Bank denies the allegations.  Wells Fargo

11   Bank further denies that it discriminates against minority customers in the home lending process.

12   96.   Answering paragraph 96, Wells Fargo Bank denies the allegations.  Wells Fargo

13   Bank further denies that it discriminates against minority customers in the home lending process.

14   97.   Answering paragraph 97, Wells Fargo Bank denies the allegations.  Wells Fargo

15   Bank further denies that it discriminates against minority customers in the home lending process.

16   98.   Answering paragraph 98, Wells Fargo Bank denies the allegations.  Wells Fargo

17   Bank further denies that it discriminates against minority customers in the home lending process and

18   denies that applicants are required to disclose their ethnicity, race, and/or gender in connection with

19   the home lending process.

20   99.   Answering paragraph 99, Wells Fargo Bank denies the allegations.  Wells Fargo

21   Bank further denies that it discriminates against minority customers in the home lending process and

22   denies that applicants are required to disclose their ethnicity, race, and/or gender in connection with

23   the home lending process.

24   100.   Answering paragraph 100, Wells Fargo Bank admits the existence and use of CORE,

25   but otherwise denies the allegations.  Wells Fargo Bank further denies that it discriminates against

26   minority customers in the home lending process and denies that minority refinance applicants were

27

28

systematically slotted by CORE into C1 and C2 categories.

101.    Answering paragraph 101, Wells Fargo Bank denies that it discriminates against minority customers in the home lending process and denies that its underwriters are not sufficiently trained.  As to all remaining allegations, Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

102.    Answering paragraph 102, Wells Fargo Bank admits the existence of the document referenced in footnotes 47 and 48 of the Amended and Consolidated Class Action Complaint.  The contents of that document speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.  Wells Fargo Bank further denies that it discriminates against minority customers in the home lending process or that it uses algorithms that prevent consumers from participating in a fair and competitive market free from bias.

103.    Answering paragraph 103, Wells Fargo Bank admits the existence of the document referenced in footnote 49 of the Amended and Consolidated Class Action Complaint.  The contents of that document speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.  Wells Fargo Bank further denies that it discriminates against minority customers in the home lending process.

104.    Answering paragraph 104, Wells Fargo Bank denies the allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

105.    Answering paragraph 105, Wells Fargo Bank denies the allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

106.    Answering paragraph 106, Wells Fargo Bank denies the allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

107.     Answering paragraph 107, Wells Fargo Bank denies the allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

108.     Answering paragraph 108, Wells Fargo Bank admits the existence of the document referenced in footnote 50 of the Amended and Consolidated Class Action Complaint.  The contents of that document speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.  Wells Fargo Bank further denies that it discriminates against minority customers in the home lending process.

109.     Answering paragraph 109, Wells Fargo Bank denies the allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

110.     Answering paragraph 110, Wells Fargo Bank denies the allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

111.     Answering paragraph 111, Wells Fargo Bank admits the existence of the document referenced in footnotes 54 and 55 of the Amended and Consolidated Class Action Complaint.  The contents of that document speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

112.     Answering paragraph 112, Wells Fargo Bank denies the allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority American home loan applicants and home mortgage borrowers.

113.     Answering paragraph 113, Wells Fargo Bank admits the existence of the document referenced in footnote 56 of the Amended and Consolidated Class Action Complaint.  The contents of that document speak for themselves.  To the extent the allegations of this paragraph contradict or

mischaracterize said document, Wells Fargo Bank denies those allegations.  Wells Fargo Bank denies the remaining allegations in paragraph 113 and specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

114.    Answering paragraph 114, Wells Fargo Bank admits the existence of the document referenced in footnotes 57 and 58 of the Amended and Consolidated Class Action Complaint.  The contents of that document speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.  Wells Fargo Bank denies the remaining allegations in paragraph 114 and specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

115.    Answering paragraph 115, Wells Fargo Bank admits the existence of the document referenced in footnote 59 of the Amended and Consolidated Class Action Complaint.  The contents of that document speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.  Wells Fargo Bank denies the remaining allegations in paragraph 115 and specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

116.    Answering paragraph 116, Wells Fargo admits the existence of the document referenced in footnotes 60–65 of the Amended and Consolidated Class Action Complaint.  The contents of that document speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.  Wells Fargo Bank denies the remaining allegations in paragraph 116 and specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

117.    Answering paragraph 117, Wells Fargo admits the existence of the document referenced in footnotes 60–65 of the Amended and Consolidated Class Action Complaint.  The contents of that document speak for themselves.  To the extent the allegations of this paragraph

contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.  Wells Fargo Bank denies the remaining allegations in paragraph 117 and specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

118.     Answering paragraph 118, Wells Fargo admits the existence of the document referenced in footnotes 60–65 of the Amended and Consolidated Class Action Complaint.  The contents of that document speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said document, Wells Fargo Bank denies those allegations.  Wells Fargo Bank denies the remaining allegations in paragraph 118 and specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

