ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
Dennis S. Ellis (State Bar No. 178196)
  dellis@egcfirm.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

*Interim Lead Class Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Wells Fargo Mortgage Discrimination Litigation.* | Case No. 3:22-cv-00990-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date: May 25, 2023<br>Time: 10:00 a.m.<br>Place: Courtroom 11, 19th Floor,<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Judge: Honorable James Donato<br><br>Consolidated Complaint filed: March 24, 2023<br><br>Trial Date: None Yet |

2246801.1

Plaintiffs Aaron Braxton, Paul Martin, Gia Gray, Bryan Brown, Elretha Perkins, Christopher Williams, Ifeoma Ebo and Terah Kuykendall-Montoya ("Plaintiffs") and defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") (collectively the "Parties") hereby jointly submit this Joint Case Management Statement and Proposed Order pursuant to Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.  The Parties completed their Rule 26(f) conference on April 20, 2023.  The Parties expressly reserve the right to amend, modify, and/or supplement the information set forth herein.

## 1. **JURISDICTION & SERVICE**

This Court possesses subject matter jurisdiction given that Plaintiffs have alleged claims under federal law, including violations of the following:

- 15 U.S.C. § 16901, *et seq*. (Equal Opportunity Credit Act)
- 42 U.S.C. § 3601, *et seq*. (Fair Housing Act)
- 42 U.S.C. § 1981 (Title VII, Civil Rights Act).

This Court possesses subject matter jurisdiction over the state claims alleged in Plaintiffs' Complaint pursuant to 28 U.S.C. § 1367 since the state law claims arise from a common nucleus of operative facts.

Personal jurisdiction and venue are both appropriate because Defendant transacts business in California and Defendant's principal place of business is located in San Francisco, CA, which is within this Court's District.

Defendant does not dispute personal jurisdiction or venue.

## 2. **FACTS**

Plaintiffs' consolidated complaint alleges that Wells Fargo discriminates against minority home loan applicants.  Plaintiffs bring this action on behalf of themselves and a potential class of similarly situated Wells Fargo residential original purchase mortgage, refinance and other home mortgage loan applicants falling within any one of the ethnic or racial aggregate categories and subcategories set forth in "Regulation C" (12 C.F.R. 1003), other than "White, Not Hispanic or Latino."  Wells

Fargo denies allegations of discrimination and denies that any putative class qualifies for certification under Rule 23.

## 3. LEGAL ISSUES

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

1. Whether Wells Fargo violated the Equal Credit Opportunity Act, 15 U.S.C. § 16901, *et seq.*

2. Whether Wells Fargo violated the Fair Housing Act of 1968, 42 U.S.C. § 3601, *et seq.*

3. Whether Wells Fargo engaged in race discrimination in violation of 42 U.S.C. § 1981.

4. Whether Wells Fargo violated California's Unruh Civil Rights Act, California Civil Code 51.

5. Whether Wells Fargo violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

6. Whether one or more classes should be certified under Fed. R. Civ. P. 23(b)(2), 23(b)(3) and/or 23(c)(4).

## 4. MOTIONS

*All prior and pending motions, their current status, and any anticipated motions.*

There are no pending motions.  The Parties have met and conferred regarding potential motions to dismiss and/or motions to strike, and filed two stipulations documenting their agreements that have avoided the need for motion practice.  (*See* Dkt. Nos. 119 and 120.)  Wells Fargo filed its answer to the Consolidated Complaint on May 17, 2023.

## 5. AMENDMENT OF PLEADINGS

Per Local Rule 16-9, the Parties agree to a deadline of July 24, 2023.

## 6. EVIDENCE PRESERVATION

*A brief report certifying that the Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The Parties have conferred on the handling of ESI, reviewed the ESI Guidelines and have entered into an agreed order with respect to its handling, which has been filed with, and approved by, the Court. (Dkt. 117.) The Parties have also entered into a Stipulated Protective Order dealing with the treatment of confidential information. (Dkt. 116.)

## 7. DISCLOSURES

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

Plaintiffs provided their initial disclosures on May 2, 2023, and produced documents from Plaintiffs related thereto. Per Federal Rule of Civil Procedure 26(a)(1)(C), Defendant served its initial disclosures on May 4, 2023, and provided categories of documents in its initial disclosures.