119.     Answering paragraph 119, Wells Fargo admits the existence of the documents referenced in footnotes 60–65 and 66 of the Amended and Consolidated Class Action Complaint. The contents of those documents speak for themselves.  To the extent the allegations of this paragraph contradict or mischaracterize said documents, Wells Fargo Bank denies those allegations. Wells Fargo Bank denies the remaining allegations in paragraph 119 and specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

120.     Answering paragraph 120, Wells Fargo Bank denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

121.     Answering paragraph 121, Wells Fargo Bank denies the allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

122.     Answering paragraph 122, Wells Fargo Bank denies the allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

123.     Answering paragraph 123, Wells Fargo Bank denies the allegations.  Wells Fargo Bank specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

124.     Answering paragraph 124, Wells Fargo also admits that it prepared and distributed certain reports on a monthly basis.  Wells Fargo Bank denies the remaining allegations and specifically denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

125.     Answering paragraph 125, Wells Fargo denies the allegations.  Wells Fargo Bank denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

126.     Answering paragraph 126, Wells Fargo Bank denies the allegations and further states that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

127.     Answering paragraph 127, Wells Fargo Bank denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.  The remaining allegations are legal conclusions to which no response is required.

128.     Answering paragraph 128, Wells Fargo denies the allegations, and further states that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank further denies that its policies and practices discriminate against minority home loan applicants and home mortgage borrowers.

129.     Answering paragraph 129, Wells Fargo Bank denies the allegations, and further states that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank further denies that it discriminates against minority customers in the home lending process.

130.     Answering paragraph 130, Wells Fargo Bank denies the allegations, and further states that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank

1   further denies that it discriminates against minority customers in the home lending process.

2         131.    Answering paragraph 131, Wells Fargo Bank denies the allegations, and further states

3   that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank

4   denies that the percentages reflect a comparison between similarly situated Black/African American

5   borrowers and similarly situated White borrowers. Wells Fargo Bank further denies that it

6   discriminates against minority customers in the home lending process.

7         132.    Answering paragraph 132, Wells Fargo Bank denies the allegations, and further states

8   that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank

9   further denies that it discriminates against minority customers in the home lending process.  Further,

10   from 2011-2020, Wells Fargo Bank helped as many Black families purchase homes as the next three

11   largest bank lenders combined.[7]   Additionally, in 2020, Wells Fargo was the largest bank lender for

12   home mortgages to Black families and helped more Black homeowners refinance their mortgages

13   than any other bank.

14         133.    Answering paragraph 133, Wells Fargo Bank denies allegations, and further states

15   that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank

16   further denies that it discriminates against minority customers in the home lending process.  Further,

17   from 2011-2020, Wells Fargo Bank helped as many Black families purchase homes as the next three

18   largest bank lenders combined.  Additionally, in 2020, Wells Fargo was the largest bank lender for

19   home mortgages to Black families and helped more Black homeowners refinance their mortgages

20   than any other bank.

21         134.    Answering paragraph 134, Wells Fargo Bank denies allegations, and further states

22   that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank

23   specifically denies that its policies and practices discriminate against minority home loan applicants

24   and home mortgage borrowers.

25         135.    Answering paragraph 135, Wells Fargo Bank denies the allegations, and further states

26

27   [7] *Id.*

28

that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank

denies that the percentages reflect a comparison between similarly situated minority borrowers and

similarly situated White borrowers.  Wells Fargo Bank further denies that it discriminates against

minority customers in the home lending process. =

136.    Answering paragraph 136, Wells Fargo Bank denies the allegations.  Wells Fargo

Bank further denies that it discriminates against minority customers in the home lending process.

137.    Answering paragraph 137, Wells Fargo Bank denies the allegations, and further states

that the conclusion is flawed as stated because it is based on false reasoning.  Wells Fargo Bank

further denies that it discriminates against minority customers in the home lending process.

138.    Answering paragraph 138, Wells Fargo Bank admits that it is committed to diversity

and equality.  Wells Fargo Bank denies that it discriminates against minority customers in the home

lending process and denies all remaining allegations in paragraph 138.

139.    Answering paragraph 139, Wells Fargo Bank admits the existence of the document

referenced in footnote 76 of the Amended and Consolidated Class Action Complaint.  The contents

of that document speak for themselves.  To the extent the allegations of this paragraph contradict or

mischaracterize said document, Wells Fargo Bank denies those allegations.  Wells Fargo Bank

further denies that it discriminates against minority customers in the home lending process, denies

that it discriminated against Plaintiffs on the basis of race, and denies that Plaintiffs' experiences are

emblematic of the experiences of minority Americans all over the country.

140.    Answering paragraph 140, Wells Fargo Bank denies that Ms. Simmons was subjected

to racial discrimination.  As to the remaining allegations, Wells Fargo Bank lacks sufficient

knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies

them.

141.    Answering paragraph 141, Wells Fargo Bank denies that Ms. Simmons has timely

made her monthly payments without incident.  Wells Fargo Bank lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations, and on that basis, denies

1    them.