On April 13, 2023, Plaintiffs sent to Defendant a chart of data categories that they discussed at the Rule 26(f) conference as information that Plaintiffs would like to receive as part of Defendant's initial disclosures. The Parties have discussed these categories and are in agreement as to many of the data categories to be produced and are still discussing the scope of the data pull, but are close to an agreement on scope.

## 8. DISCOVERY

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the Parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

1. As indicated above, the Parties have agreed on both a Stipulated Protective Order (Dkt. 116), and a Stipulated Order regarding the Discovery of Electronically Stored Information (Dkt. 117).

2. Given the complex nature of the activity and claims alleged, the Parties expect to conduct substantial party, third-party, and expert discovery.

3. Plaintiffs anticipate that discovery will be needed on several subjects and issues arising out of Plaintiffs' Complaint and Defendant's anticipated defenses, including, but not limited to, the following:

   a. The algorithms used by Defendant to review and approve or reject loan applications;
   b. The Defendant's policies and procedures regarding the review processes related to the approval or denial of mortgage related loans;
   c. Charts reflecting denials of applicants;
   d. Files reflecting denials of applicants;
   e. Application and appraisal fees;
   f. Statistics regarding Minority Applicants;
   g. Other cases / issues / claims / complaints;
   h. Staffing changes;
   i. Underwriting;
   j. CORE approval;
   k. Loan officer policies;
   l. Procedures to ensure FHA compliance;
   m. Information regarding Defendant's Algorithm Risk Department;
   n. CORE programming;
   o. Bad loan profile;
   p. Marketing materials – targeting minorities;
   q. FHA loan profile – percentages;

r. Risk based capital / safety and soundness / financial health; and

s. Board minutes / documents related to refinancing risks.

4. Wells Fargo will seek discovery concerning, among other topics:

a. The facts and circumstances of the named plaintiffs' loan applications;

b. Plaintiffs' allegations regarding race discrimination;

c. Factual issues relevant to Rule 23, such as Plaintiffs' adequacy and typicality;

d. Discovery related to experts.

Wells Fargo reserves the right to seek discovery on additional topics to the full extent permitted by applicable rules of procedure and reserves all objections to Plaintiffs' requests, including to requests for discovery on the topics Plaintiffs identified above.

5. Plaintiffs expect to serve more than 25 interrogatories and propose the following expansion of written discovery: 75 interrogatories.

6. Plaintiffs expect to conduct more than 10 depositions of fact witnesses during the fact discovery period, and ask that they be permitted to take 25 depositions without leave of Court.

7. Wells Fargo opposes Plaintiffs' preemptive request to serve 50 additional interrogatories and to conduct 25 depositions without leave of Court. If either Party later believes that an expansion of the limitations on discovery provided under the Federal Rules of Civil Procedure or this Court's Local Rules is warranted, the Parties should meet and confer and attempt to resolve informally, and, if necessary, seek leave of Court.

8. The Parties do not propose to bifurcate class-related discovery or conduct discovery in phases, except that expert discovery will follow fact discovery.

## 9. CLASS ACTIONS

The Parties agree that Plaintiffs will file a motion for class certification on or before May 31, 2024. Wells Fargo will file its opposition to class certification by July 1, 2024, and Plaintiffs' reply thereto will be filed by July 31, 2024, and a hearing scheduled for August 15, 2024, or as may be available for the Court.

## 10. RELATED CASES

There are no related cases or proceedings, as all matters have been consolidated by previous order of this Court. (Dkt. 102.) The Parties are not aware of any other additional cases that might be considered related to this consolidated action.

## 11. RELIEF

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiffs seek compensatory damages, statutory damages, punitive damages, attorneys' fees and equitable relief. Plaintiffs state that, at this stage of the litigation, the precise amount of class-wide damages is not known. However, after conducting discovery, Plaintiffs intend to determine the precise amount of class-wide damages through the aid of expert testimony. Wells Fargo denies that Plaintiffs' claims entitle them to the relief they seek, either individually or on a class-wide basis. Wells Fargo has not brought any counterclaims or sought any affirmative relief.