2        142.    Answering paragraph 142, Wells Fargo Bank admits that it offered Ms. Simmons the

3    option to defer payment during the COVID-19 pandemic.  The terms of Ms. Simmons' COVID

4    forbearance agreement speak for themselves.  To the extent the allegations of this paragraph

5    contradict or mischaracterize Ms. Simmons' forbearance agreement, Wells Fargo Bank denies those

6    allegations.

7        143.    Answering paragraph 143, Wells Fargo denies the allegations.

8        144.    Answering paragraph 144, Wells Fargo Bank denies the allegations.

9        145.    Answering paragraph 145, Wells Fargo Bank denies that Mr. Thomas applied to

10   refinance his Wells Fargo mortgage in December 2020 and denies that his application was denied in

11   2021.  Wells Fargo Bank lacks sufficient knowledge or information to form a belief as to the truth of

12   the remaining allegations, and on that basis, denies them.

13       146.    Answering paragraph 146, Wells Fargo Bank denies that Ms. Sims applied to

14   refinance her loan in December 2021.  Ms.  Sims submitted her application in March 2022 and it was

15   denied in March 2022.  Wells Fargo Bank lacks sufficient knowledge or information to form a belief

16   as to the truth of the remaining allegations, and on that basis, denies them.

17       147.    Answering paragraph 147, Wells Fargo Bank admits that Mr. Pope applied to

18   refinance his loan in September 2021 and that his application was denied.  Wells Fargo Bank lacks

19   sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and

20   on that basis, denies them.

21       148.    Answering paragraph 148, Wells Fargo Bank admits that Ms. Harris submitted an

22   application to refinance her loan and that her application was denied.  Wells Fargo Bank lacks

23   sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and

24   on that basis, denies them.

25       149.    Answering paragraph 149, Wells Fargo Bank lacks sufficient knowledge or

26   information to form a belief as to the truth of the allegations, and on that basis, denies them.

27

28

150.     Answering Paragraph 150, Wells Fargo Bank admits that it approved Ms. Fanning's loan application. Wells Fargo Bank specifically denies that Ms. Fanning was subjected to racial discrimination and denies all remaining allegations in paragraph 150.

151.     Wells Fargo Bank denies the allegations in paragraph 151.

152.     Answering Paragraph 152, Wells Fargo Bank denies the allegations. Wells Fargo Bank further denies that putative Class Members have claims that are typical of the Plaintiffs. Wells Fargo Bank further denies that the putative Class Members' claims are substantially similar. Wells Fargo Bank denies that the Plaintiffs are qualified to represent the putative class and that the Plaintiffs have typical claims and interests.

153.     Answering paragraph 153, Wells Fargo Bank denies the allegations. Wells Fargo Bank denies that it discriminates against minority customers in the home lending process.

154.     Answering paragraph 154, Wells Fargo Bank responds that paragraph 154 is a characterization of Plaintiffs' putative class to which no response is required. To the extent that Paragraph 154 is intended to suggest that Plaintiffs have defined an ascertainable class, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined the class of persons upon whose behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that matter, is appropriate. To the extent that a further response is required, Wells Fargo Bank denies the allegations.

155.     Answering paragraph 155, Wells Fargo Bank responds that paragraph 155 is a characterization of Plaintiffs' putative class to which no response is required. To the extent that Paragraph 155 is intended to suggest that Plaintiffs have defined an ascertainable class, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined the class of persons upon whose behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that matter, is appropriate. To the extent that a further response is required, Wells Fargo Bank denies the

1    allegations.

2            156.    Answering paragraph 156, Wells Fargo Bank responds that paragraph 156 is a

3    characterization of Plaintiffs' putative class to which no response is required.  To the extent that

4    Paragraph 156 is intended to suggest that Plaintiffs have defined an ascertainable class, Wells Fargo

5    Bank specifically denies that Plaintiffs have adequately defined the class of persons upon whose

6    behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class

7    action requirements, and denies that nationwide class treatment, or any class treatment for that

8    matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the

9    allegations.

10            157.    Answering paragraph 157, Wells Fargo Bank responds that the allegations are legal

11    conclusions to which no response is required.  To the extent a response is required, Wells Fargo

12    Bank responds that paragraph 157 is a characterization of Plaintiffs' putative class to which no

13    response is required.  To the extent that Paragraph 157 is intended to suggest that Plaintiffs have

14    defined an ascertainable class, Wells Fargo Bank specifically denies that Plaintiffs have adequately

15    defined the class of persons upon whose behalf they purport to bring this action, denies that

16    Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class

17    treatment, or any class treatment for that matter, is appropriate.  To the extent that a further response

18    is required, Wells Fargo Bank denies the allegations.

19            158.    Answering paragraph 158, Wells Fargo Bank responds that paragraph 158 is a

20    characterization of Plaintiffs' putative class to which no response is required.  To the extent that

21    Paragraph 158 is intended to suggest that Plaintiffs have defined an ascertainable class, Wells Fargo

22    Bank specifically denies that Plaintiffs have adequately defined the class of persons upon whose

23    behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class

24    action requirements, and denies that nationwide class treatment, or any class treatment for that

25    matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the

26    allegations.