## 12. SETTLEMENT AND ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the Parties have selected and a proposed deadline, or if the Parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the Parties should include a description of key discovery or motions necessary to position the Parties to negotiate a resolution.*

The Parties are unsure at this time whether settlement is likely, but agree to work together in good faith to achieve settlement, if possible and at the appropriate

time, with the assistance of a highly regarded private mediator. Plaintiffs propose May 6, 2024 for the initial ADR session and Defendant proposes July 8, 2024 after its opposition to Plaintiffs' motion for certification is filed on July 1, 2024.

CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Whether **all** Parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.   ____ YES   __X__ NO

## 13. OTHER REFERENCES

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The case is not suitable for other references.

## 14. NARROWING OF ISSUES

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The Parties agree to work together in an attempt to narrow by agreement the presentation of evidence at trial. The Parties do not request to bifurcate issues, claims, or defenses, but reserve their rights to request bifurcation in the event that discovery or other developments throughout the course of this case reveal that bifurcation would be beneficial.

## 15. EXPEDITED TRIAL PROCEDURE

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all Parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

No, this case cannot be handled under the Expedited Trial Procedure.

## 16. SCHEDULING

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

LAST DAY TO AMEND PLEADINGS:

- July 24, 2023

INITIAL ADR SESSION

- Plaintiffs' Proposed Date: On or before May 6, 2024
- Defendant's Proposed Date: July 8, 2024

DESIGNATION OF EXPERTS

- June 7, 2024 (Expert Disclosures); June 21, 2024 (Rebuttal Expert Disclosures)

FACT DISCOVERY CUTOFF

- May 31, 2024

EXPERT DISCOVERY CUTOFF

- July 9, 2024

LAST DAY TO FILE MOTION FOR CLASS CERTIFICATION

- May 31, 2024

OPPOSITION TO CLASS CERTIFICATION

- July 1, 2024

REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

- July 31, 2024

HEARING ON CLASS CERTIFICATION MOTION

- August 15, 2024

LAST DAY TO FILE DISPOSITIVE MOTIONS

- September 2, 2024

HEARING OF DISPOSITIVE MOTIONS

- October 14, 2024

PRETRIAL CONFERENCE

- December 2, 2024

## 17. TRIAL

- January 6, 2025

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The case will be tried by a jury. The Parties anticipate that the trial will take 16 days.

## 18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Each party has filed a Certification of Interested Entities or Persons required by Civil Local Rule 3-15.

## 19. PROFESSIONAL CONDUCT

*Whether all attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 20. OTHER

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The Parties agree to service by email of all discovery and other materials not required to be electronically filed via CM/ECF, and that service shall be made to the following email addresses:

Plaintiffs:

AllCounselWellsFargo@egcfirm.com

1. dellis@egcfirm.com
2. micart@egcfirm.com
3. akim@egcfirm.com
4. <u>Defendants</u>:
5. WellsFargoWinstonTeam@winston.com
6. WellsFargoMcGuireTeam@mcguirewoods.com
7. agroves@winston.com
8. kbrinson@winston.com
9. alias-booker@mcguirewoods.com
10. abaiardo@mcguirewoods.com

Dated: May 18, 2023

Respectfully submitted,

ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP

/s/Dennis S. Ellis
Dennis S. Ellis (State Bar No. 178196)
  dellis@egcfirm.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

*Interim Lead Class Counsel*

Dated: May 18, 2023

WINSTON & STRAWN LLP

/s/Amanda L. Groves
AMANDA L. GROVES (SBN 187216)
agroves@winston.com
KOBI K. BRINSON (Pro Hac Vice)
kbrinson@winston.com
STACIE C. KNIGHT (Pro Hac Vice)
sknight@winston.com
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone: 213.615.1700
Facsimile: 213.615.1750

2246801.1

MCGUIREWOODS LLP
AVA E. LIAS-BOOKER (Pro Hac Vice)
aliasbooker@mcguirewoods.com
ALICIA A. BAIARDO (SBN 254228)
abaiardo@mcguirewoods.com
JASMINE K. GARDNER (Pro Hac Vice)
jgardner@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944
Facsimile: 415.844.9922
*Attorneys for Defendants*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

Pursuant to Civil Local Rule 5-1(h)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

By: */s/ Dennis S. Ellis*
Dennis S. Ellis

## CASE MANAGEMENT ORDER

The above **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** is approved as the Case Management Order for this case, and all Parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated:

_____
Honorable James Donato
UNITED STATES DISTRICT JUDGE