27

28

159.     Answering paragraph 159, Wells Fargo Bank responds that paragraph 159 is a characterization of Plaintiffs' putative class to which no response is required.  To the extent that Paragraph 159 is intended to suggest that Plaintiffs have defined an ascertainable class, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined the class of persons upon whose behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the allegations.

160.     Answering paragraph 160, Wells Fargo Bank responds that paragraph 160 is a characterization of Plaintiffs' putative class to which no response is required.  To the extent that Paragraph 160 is intended to suggest that Plaintiffs have defined an ascertainable class, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined the class of persons upon whose behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the allegations.

161.     Answering paragraph 161, Wells Fargo Bank responds that paragraph 161 is a characterization of Plaintiffs' putative subclasses to which no response is required.  To the extent that Paragraph 161 is intended to suggest that Plaintiffs have defined an ascertainable subclass, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined a class of persons upon whose behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the allegations.

162.     Answering paragraph 162, Wells Fargo Bank responds that paragraph 162 is a characterization of Plaintiffs' putative subclass to which no response is required.  To the extent that

Paragraph 162 is intended to suggest that Plaintiffs have defined an ascertainable subclass, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined a class of persons upon whose behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the allegations.

163.    Answering paragraph 163, Wells Fargo Bank responds that paragraph 163 is a characterization of Plaintiffs' putative subclass to which no response is required.  To the extent that Paragraph 163 is intended to suggest that Plaintiffs have defined an ascertainable subclass, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined a class of persons upon whose behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the allegations.

164.    Answering paragraph 164, Wells Fargo Bank responds that paragraph 164 is a characterization of Plaintiffs' putative subclass to which no response is required.  To the extent that Paragraph 164 is intended to suggest that Plaintiffs have defined an ascertainable subclass, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined a class of persons upon whose behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the allegations.

165.    Answering paragraph 165, Wells Fargo Bank responds that paragraph 165 is a characterization of Plaintiffs' putative class to which no response is required.  To the extent that Paragraph 165 is intended to suggest that Plaintiffs have defined an ascertainable class, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined the class of persons upon whose

behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the allegations.

166.    Answering paragraph 166, Wells Fargo Bank responds that paragraph 166 is a characterization of Plaintiffs' putative class to which no response is required.  To the extent that Paragraph 166 is intended to suggest that Plaintiffs have defined an ascertainable class, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined the class of persons upon whose behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the allegations.

167.    Answering paragraph 167, Wells Fargo Bank responds that paragraph 167 is a characterization of Plaintiffs' putative class to which no response is required.  To the extent that Paragraph 167 is intended to suggest that Plaintiffs have defined an ascertainable class, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined the class of persons upon whose behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the allegations.

168.    Answering paragraph 168, Wells Fargo Bank responds that paragraph 168 is a characterization of Plaintiffs' putative class to which no response is required.  To the extent that Paragraph 168 is intended to suggest that Plaintiffs have defined an ascertainable class, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined the class of persons upon whose behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that

matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the allegations.

169.    Answering paragraph 169, Wells Fargo Bank responds that paragraph 169 is a characterization of Plaintiffs' putative class to which no response is required.  To the extent that Paragraph 169 is intended to suggest that Plaintiffs have defined an ascertainable class, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined the class of persons upon whose behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the allegations.

170.    Answering paragraph 170, Wells Fargo Bank responds that paragraph 170 is a characterization of Plaintiffs' putative class to which no response is required.  To the extent that Paragraph 170 is intended to suggest that Plaintiffs have defined an ascertainable class, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined the class of persons upon whose behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the allegations.

171.    Answering paragraph 171, Wells Fargo Bank responds that paragraph 171 is a characterization of Plaintiffs' putative class to which no response is required.  To the extent that Paragraph 171 is intended to suggest that Plaintiffs have defined an ascertainable class, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined the class of persons upon whose behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the allegations.

172.     Answering paragraph 172, Wells Fargo Bank responds that paragraph 172 is a characterization of Plaintiffs' putative class to which no response is required.  To the extent that Paragraph 172 is intended to suggest that Plaintiffs have defined an ascertainable class, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined the class of persons upon whose behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the allegations.

173.     Answering paragraph 173, Wells Fargo Bank responds that paragraph 173 is a characterization of Plaintiffs' putative class to which no response is required.  To the extent that Paragraph 173 is intended to suggest that Plaintiffs have defined an ascertainable class, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined the class of persons upon whose behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the allegations.

174.     Answering paragraph 174, Wells Fargo Bank responds that paragraph 174 is a characterization of Plaintiffs' putative class to which no response is required.  To the extent that Paragraph 174 is intended to suggest that Plaintiffs have defined an ascertainable class, Wells Fargo Bank specifically denies that Plaintiffs have adequately defined the class of persons upon whose behalf they purport to bring this action, denies that Plaintiffs have or can satisfy the Rule 23 class action requirements, and denies that nationwide class treatment, or any class treatment for that matter, is appropriate.  To the extent that a further response is required, Wells Fargo Bank denies the allegations.

1

**COUNT I**

2    175.    Answering paragraph 175, Wells Fargo Bank incorporates its responses to paragraphs

3    1 through 174 as if fully set forth herein.  Wells Fargo Bank further denies that class treatment is

4    appropriate.

5    176.    Answering paragraph 176, Wells Fargo Bank responds that the allegations are legal

6    conclusions to which no response is required.  To the extent a response is required, Wells Fargo

7    Bank responds that the Equal Credit Opportunity Act ("ECOA") is a written statute that speaks for

8    itself.  To the extent that paragraph 176 misstates or mischaracterizes the ECOA, Wells Fargo Bank

9    denies those allegations.

10    177.    Answering paragraph 177, Wells Fargo Bank responds that the allegations are legal

11    conclusions to which no response is required.  To the extent a response is required, Wells Fargo

12    Bank responds that the Equal Credit Opportunity Act ("ECOA") is a written statute that speaks for

13    itself.  To the extent that paragraph 177 misstates or mischaracterizes the ECOA, Wells Fargo Bank

14    denies those allegations.

15    178.    Answering paragraph 178, Wells Fargo Bank responds that the allegations are legal

16    conclusions to which no response is required.  To the extent a response is required, Wells Fargo

17    Bank admits that it is a creditor.

18    179.    Answering paragraph 179, Wells Fargo Bank denies the allegations and denies that its

19    policies or practices discriminate against minorities at any point in the home lending process.

20    180.    Answering paragraph 180, Wells Fargo Bank denies the allegations.  Wells Fargo

21    Bank further denies that Plaintiffs or the putative class suffered any damages or injury as a result of

22    the actions or inactions of Wells Fargo Bank and also denies that Plaintiffs or the putative class are

23    entitled to any relief from Wells Fargo Bank.  Wells Fargo Bank further denies that class treatment is

24    appropriate.

25    181.    Answering paragraph 181, Wells Fargo Bank denies that it discriminates against

26    minority customers in the home lending process.  Wells Fargo Bank further denies that Plaintiffs or

27

28

33

the putative class suffered any damages or injury as a result of the actions or inactions of Wells

Fargo Bank and also denies that Plaintiffs or the putative class are entitled to any relief from Wells

Fargo Bank.  Wells Fargo Bank further denies that class treatment is appropriate.

### COUNT II

182.    Answering paragraph 182, Wells Fargo Bank incorporates its responses to paragraphs

1 through 181 as if fully set forth herein.  Wells Fargo Bank further denies that class treatment is

appropriate.

183.    Answering paragraph 183, Wells Fargo Bank responds that the allegations are legal

conclusions to which no response is required.  To the extent a response is required, Wells Fargo

Bank responds that the Fair Housing Act is a written statute that speaks for itself.  To the extent that

paragraph 183 misstates or mischaracterizes the statute, Wells Fargo Bank denies those allegations.

184.    Answering paragraph 184, Wells Fargo Bank responds that the allegations are legal

conclusions to which no response is required.  To the extent a response is required, Wells Fargo

Bank admits that the Amended and Consolidated Class Action Complaint alleges that certain

applicants sought to engage in residential real estate transactions with Wells Fargo Bank.  Wells

Fargo Bank denies that class treatment is appropriate.

185.    Answering paragraph 185, Wells Fargo Bank responds that the allegations are legal

conclusions to which no response is required.  To the extent a response is required, Wells Fargo

Bank admits that minority applicants are members of a protected class under the Fair Housing Act.

Wells Fargo Bank denies that class treatment is appropriate.

186.    Answering paragraph 186, Wells Fargo Bank denies the allegations and denies that its

policies or practices discriminate against minorities at any point in the home lending process.  Wells

Fargo Bank further denies that class treatment is appropriate.

187.    Answering paragraph 187, Wells Fargo Bank denies the allegations and denies that its

policies or practices discriminate against minorities at any point in the home lending process.  Wells

Fargo Bank further denies that class treatment is appropriate.

34

188.     Answering paragraph 188, Wells Fargo Bank denies the allegations and denies that its policies or practices discriminate against minorities at any point in the home lending process.  Wells Fargo Bank further denies that class treatment is appropriate.

## COUNT III

189.     Answering paragraph 189, Wells Fargo Bank incorporates its responses to paragraphs 1 through 188 as if fully set forth herein.  Wells Fargo Bank further denies that class treatment is appropriate.

190.     Answering paragraph 190, Wells Fargo Bank responds that the allegations are legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo Bank responds that 42 U.S.C. § 1981 is a written statute that speaks for itself.  To the extent that paragraph 183 misstates or mischaracterizes the statute, Wells Fargo Bank denies those allegations.

191.     Answering paragraph 191, Wells Fargo Bank responds that the allegations are legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo Bank responds that 42 U.S.C. § 1981 is a written statute that speaks for itself.  To the extent that paragraph 191 misstates or mischaracterizes the statute, Wells Fargo Bank denies those allegations.  Wells Fargo Bank further denies that class treatment is appropriate.

192.     Answering paragraph 192, Wells Fargo Bank responds that the allegations are legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo Bank responds that 42 U.S.C. § 1981 is a written statute that speaks for itself.  To the extent that paragraph 192 misstates or mischaracterizes the statute, Wells Fargo Bank denies those allegations.  Wells Fargo Bank further denies that class treatment is appropriate.

193.     Answering paragraph 193, Wells Fargo Bank denies that it discriminates against minority customers in the home lending process.  Wells Fargo Bank further denies that Plaintiffs or the putative class suffered any damages or injury as a result of the actions or inactions of Wells Fargo Bank and also denies that Plaintiffs or the putative class are entitled to any relief from Wells Fargo Bank.  Wells Fargo Bank further denies that class treatment is appropriate.

1

**COUNT IV**

2       194.    Answering paragraph 194, Wells Fargo Bank incorporates its responses to paragraphs

3   1 through 193 as if fully set forth herein.  Wells Fargo Bank further denies that class treatment is

4   appropriate.

5       195.    Answering paragraph 195, Wells Fargo Bank responds that the allegations are legal

6   conclusions to which no response is required.  To the extent a response is required, Wells Fargo

7   Bank responds that the Unruh Civil Rights Act is a written statute that speaks for itself.  To the

8   extent that paragraph 195 misstates or mischaracterizes the statute, Wells Fargo Bank denies those

9   allegations.

10      196.    Answering paragraph 196, Wells Fargo Bank responds that the allegations are legal

11  conclusions to which no response is required.  To the extent a response is required, Wells Fargo

12  Bank responds that the Unruh Civil Rights Act is a written statute that speaks for itself.  To the

13  extent that paragraph 196 misstates or mischaracterizes the statute, Wells Fargo Bank denies those

14  allegations.

15      197.    Answering paragraph 197, Wells Fargo Bank responds that the allegations are legal

16  conclusions to which no response is required.  To the extent a response is required, Wells Fargo

17  Bank responds that the Unruh Civil Rights Act is a written statute that speaks for itself.  To the

18  extent that paragraph 197 misstates or mischaracterizes the statute, Wells Fargo Bank denies those

19  allegations.

20      198.    Answering paragraph 198, Wells Fargo Bank denies that it discriminates against

21  minority customers in the home lending process.  Wells Fargo Bank further denies that Plaintiffs or

22  the putative class suffered any damages or injury as a result of the actions or inactions of Wells

23  Fargo Bank and also denies that Plaintiffs or the putative class are entitled to any relief from Wells

24  Fargo Bank.  Wells Fargo Bank further denies that class treatment is appropriate.

25      199.    Answering paragraph 199, Wells Fargo Bank denies that it discriminates against

26  minority customers in the home lending process.  Wells Fargo Bank further denies that Plaintiffs or

27

28

1   the putative class suffered any damages or injury as a result of the actions or inactions of Wells

2   Fargo Bank and also denies that Plaintiffs or the putative class are entitled to any relief from Wells

3   Fargo Bank.  Wells Fargo Bank further denies that class treatment is appropriate.

4   **COUNT V**

5   200.    Answering paragraph 200, Wells Fargo Bank incorporates its responses to paragraphs

6   1 through 199 as if fully set forth herein.  Wells Fargo Bank further denies that class treatment is

7   appropriate.

8   201.    Answering paragraph 201, Wells Fargo Bank responds that the allegations are legal

9   conclusions to which no response is required.  To the extent a response is required, Wells Fargo

10  Bank responds that the Unfair Competition Law is a written statute that speaks for itself.  To the

11  extent that paragraph 201 misstates or mischaracterizes the statute, Wells Fargo Bank denies those

12  allegations.

13  202.    Answering paragraph 202, Wells Fargo Bank responds that the allegations are legal

14  conclusions to which no response is required.  To the extent a response is required, Wells Fargo

15  Bank responds that the Unfair Competition Law is a written statute that speaks for itself.  To the

16  extent that paragraph 202 misstates or mischaracterizes the statute, Wells Fargo Bank denies those

17  allegations.

18  203.    Answering paragraph 203, Wells Fargo Bank responds that the allegations are legal

19  conclusions to which no response is required.  To the extent a response is required, Wells Fargo

20  Bank responds that the Unfair Competition Law is a written statute that speaks for itself.  To the

21  extent that paragraph 203 misstates or mischaracterizes the statute, Wells Fargo Bank denies those

22  allegations.

23  204.    Answering paragraph 204, Wells Fargo Bank denies the allegations.  Wells Fargo

24  Bank denies that it discriminates against minority customers in the home lending process.

25  205.    Answering paragraph 205, Wells Fargo Bank denies the allegations.  Wells Fargo

26  Bank denies that it discriminates against minority customers in the home lending process.

27

28

1    206.    Answering paragraph 206, Wells Fargo Bank denies the allegations.  Wells Fargo
2    Bank denies that it discriminates against minority customers in the home lending process.

3    207.    Answering paragraph 207, Wells Fargo Bank denies the allegations.  Wells Fargo
4    Bank denies that it discriminates against minority customers in the home lending process.  Wells
5    Fargo Bank further denies that Plaintiffs or the putative class suffered any damages or injury as a
6    result of the actions or inactions of Wells Fargo Bank and also denies that Plaintiffs or the putative
7    class are entitled to any relief from Wells Fargo Bank.  Wells Fargo Bank further denies that class
8    treatment is appropriate.

9    208.    Answering paragraph 208, Wells Fargo Bank responds that the allegations are legal
10   conclusions to which no response is required.  To the extent a response is required, Wells Fargo
11   Bank responds that the Unfair Competition Law is a written statute that speaks for itself.  To the
12   extent that paragraph 208 misstates or mischaracterizes the statute, Wells Fargo Bank denies those
13   allegations.

14   209.    Answering paragraph 209, Wells Fargo Bank denies the allegations.  Wells Fargo
15   Bank denies that it discriminates against minority customers in the home lending process.  Wells
16   Fargo Bank further denies that Plaintiffs or the putative class suffered any damages or injury as a
17   result of the actions or inactions of Wells Fargo Bank and also denies that Plaintiffs or the putative
18   class are entitled to any relief from Wells Fargo Bank.  Wells Fargo Bank further denies that class
19   treatment is appropriate.

20   210.    Answering paragraph 210, Wells Fargo Bank denies the allegations.  Wells Fargo
21   Bank denies that it discriminates against minority customers in the home lending process.  Wells
22   Fargo Bank further denies that Plaintiffs or the putative class suffered any damages or injury as a
23   result of the actions or inactions of Wells Fargo Bank and also denies that Plaintiffs or the putative
24   class are entitled to any relief from Wells Fargo Bank.  Wells Fargo Bank further denies that class
25   treatment is appropriate.

26
27
28

Plaintiffs' Amended and Consolidated Class Action Complaint contains an unnumbered paragraph with subparts (a) through (i) containing Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Wells Fargo Bank denies that Plaintiffs are entitled to any relief in this action.

Plaintiffs' Amended and Consolidated Class Action Complaint contains an unnumbered paragraph containing a jury demand, to which no response is required.  To the extent a response is required, Wells Fargo Bank denies that Plaintiffs are entitled to any relief in this action, thus, no jury is required.

## **AFFIRMATIVE DEFENSES**

Wells Fargo Bank hereby alleges the following separate and distinct defenses and affirmative defenses to the Amended Complaint and the causes of action asserted against Wells Fargo Bank therein, and without assuming the burden of proof on matters as to which it has no such burden:

### **FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Claim)

1.     The Amended and Consolidated Class Action Complaint fails to state a claim against Wells Fargo Bank upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**
(Statute of Limitations)

2.     Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

### **THIRD AFFIRMATIVE DEFENSE**
(Failure to Mitigate Damages)

3.     Plaintiffs failed to take proper and reasonable steps to avoid, minimize, or mitigate Plaintiffs' alleged damages and, to the extent of such failure, the damages allegedly incurred by

1  Plaintiffs, if any, should be reduced accordingly or eliminated entirely.

2

3  ### FOURTH AFFIRMATIVE DEFENSE
   (Laches)

4

5      4.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

6

7  ### FIFTH AFFIRMATIVE DEFENSE
   (Estoppel)

8

9      5.      Plaintiffs are estopped by the action of law or by conduct from maintaining the

10  Amended Complaint filed in this case.

11  ### SIXTH AFFIRMATIVE DEFENSE
    (Co-Liability)

12

13      6.      Wells Fargo Bank alleges that any injury or damages which may have been sustained

14  by Plaintiffs were proximately caused by the acts, errors or omissions of persons or entities other

15  than Wells Fargo Bank.

16

17  ### SEVENTH AFFIRMATIVE DEFENSE
    (Fault of Others)

18

19      7.      If Plaintiffs suffered or sustained any loss, injury, damage, or detriment, the same

20  was directly and proximately caused and contributed to by the breach, conduct, acts, omissions,

21  activities, carelessness, recklessness, negligence, and/or intentional misconduct or intervening acts

22  of other third parties, and not by Wells Fargo Bank.

23

24  ### EIGHTH AFFIRMATIVE DEFENSE
    (Speculative Damages)

25

26      8.      Wells Fargo Bank alleges any damage or loss Plaintiffs did incur as a result of any

27  act or conduct by Wells Fargo Bank would be speculative at best and, thus, too uncertain for

28

1  recovery.

2

3  ## NINTH AFFIRMATIVE DEFENSE
(Compliance with Law)

4

5  9.      Wells Fargo Bank met or exceeded the requirements of applicable laws, regulations,

6  and standards.

7

8  ## TENTH AFFIRMATIVE DEFENSE
(Good Faith Conduct/Conformance with Applicable Standards)

9

10  10.     Wells Fargo Bank at all times acted in good faith and in conformance with all

11  applicable government and industry standards, rules and regulations, thus precluding any recovery

12  by Plaintiffs against Wells Fargo Bank.

13  ## ELEVENTH AFFIRMATIVE DEFENSE
(Lack of Causation)

14

15  11.     The damages complained of were the result of the intervening actions of others and

16  were not proximately caused by the actions or omissions of Wells Fargo Bank.

17

18  ## TWELFTH AFFIRMATIVE DEFENSE
(Lack of Malice)

19

20  12.     Wells Fargo Bank specifically denies acting with any willfulness, oppression, fraud,

21  or malice toward Plaintiffs or others.

22

23  ## THIRTEENTH AFFIRMATIVE DEFENSE
(Lack of Standing)

24

25  13.     Plaintiffs' claims are barred because Plaintiffs lack standing to bring them.

26

27

28

41

1
2

### FOURTEENTH AFFIRMATIVE DEFENSE
(Improper Representative Action)

3
4        14.     The Amended Complaint is barred, in whole or in part, because if Plaintiffs' action is
5    allowed to continue, there is a substantial potential for harm given the unique and individual issues
6    of fact that will predominate adjudication of Plaintiffs' claims, resulting in hundreds, if not
7    thousands, of mini-trials rendering the action completely unmanageable as a putative class action.
8    In addition, the complexity presented by Plaintiffs' claims and the restitution sought violate due
     process.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Res Judicata)

9
10
11        15.     Plaintiffs' claims are barred, in whole or in part, by res judicata.

12

### SIXTEENTH AFFIRMATIVE DEFENSE
(Waiver)

13
14
15        16.     Plaintiffs' claims against Wells Fargo Bank, if any, are barred by the doctrine of
16    waiver.

17

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Class Certification Improper)

18
19
20        17.     The class definition is overbroad, unmanageable, and predominated by
21    individualized issues of fact and law, the result of which should be to deny certification of any
22    proposed class.

23

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Other Defenses – Putative Class Members)

24
25        18.     Wells Fargo Bank reserves the right to amend or supplement their affirmative
26    defenses to include defenses that may be applicable to other members of the putative class.

27
28

1

## **OTHER AFFIRMATIVE DEFENSES**

2      20.      Wells Fargo Bank has insufficient knowledge or information upon which to form a

3  belief as to whether they may have additional, as yet unstated, defenses available.  Wells Fargo

4  Bank expressly reserves the right to assert additional defenses in the event that discovery indicates

5  that such defenses are appropriate.

6

## **PRAYER FOR RELIEF**

7      WHEREFORE, Wells Fargo Bank prays for judgment as follows:

8      1.      That judgment be entered in favor of Wells Fargo Bank;

9      2.      That Plaintiffs take nothing by way of their Amended Complaint and the claims

10  asserted herein;

11      3.      That the Amended Complaint, and the claims against Wells Fargo Bank, be

12  dismissed with prejudice;

13      4.      That Wells Fargo Bank be awarded costs of suit, including attorneys' fees incurred in

14  defense of this action; and

15      5.      That Wells Fargo Bank be granted such other relief as the Court deems just and

16  proper.

17

18

19

20

21

22

23

24

25

26

27

28

1   DATED:  May 17, 2023

2

3                                          **WINSTON & STRAWN LLP**

4                      By:      */s/ Amanda L. Groves*
                                Amanda L. Groves
5                               agroves@winston.com
                                333 S. Grand Avenue, 38th Floor
6                               Los Angeles, CA 90071
                                Telephone: (213) 615-1700
7                               Facsimile: (213) 615-1750

8
                                Kobi K. Brinson *(admitted pro hac vice)*
9                               kbrinson@winston.com
                                Stacie C. Knight *(admitted pro hac vice)*
10                              sknight@winston.com
                                300 South Tryon Street, 16th Floor
11                              Charlotte, NC 28202
                                Telephone: (704) 350-7700
12                              Facsimile: (704) 350-7800

13

14                                         **MCGUIREWOODS LLP**

15                     By:      */s/ Alicia A. Baiardo*
                                Ava E. Lias-Booker *(admitted pro hac vice)*
16                              alias-booker@mcguirewoods.com
                                Alicia A. Baiardo
17                              abaiardo@mcguirewoods.com
                                Jasmine K. Gardner *(admitted pro hac vice)*
18                              jgardner@mcguirewoods.com
                                Two Embarcadero Center, Suite 1300
19                              San Francisco, CA  94111-3821
                                Telephone: (415) 844.9944
20                              Facsimile: (415) 844.9922

21
                                Attorneys for Defendant
22                              WELLS FARGO BANK, N.A.

23

24

25

26

27
                                            44
28