

ELLIS GEORGE CIPOLLONE

Ellis George Cipollone O'Brien LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, CA 90067

Dennis S. Ellis
424.202.5549
dellis@egcfirm.com

File No. 8337-001

August 3, 2023

Re:   *In re Wells Fargo Mortgage Discrimination Litigation*, Case No. 3:22-cv-00990-JD,
      Motion to Compel Wells Fargo's Further Responses to Special Interrogatories, Sets One

To The Honorable James Donato:

Plaintiffs respectfully request an order compelling Defendant Wells Fargo Bank N.A. ("Wells Fargo") to answer Plaintiff Gia Gray's Special Interrogatories, Set One ("Interrogatories").[1]  Fed. R. Civ. P. 37(a)(3)(B)(iii).  The parties have met and conferred and are unable to resolve their dispute, which has some urgency according to Plaintiffs.  *See* Standing Order for Discovery in Civil Cases ¶ 18; N.D. Cal. L.R. 37-1(a).  Plaintiffs even went so far as to send Wells Fargo a draft of this letter in the hopes of resolving this dispute, days before it was filed with the Court. Thereafter, the parties met telephonically on August 3, 2023, as the one counsel for Wells Fargo who is within 50 miles of ILC was out of town, but the parties were unable to resolve the dispute.

The Amended and Consolidated Complaint references a Bloomberg article entitled *Wells Fargo Rejected Half its Black Applicants During the Refinancing Boom*.  (ECF No. 114, ¶ 11 n.5.)  The article reported that, based on publicly available data submitted to the Consumer Finance Protection Bureau ("CFPB") pursuant to the Home Mortgage Disclosure Act ("HMDA"), Wells Fargo approved 72% of white refinancing applicants in 2020 but only 47% of black applicants and 53% of Hispanic applicants—disparities much greater than were seen for its competitors. (*Id.*)  As alleged by Plaintiffs and reported in the article, Wells Fargo "didn't dispute Bloomberg's statistical findings."  Thus, one of the most basic facts to be established in this case is Wells Fargo's approval rates for white and minority refinancing and home purchase mortgage applicants during the relevant period.  Simply put, is this a case about whether the reported numbers are correct and Wells Fargo claims a justification for the disparities, or whether Wells Fargo contends the reported numbers (and any Plaintiffs have calculated) are simply wrong? The discovery at issue seeks to answer this fundamental question.

Plaintiff Dr. Gia Gray served Wells Fargo with Interrogatories seeking Wells Fargo's calculations of its approval rates, and, after two extensions of time, Wells Fargo (**65 days later**) objected on various grounds, and invoked Rule 33(d), which provides that a responding party, in answering an interrogatory, may direct the requesting party to its business records "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Essentially, Wells Fargo refused to answer these most basic Interrogatories on the grounds that Plaintiffs could perform calculations themselves using the nonpublic HMDA data produced thus far in the case.  In other words, Wells Fargo is refusing to provide its own calculations of its approval rates during the relevant period, so Plaintiffs can know what kind of case Wells Fargo

---

[1] Plaintiffs are uncertain whether notice is required under Civil Local Rule 7.2(a), which would make this available for hearing on September 7, 2023.  Nevertheless, Plaintiffs request the matter be scheduled for consideration at the currently scheduled status conference on August 31, 2023.

2279272.2

ELLIS GEORGE CIPOLLONE

The Honorable James Donato
Page 2

contends this is (i.e., the numbers are wrong and there is no meaningful disparities in approval rates, or the numbers are right and the disparities are justified).

## I.   RELEVANT BACKGROUND

The Interrogatories were served on May 10, 2023.  **Exhibit A**.  On May 31, 2023, Wells Fargo's counsel requested an extension of time to respond, which undersigned Plaintiffs' counsel readily agreed to provide.  On June 26, 2023, Wells Fargo's counsel requested a second extension of time, and Plaintiffs' counsel again readily agreed.  Wells Fargo finally served its responses on July 14, 2023.  **Exhibit B**.  After interposing several unmeritorious boilerplate objections and invoking Federal Rule of Civil Procedure 33(d), Wells Fargo responded to each of Dr. Gray's Special Interrogatories, Set One as follows:  "Wells Fargo refers Plaintiff to the documents labeled WF-00000001 – WF-00000002, from which Plaintiff can calculate the rates at which particular actions were taken on HMDA-reportable loans originated and applications received with respect to different racial and ethnic categories."[2]

On July 20, 2023, undersigned Plaintiffs' counsel wrote Wells Fargo' counsel to address Wells Fargo's refusal to answer any of Dr. Gray or Mr. Braxton's interrogatories (save one partial response) and requesting answers by July 27, 2023.  Wells Fargo's counsel wrote back on July 26, 2023, indicating that Wells Fargo would stand on its objections and responses.  Counsel sent a draft of this letter on August 1, 2023, requesting a meet and confer.  Counsel met and conferred telephonically on August 3, 2023, but were unable to reach a resolution.

## II.   ARGUMENT AND REQUESTED RELIEF

Each of Wells Fargo's boilerplate objections is without merit.  *Gilbert v. Citigroup, Inc*, No. C 08-0385 SC (JL), 2009 WL 10692463, at *5 (N.D. Cal. Apr. 2, 2009) ("[T]he responding party should answer whatever part of the question is proper, object to the balance and provide some meaningful explanation of the basis for the objection." (citing Fed. R. Civ. P. 33(b)(1)).  "In order for a party to take advantage of the alternative procedure set forth in Rule 33(d), the burden of deriving or ascertaining the answer must be substantially the same for the party serving the interrogatory as for the party served, and the party responding must specify in sufficient detail where the answers can be found."  *West v. Ultimate Metals Co*., No. 13CV03651WHOMEJ, 2014 WL 466795, at *2 (N.D. Cal. Feb. 3, 2014) (citing *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Inv. Corp*., 711 F.2d 902, 906 (9th Cir. 1983)).  Indeed, "[a] respondent may not impose on an interrogating party a mass of records as to which research is feasible only for one familiar with the records."  Fed. R. Civ. P. 33(c) advisory committee's note to 1970 amendment.  And "[i]f compilations and summaries exist, these should be made available."  *L.H. v. Schwarzenegger*, No. CIV S06-2042 LKK GGH, 2007 WL 2781132, at *3 (E.D. Cal. Sept. 21, 2007) (citation and internal quotation marks omitted).

---

[2] Wells Fargo also invoked Rule 33(d) in its responses to Plaintiff Aaron Braxton's Special Interrogatories, Set One, Nos. 4, 5, 15, 16, 20, and 21, on which Plaintiffs will also move to compel absent a resolution by the parties.

ELLIS GEORGE CIPOLLONE

The Honorable James Donato
Page 3

For example, in *San Francisco Bay Area Rapid Transit District v. Spencer*, No. C 04-04632 SI, 2007 WL 421336, at *4 n.3 (N.D. Cal. Feb. 5, 2007), the defendant sought information regarding the nature and number of false claims associated with two key contracts in dispute. Relying on Rule 33(d), the plaintiff directed the defendant to the "progress billing applications" produced in the case. *Id.* The Court found that the plaintiff's response was an abuse of Rule 33(d), which "essentially told defendants to look through all of the payment applications and guess which of those [the plaintiff] would seek to recover for." *Id.*

Wells Fargo's refusal to answer the approval rate Interrogatories is improper. Relying on Rule 33(d) and merely directing Plaintiffs to analyze data that Wells Fargo admits is widely-interpretable, is to impose on Plaintiffs the same sort of guesswork that the Court in *San Francisco Bay Area Rapid Transit District* found to be an abuse of Rule 33(d). Wells Fargo is free to answer these Interrogatories by interpreting its own data with whatever data fields it finds relevant to respond to these Interrogatories. Certainly, Plaintiffs will have to analyze the data separately, which will require unforeseen hours of expert analysis given the complexity and volume of data, but Plaintiffs must have Wells Fargo's interpretation of its own data in order to establish the respective positions on how the data should be analyzed, if there is a difference at all. *See, e.g., United Oil Co. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 419 (D. Md. 2005) (relying on Rule 33(d) is unacceptable where the interrogatories "pose[d] questions of fact or mixed questions of law and fact which require[d] the exercise of particular knowledge and judgment on the part of the responding party").

Presumably, Wells Fargo has already analyzed its approval rates and can readily provide a narrative response to these Interrogatories. As described in Wells Fargo's initial disclosures, it performs "yearly fair lending analyses," and it defies belief that those analyses did not include such basic fair lending calculations as Wells Fargo's approval rates by race/ethnicity. Furthermore, as reported in the Bloomberg article, Wells Fargo claimed to have conducted an "internal review" showing that "'additional, legitimate, credit-related factors' were responsible for the differences" in approval rates. Wells Fargo is, of course, free to dispute the reason for its outsized approval rate disparities, but Plaintiffs are entitled to know Wells Fargo's position regarding the magnitude of those disparities, which is a purely factual question. And while the calculation may require certain methodological choices, this is no excuse for refusing to answer the Interrogatories at all. Wells Fargo can make whatever choices it deems appropriate and specify the methodology in its answers.

These Interrogatories specifically seek narrative answers regarding Wells Fargo's approval rates for white and minority loan applicants during the relevant period. Wells Fargo's failure to answer these fundamental Interrogatories prejudices Plaintiffs and imperils the schedule in this case. The answers are necessary, among other reasons, as a basic point of comparison to ensure how the parties are defining approval rates.

Plaintiffs respectfully ask this Court to compel narrative answers to each of the Interrogatories, regardless of any reliance on Rule 33(d), ***or preclude Wells Fargo from later admitting any evidence of its approval rates if that information is not so provided***.

2279272.2

ELLIS GEORGE CIPOLLONE

The Honorable James Donato
Page 4


DATED:  August 3, 2023         Respectfully submitted,

         ELLIS GEORGE CIPOLLONE O'BRIEN LLP

         By:       */s/ Dennis S. Ellis*
               Dennis S. Ellis (SBN 178196)
               2121 Avenue of the Stars, 30th Floor
               Los Angeles, California 90067
               Telephone: (310) 274-7100
               Facsimile: (310) 275-5697
               Email:  dellis@egcfirm.com

         *Interim Lead Class Counsel*

# EXHIBIT A

ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
Dennis S. Ellis (State Bar No. 178196)
    dellis@egcfirm.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

*Interim Lead Class Counsel*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Wells Fargo Mortgage Discrimination Litigation.* | Case No. 3:22-cv-00990-JD |
| | Honorable James Donato |
| | **PLAINTIFF GIA GRAY'S FIRST SET OF INTERROGATORIES TO DEFENDANT** |
| | Trial Date: None set. |

PROPOUNDING PARTY:    PLAINTIFF GIA GRAY

RESPONDING PARTY:     DEFENDANT WELLS FARGO BANK, N.A.

SET NO.:              ONE (1)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Gia Gray ("Plaintiff"), individually and as representative of a nationwide class of similarly situated applicants for original purchase mortgage, refinance and other home mortgage loans, by and through her attorneys, requests that Defendant Wells Fargo Bank, N.A., a Delaware corporation respond fully, in writing and under oath, to the following Interrogatories (the "Interrogatories") at the offices of Plaintiff's counsel, Ellis George Cipollone O'Brien Annaguey LLP, 2121 Avenue of the Stars, 30th Floor, Los Angeles, California 90067, as required by Federal Rule of Civil Procedure 33 within 30 days of service.

## DEFINITIONS AND INSTRUCTIONS

Plaintiff's Interrogatories should be read and construed in accordance with the following instructions and definitions:

A.     In responding to the below Interrogatories, Defendant must furnish all information in its possession, custody or control, including information within the custody or control of its officers, directors, predecessors, successors, attorneys, agents, investigators, employees, independent contractors, and all other persons acting on behalf of Defendant.

B.     The Interrogatories are to be considered as continuing to the extent permitted by Rule 26 of the Federal Rules of Civil Procedure, and Defendant has an ongoing obligation to provide such supplementary responses, documents and things as it or any other person acting on its behalf may hereafter obtain which augment or otherwise modify Defendant's responses and production to the Interrogatories below.  Such supplementary responses and production are to be served upon Plaintiff immediately after their receipt.

C.     Unless stated otherwise below, these Interrogatories seek all responsive information for the period January 1, 2017 to the present.

D.     As used herein, the words and phrases in the below Interrogatories shall have the following meaning or meanings:

1.  "YOU," "YOUR," "DEFENDANT," or "WELLS FARGO" means and refers to Defendant Wells Fargo Bank, N.A., a Delaware corporation, and any associated or affiliated corporation, partnership, or other entity, including, but not limited to, any current or former officer, director, employee, agent, or other representative of Defendant, or any other person or entity acting or purporting to act on Defendant's behalf.

2.  "DOCUMENT" or "DOCUMENTS" means all writings, recordings, photographs, originals, and duplicates (each of the foregoing as defined by Federal Rule of Evidence 1001), and shall include, without limitation, drawings, graphs, charts, e-mail, computer records, computer disks, hard drives, electronic or computerized data compilations, however produced or reproduced, any and all written correspondence, letters, telegrams, agreements, contracts, notes, memoranda, instructions, reports, financial statements, demands, data, schedules, notices, work papers, drafts, recordings (whether by electronic or other means), videotapes, analyses, interoffice or intercompany communications, notebooks, diaries, daily logs, appointment calendars, sketches, plans, specifications, blue prints, plats, diagrams, forms, manuals, brochures, catalogs, lists, publications, phone scripts, printouts from websites, minutes of meetings, journals, ledgers or other financial records, invoices, work tickets, purchase orders, canceled checks, and all other written or graphic material of any nature whatsoever, in Wells Fargo's possession or control.  A draft or non-identical copy of any Document requested herein is a separate Document within the meaning of this term.

3.  "IDENTIFY," should be construed with the broadest possible meaning to describe with specificity all relevant information, including with respect to documents and data, to the extent known: the (i) type of document or data; (ii) general subject matter; (iii) date of the documents or data; and (iv) author(s), addressee(s), and recipient(s); with reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to Defendant, current or last known residential and business address, and current or last known telephone number; and with reference to an entity or entities, means such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number.

4.  "RELATED TO" means any and all of the following terms and their synonyms: refer to, discuss, constitute, evidence, pertain to, mention, support, undermine, disprove, refute, contradict, negate, bear on, amend, revise, modify, touch on, contain, embody, reflect, identify, state, deal with, concern, comment on, summarize, respond to, relate to, or describe.

5.  "EMPLOYEE" means any agent performing work on Wells Fargo's behalf, whether classified as an employee or independent contractor, in the present or in the past.

6.  "PERSON," in the plural as well as the singular, means any natural person, association, partnership, corporation, joint venture, government entity,

organization, limited liability company, trust, institution, proprietorship, or any other entity recognized as having an existence under law.

7. "CREDIT FOR RESIDENTIAL REAL ESTATE" shall refer to all credit Wells Fargo offers to retail or individual applicants or customers for residential real estate including but not limited to home purchase loans, mortgages, mortgage refinancing, home equity loans/lines of credit, reverse mortgages or any other loan or mortgage Wells Fargo makes secured against residential property.

8. "MINORITY APPLICANTS" means Wells Fargo residential original purchase mortgage, refinance and other home mortgage loan applicants falling within any one of the ethnic or racial aggregate categories and subcategories set forth in "Regulation C" (12 C.F.R. 1003), other than "White, Not Hispanic or Latino."

9. "CORE" means the automated underwriting system utilized by Wells Fargo, the existence and use of which Wells Fargo admits exists in Paragraph 78 of its Answer (Dkt. 40).

10. "BLEND LABS" means "Blend Labs, Inc." with whom Wells Fargo Bank executed an agreement, as admitted in Paragraph 71 of its Answer (Dkt. 40).

11. "ELECTRONIC SERVICES" shall be construed with the broadest possible meaning to describe with specificity all electronic, computer, or cloud based hardware, software, or programs, including but not to all email, text, and messaging systems; software; applications; networks; intranet, internet, or ftp sites or locations; algorithms; algorithmic models; computer model/s; interpretable algorithmic computer models, neural network models, assessment tools; diagnostic tools; and other data sources or systems.

E.   In construing these Interrogatories:

1. The singular shall include the plural and the plural shall include the singular.

2. A masculine, feminine, or neutral pronoun shall not exclude the other genders.

3. Unless otherwise specified, these Interrogatories shall be construed as encompassing the period January 1, 2017 through the present.

F.   If Defendant claims a privilege over any matter requested herein, Defendant shall provide a privilege log identifying the privilege being asserted, the type of document and its subject matter, date, author name and job title, name and job title of addressee(s), length, bates number, and names and job titles of all recipients and custodians of the document. If Defendant claims a privilege over any portion of a document, the redacted portion should be identified on the privilege log and the remaining portions of the document should be produced.

G.      If any portion of a document is responsive to any Interrogatory, the entire document should be produced. If following a good faith search, Defendant determines that no responsive documents or data exists; Defendant should expressly so indicate in its response. If a document existed but has been destroyed, identify the last known custodian and describe in detail the circumstances of the document's destruction including date of destruction.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home mortgage refinance loans that YOU processed during calendar year 2018, broken out as follows:

(a)      White;

(b)      Black, non-Hispanic;

(c)      Hispanic and Latino, non-white;

(d)      Asian and Pacific Islander; and

(e)      Native American, American Indian or Alaskan Native.

### **INTERROGATORY NO. 2:**

IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home mortgage refinance loans that YOU processed during calendar year 2019, broken out as follows:

(a)      White;

(b)      Black, non-Hispanic;

(c)      Hispanic and Latino, non-white;

(d)      Asian and Pacific Islander; and

(e)      Native American, American Indian or Alaskan Native.

### **INTERROGATORY NO. 3:**

IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home mortgage refinance loans that YOU processed during calendar year 2020, broken out as follows:

(a)      White;

(b)      Black, non-Hispanic;

1    (c)    Hispanic and Latino, non-white;

2    (d)    Asian and Pacific Islander; and

3    (e)    Native American, American Indian or Alaskan Native.

4    **INTERROGATORY NO. 4:**

5        IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home

6    mortgage refinance loans that YOU processed during calendar year 2021, broken out as follows:

7    (a)    White;

8    (b)    Black, non-Hispanic;

9    (c)    Hispanic and Latino, non-white;

10    (d)    Asian and Pacific Islander; and

11    (e)    Native American, American Indian or Alaskan Native.

12    **INTERROGATORY NO. 5:**

13        IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home

14    mortgage refinance loans that YOU processed during calendar year 2022, broken out as follows:

15    (a)    White;

16    (b)    Black, non-Hispanic;

17    (c)    Hispanic and Latino, non-white;

18    (d)    Asian and Pacific Islander; and

19    (e)    Native American, American Indian or Alaskan Native.

20    **INTERROGATORY NO. 6:**

21        IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for originating

22    home mortgage loans that YOU processed during calendar year 2018, broken out as follows:

23    (a)    White;

24    (b)    Black, non-Hispanic;

25    (c)    Hispanic and Latino, non-white;

26    (d)    Asian and Pacific Islander; and

27    (e)    Native American, American Indian or Alaskan Native.

28    / / /

**INTERROGATORY NO. 7:**

IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for originating home mortgage loans that YOU processed during calendar year 2019, broken out as follows:

(a)     White;

(b)     Black, non-Hispanic;

(c)     Hispanic and Latino, non-white;

(d)     Asian and Pacific Islander; and

(e)     Native American, American Indian or Alaskan Native.

**INTERROGATORY NO. 8:**

IDENTIFY your approval rate for white and MINORITY APPLICANTS for originating home mortgage loans that YOU processed during calendar year 2020, broken out as follows:

(a)     White;

(b)     Black, non-Hispanic;

(c)     Hispanic and Latino, non-white;

(d)     Asian and Pacific Islander; and

(e)     Native American, American Indian or Alaskan Native.

**INTERROGATORY NO. 9:**

IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for originating home mortgage loans that YOU processed during calendar year 2021, broken out as follows:

(a)     White;

(b)     Black, non-Hispanic;

(c)     Hispanic and Latino, non-white;

(d)     Asian and Pacific Islander; and

(e)     Native American, American Indian or Alaskan Native.

**INTERROGATORY NO. 10:**

IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for originating home mortgage loans that YOU processed during calendar year 2022, broken out as follows:

(a)     White;

(b)     Black, non-Hispanic;

(c)     Hispanic and Latino, non-white;

(d)     Asian and Pacific Islander; and

(e)     Native American, American Indian or Alaskan Native.

**<u>INTERROGATORY NO. 11:</u>**

IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home equity lines of credit (HELOC) loans that YOU processed during calendar year 2018, broken out as follows:

(a)     White;

(b)     Black, non-Hispanic;

(c)     Hispanic and Latino, non-white;

(d)     Asian and Pacific Islander; and

(e)     Native American, American Indian or Alaskan Native.

**<u>INTERROGATORY NO. 12:</u>**

IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home equity lines of credit (HELOC) loans that YOU processed during calendar year 2019, broken out as follows:

(a)     White;

(b)     Black, non-Hispanic;

(c)     Hispanic and Latino, non-white;

(d)     Asian and Pacific Islander; and

(e)     Native American, American Indian or Alaskan Native.

**<u>INTERROGATORY NO. 13:</u>**

IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home equity lines of credit (HELOC) loans that YOU processed during calendar year 2020, broken out as follows:

(a)     White;

(b)     Black, non-Hispanic;

PLAINTIFF GIA GRAY'S FIRST SET OF INTERROGATORIES TO DEFENDANT

(c)     Hispanic and Latino, non-white;

(d)     Asian and Pacific Islander; and

(e)     Native American, American Indian or Alaskan Native.

**INTERROGATORY NO. 14:**

Identify YOUR approval rate for white and MINORITY APPLICANTS for home equity lines of credit (HELOC) loans that YOU processed during calendar year 2021, broken out as follows:

(a)     White;

(b)     Black, non-Hispanic;

(c)     Hispanic and Latino, non-white;

(d)     Asian and Pacific Islander; and

(e)     Native American, American Indian or Alaskan Native.

**INTERROGATORY NO. 15:**

IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home equity lines of credit (HELOC) loans that YOU processed during calendar year 2022, broken out as follows:

(a)     White;

(b)     Black, non-Hispanic;

(c)     Hispanic and Latino, non-white;

(d)     Asian and Pacific Islander; and

(e)     Native American, American Indian or Alaskan Native.

PLAINTIFF GIA GRAY'S FIRST SET OF INTERROGATORIES TO DEFENDANT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  May 10, 2023

Respectfully submitted on behalf of Plaintiff
Gia Gray,

ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP

By:  _____/s/ Dennis S. Ellis_____
            Dennis S. Ellis

On behalf of Plaintiff as Interim Lead Counsel

## PROOF OF SERVICE

*In re Wells Fargo Mortgage Discrimination Litigation.*

Northern District of California Case No. 3:22-cv-00990-JD

I, Thomas A. Zimmerman, Jr., declare as follows:

I am employed in the County of Cook, State of Illinois, over the age of 18, and not a party to this action. My business address is Zimmerman Law Offices, P.C., 77 West Washington Street, Suite 1220, Chicago, Illinois 60602.

On May 10, 2023, I instituted service of the foregoing document(s) described as:

**PLAINTIFF GIA GRAY'S FIRST SET OF
INTERROGATORIES TO DEFENDANT**

on the following parties:

**Counsel for Defendant**

AMANDA L. GROVES
agroves@winston.com
KOBI K. BRINSON
kbrinson@winston.com
STACIE C. KNIGHT
sknight@winston.com
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071

AVA E. LIAS-BOOKER
aliasbooker@mcguirewoods.com
ALICIA A. BAIARDO
abaiardo@mcguirewoods.com
JASMINE K. GARDNER
jgardner@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111-3821

in the manner described below:

**[X]**   **BY EMAIL:**   I transmitted the foregoing document(s) electronically via the email addresses listed above, as agreed upon by the Parties.

**[XX]**   **FEDERAL:**   I certify under penalty of perjury that the foregoing is true and correct.

Executed May 10, 2023, at Chicago, Illinois.

/s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr.

# EXHIBIT B

1   Amanda L. Groves (SBN: 187216)
    agroves@winston.com
2   WINSTON & STRAWN LLP
    101 California Street, 35th Floor
3   San Francisco, CA 94111
    Telephone: (415) 591-1000
4   Facsimile: (415) 591-1400

5   Alicia A. Baiardo (SBN: 254228)
    abaiardo@mcguirewoods.com
6   MCGUIRE WOODS LLP
    Two Embarcadero Center, Suite 1300
7   San Francisco, CA  94111-3821
    Telephone: (415) 844-9944
8   Facsimile: (415) 844-9922

9   *(Additional Counsel on Signature Page)*

10  Attorneys for Defendant
    WELLS FARGO BANK, N.A.

11

12              **UNITED STATES DISTRICT COURT**

13           **NORTHERN DISTRICT OF CALIFORNIA**

14                **SAN FRANCISCO DIVISION**

15  *In re Wells Fargo Mortgage Discrimination Litigation.*   |   Case No. 3:22-CV-00990-JD

16                                                                Honorable James Donato

17                                                            **DEFENDANT WELLS FARGO BANK, N.A.'S OBJECTIONS AND RESPONSES TO PLAINTIFF GIA GRAY'S FIRST SET OF INTERROGATORIES**

18

19

20                                                            Trial:  None Set

21

22

23

24

25

26

27

28

1  **PROPOUNDING PARTIES:**       **PLAINTIFF GIA GRAY**

2  **RESPONDING PARTY:**          **DEFENDANT WELLS FARGO BANK, N.A.**

3  **SET NO.:**                   **ONE (1)**

4          Pursuant to Federal Rule of Civil Procedure 33, Defendant Wells Fargo Bank, N.A. ("Wells

5  Fargo") hereby objects and responds to Plaintiff Gia Gray's ("Plaintiff") First Set of Interrogatories

6  as follows:

7               **<u>OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS</u>**

8          1.      Wells Fargo does not intend, and its responses should not be construed as, an

9  agreement or acquiescence with any characterization of fact, assumption, or conclusion of law

10 contained in or implied by any Interrogatories. Wells Fargo's responses, including any actual

11 production of requested information or documents, shall not be construed as an admission of the

12 admissibility or relevance of any information or documents produced in response to the

13 Interrogatories. Wells Fargo reserves all evidentiary objections, including, without limitation,

14 objections to the relevance and admissibility of requested information and documents.

15         2.      Wells Fargo objects to the Instructions and Definitions in the Interrogatories to the

16 extent they purport to impose an obligation upon Wells Fargo beyond the requirements of the

17 Federal Rules of Civil Procedure, the ESI Protocol, or any order of the Court.

18         3.      All information provided in response to these Interrogatories is provided based upon

19 information presently available to Wells Fargo after a reasonably diligent investigation of the facts

20 from persons likely to have responsive information or materials, and from a reasonably thorough

21 search through those of Wells Fargo's files where requested information, not subject to objection,

22 was likely found. In the event that any responses change or further or different information becomes

23 available, Wells Fargo will timely supplement its response in accordance with the requirements of

24 the Federal Rules of Civil Procedure.

25         4.      Wells Fargo objects to the Definition of "Credit for Residential Real Estate" as

26 overbroad, unduly burdensome, and not proportional to the claims and defenses asserted in this

27 action because this Definition includes "or any other loan or mortgage Wells Fargo makes secured

28

1

DEFENDANT WELLS FARGO BANK, N.A.'S OBJECTIONS AND RESPONSES
TO PLAINTIFF GIA GRAY'S FIRST SET OF INTERROGATORIES
CASE NO: 3:22-CV-00990-JD

1   against residential property."  As agreed by the parties, Wells Fargo will respond to these

2   Interrogatories within the scope of those loans that are reportable pursuant to the Home Mortgage

3   Disclosure Act ("HMDA"). See 12 C.F.R. §§ 1003, Supp. I, cmt. 2b-1, cmt. 2b- 2; 1003.2(b), (b)(1),

4   (d)(2); 1003.4(a).

5       5.      Wells Fargo objects to Plaintiff's instruction at E.3. as overly broad, unduly

6   burdensome, and not proportional to the needs of the case because it is overly expansive in time and

7   scope and imposes a burden on Wells Fargo that outweighs any benefit to the Parties. Wells Fargo

8   objects to this Request on the basis that it calls for production of documents not relevant to the

9   claims or defenses at issue in this action because it requests information dating back to January 1,

10  2017. Such information is not relevant to the claims and defenses of the parties.  The putative class

11  period at issue has been defined as commencing on January 1, 2018.  Accordingly, Wells Fargo will

12  confine its responses and production to this time period.

13                                **RESPONSES & OBJECTIONS**

14  **INTERROGATORY NO. 1:**

15      IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home

16  mortgage refinance loans that YOU processed during calendar year 2018, broken out as follows:

17      (a)     White;

18      (b)     Black, non-Hispanic;

19      (c)     Hispanic and Latino, non-white;

20      (d)     Asian and Pacific Islander; and

21      (e)     Native American, American Indian or Alaskan Native.

22  **RESPONSE:**

23      Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with

24  respect to the undefined term "approval rate" because it is unclear, for example, how applications

25  that were withdrawn, closed for incompleteness, or denied for incompleteness should be handled.

26  Wells Fargo further objects to this Interrogatory on the basis that it is vague and ambiguous because

27  neither the definition of MINORITY APPLICANTS nor the specific racial and ethnic categories by

28

1   which the approval rate is to be broken out specify how to handle applicants and co-applicants who

2   report more than one race or ethnicity or how to handle applicants and co-applicants who report

3   different races or ethnicities from each other.  Wells Fargo further objects to this Interrogatory as

4   vague and ambiguous because it does not specify how to handle applicants and co-applicants who

5   refused to provide information about their race and/or ethnicity.  Wells Fargo objects to this

6   Interrogatory on the basis that it is vague and ambiguous with respect to the term "processed"

7   because it potentially includes all loans, including purchased loans, which are out of the scope of this

8   matter.  Wells Fargo further objects to this Interrogatory on the basis that it is overly broad and seeks

9   irrelevant information, including information about purchased loans.

10      Subject to and without waiving these objections, pursuant to Rule 33(d), Wells Fargo refers

11   Plaintiff to the documents labeled WF-00000001 - WF-00000002, from which Plaintiff can calculate

12   the rates at which particular actions were taken on HMDA-reportable loans originated and

13   applications received with respect to different racial and ethnic categories (as determined by the

14   procedures set out in 12 C.F.R. Pt. 1003 ("Regulation C")) during calendar year 2018.

15   **INTERROGATORY NO. 2:**

16      IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home

17   mortgage refinance loans that YOU processed during calendar year 2019, broken out as follows:

18      (a)   White;

19      (b)   Black, non-Hispanic;

20      (c)   Hispanic and Latino, non-white;

21      (d)   Asian and Pacific Islander; and

22      (e)   Native American, American Indian or Alaskan Native.

23   **RESPONSE:**

24      Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with

25   respect to the undefined term "approval rate" because it is unclear, for example, how applications

26   that were withdrawn, closed for incompleteness, or denied for incompleteness should be handled.

27   Wells Fargo further objects to this Interrogatory on the basis that it is vague and ambiguous because

28

neither the definition of MINORITY APPLICANTS nor the specific racial and ethnic categories by which the approval rate is to be broken out specify how to handle applicants and co-applicants who report more than one race or ethnicity or how to handle applicants and co-applicants who report different races or ethnicities from each other. Wells Fargo further objects to this Interrogatory as vague and ambiguous because it does not specify how to handle applicants and co-applicants who refused to provide information about their race and/or ethnicity.   Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with respect to the term "processed" because it potentially includes all loans, including purchased loans, which are out of the scope of this matter.  Wells Fargo further objects to this Interrogatory on the basis that it is overly broad and seeks irrelevant information, including information about purchased loans.

Subject to and without waiving these objections, pursuant to Rule 33(d), Wells Fargo refers Plaintiff to the documents labeled WF-00000001 - WF-00000002, from which Plaintiff can calculate the rates at which particular actions were taken on HMDA-reportable loans originated and applications received with

respect to different racial and ethnic categories (as determined by the procedures set out in Regulation C" during calendar year 2019.

**INTERROGATORY NO. 3:**

IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home mortgage refinance loans that YOU processed during calendar year 2020, broken out as follows:

(a)     White;

(b)     Black, non-Hispanic;

(c)     Hispanic and Latino, non-white;

(d)     Asian and Pacific Islander; and

(e)     Native American, American Indian or Alaskan Native.

**RESPONSE:**

Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with respect to the undefined term "approval rate" because it is unclear, for example, how applications

1   that were withdrawn, closed for incompleteness, or denied for incompleteness should be handled.

2   Wells Fargo further objects to this Interrogatory on the basis that it is vague and ambiguous because

3   neither the definition of MINORITY APPLICANTS nor the specific racial and ethnic categories by

4   which the approval rate is to be broken out specify how to handle applicants and co-applicants who

5   report more than one race or ethnicity or how to handle applicants and co-applicants who report

6   different races or ethnicities from each other. Wells Fargo further objects to this Interrogatory as

7   vague and ambiguous because it does not specify how to handle applicants and co-applicants who

8   refused to provide information about their race and/or ethnicity. Wells Fargo objects to this

9   Interrogatory on the basis that it is vague and ambiguous with respect to the term "processed"

10  because it potentially includes all loans, including purchased loans, which are out of the scope of this

11  matter.  Wells Fargo further objects to this Interrogatory on the basis that it is overly broad and seeks

12  irrelevant information, including information about purchased loans.

13      Subject to and without waiving these objections, pursuant to Rule 33(d), Wells Fargo refers

14  Plaintiff to the documents labeled WF-00000001 - WF-00000002, from which Plaintiff can calculate

15  the rates at which particular actions were taken on HMDA-reportable loans originated and

16  applications received with respect to different racial and ethnic categories (as determined by the

17  procedures set out in Regulation C) during calendar year 2020.

18  **<u>INTERROGATORY NO. 4:</u>**

19      IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home

20  mortgage refinance loans that YOU processed during calendar year 2021, broken out as follows:

21      (a)   White;

22      (b)   Black, non-Hispanic;

23      (c)   Hispanic and Latino, non-white;

24      (d)   Asian and Pacific Islander; and

25      (e)   Native American, American Indian or Alaskan Native.

26  **<u>RESPONSE:</u>**

27      Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with

28

respect to the undefined term "approval rate" because it is unclear, for example, how applications

that were withdrawn, closed for incompleteness, or denied for incompleteness should be handled.

Wells Fargo further objects to this Interrogatory on the basis that it is vague and ambiguous because

neither the definition of MINORITY APPLICANTS nor the specific racial and ethnic categories by

which the approval rate is to be broken out specify how to handle applicants and co-applicants who

report more than one race or ethnicity or how to handle applicants and co-applicants who report

different races or ethnicities from each other.  Wells Fargo further objects to this Interrogatory as

vague and ambiguous because it does not specify how to handle applicants and co-applicants who

refused to provide information about their race and/or ethnicity.  Wells Fargo objects to this

Interrogatory on the basis that it is vague and ambiguous with respect to the term "processed"

because it potentially includes all loans, including purchased loans, which are out of the scope of this

matter. Wells Fargo further objects to this Interrogatory on the basis that it is overly broad and seeks

irrelevant information, including information about purchased loans.

Subject to and without waiving these objections, pursuant to Rule 33(d), Wells Fargo refers

Plaintiff to the documents labeled WF-00000001 - WF-00000002, from which Plaintiff can calculate

the rates at which particular actions were taken on HMDA-reportable loans originated and

applications received with respect to different racial and ethnic categories (as determined by the

procedures set out in Regulation C) during calendar year 2021.

**<u>INTERROGATORY NO. 5:</u>**

IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home

mortgage refinance loans that YOU processed during calendar year 2022, broken out as follows:

(a)     White;

(b)     Black, non-Hispanic;

(c)     Hispanic and Latino, non-white;

(d)     Asian and Pacific Islander; and

(e)     Native American, American Indian or Alaskan Native.

**RESPONSE:**

Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with respect to the undefined term "approval rate" because it is unclear, for example, how applications that were withdrawn, closed for incompleteness, or denied for incompleteness should be handled. Wells Fargo further objects to this Interrogatory on the basis that it is vague and ambiguous because neither the definition of MINORITY APPLICANTS nor the specific racial and ethnic categories by which the approval rate is to be broken out specify how to handle applicants and co-applicants who report more than one race or ethnicity or how to handle applicants and co-applicants who report different races or ethnicities from each other. Wells Fargo further objects to this Interrogatory as vague and ambiguous because it does not specify how to handle applicants and co-applicants who refused to provide information about their race and/or ethnicity. Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with respect to the term "processed" because it potentially includes all loans, including purchased loans, which are out of the scope of this matter. Wells Fargo further objects to this Interrogatory on the basis that it is overly broad and seeks irrelevant information, including information about purchased loans.

Subject to and without waiving these objections, pursuant to Rule 33(d), Wells Fargo refers Plaintiff to the documents labeled WF-00000001 - WF-00000002, from which Plaintiff can calculate the rates at which particular actions were taken on HMDA-reportable loans originated and applications received with respect to different racial and ethnic categories (as determined by Regulation C) during calendar year 2022.

**INTERROGATORY NO. 6:**

IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for originating home mortgage loans that YOU processed during calendar year 2018, broken out as follows:

(a)     White;

(b)     Black, non-Hispanic;

(c)     Hispanic and Latino, non-white;

(d)     Asian and Pacific Islander; and

7

DEFENDANT WELLS FARGO BANK, N.A.'S OBJECTIONS AND RESPONSES
TO PLAINTIFF GIA GRAY'S FIRST SET OF INTERROGATORIES
CASE NO: 3:22-CV-00990-JD

1          (e)     Native American, American Indian or Alaskan Native.

2    **RESPONSE:**

3          Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with

4    respect to the undefined term "approval rate" because it is unclear, for example, how applications

5    that were withdrawn, closed for incompleteness, or denied for incompleteness should be handled.

6    Wells Fargo further objects to this Interrogatory on the basis that it is vague and ambiguous because

7    neither the definition of MINORITY APPLICANTS nor the specific racial and ethnic categories by

8    which the approval rate is to be broken out specify how to handle applicants and co-applicants who

9    report more than one race or ethnicity or how to handle applicants and co-applicants who report

10    different races or ethnicities from each other.  Wells Fargo further objects to this Interrogatory as

11    vague and ambiguous because it does not specify how to handle applicants and co-applicants who

12    refused to provide information about their race and/or ethnicity.  Wells Fargo objects to this

13    Interrogatory on the basis that it is vague and ambiguous with respect to the term "processed"

14    because it potentially includes all loans, including purchased loans, which are out of the scope of this

15    matter.  Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with

16    respect to the term "originating home mortgage loans" insofar as that term is intended to refer to

17    something distinct from "home mortgage refinance loans" and "HELOCs."  Wells Fargo further

18    objects to this Interrogatory on the basis that it is overly broad and seeks irrelevant information,

19    including information about purchased loans.

20          Subject to and without waiving these objections, pursuant to Rule 33(d), Wells Fargo refers

21    Plaintiff to the documents labeled WF-00000001 - WF-00000002, from which Plaintiff can calculate

22    the rates at which particular actions were taken on HMDA-reportable loans originated and

23    applications received with respect to different racial and ethnic categories (as determined by the

24    procedures set out in Regulation C) during calendar year 2018.

25    **INTERROGATORY NO. 7:**

26          IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for originating

27    home mortgage loans that YOU processed during calendar year 2019, broken out as follows:

28

1        (a)    White;

2        (b)    Black, non-Hispanic;

3        (c)    Hispanic and Latino, non-white;

4        (d)    Asian and Pacific Islander; and

5        (e)    Native American, American Indian or Alaskan Native.

6    **RESPONSE:**

7            Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with

8    respect to the undefined term "approval rate" because it is unclear, for example, how applications

9    that were withdrawn, closed for incompleteness, or denied for incompleteness should be handled.

10   Wells Fargo further objects to this Interrogatory on the basis that it is vague and ambiguous because

11   neither the definition of MINORITY APPLICANTS nor the specific racial and ethnic categories by

12   which the approval rate is to be broken out specify how to handle applicants and co-applicants who

13   report more than one race or ethnicity or how to handle applicants and co-applicants who report

14   different races or ethnicities from each other. Wells Fargo further objects to this Interrogatory as

15   vague and ambiguous because it does not specify how to handle applicants and co-applicants who

16   refused to provide information about their race and/or ethnicity.  Wells Fargo objects to this

17   Interrogatory on the basis that it is vague and ambiguous with respect to the term "processed"

18   because it potentially includes all loans, including purchased loans, which are out of the scope of this

19   matter. Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with

20   respect to the term "originating home mortgage loans" insofar as that term is intended to refer to

21   something distinct from "home mortgage refinance loans" and "HELOCs."   Wells Fargo further

22   objects to this Interrogatory on the basis that it is overly broad and seeks irrelevant information,

23   including information about purchased loans.

24           Subject to and without waiving these objections, pursuant to Rule 33(d), Wells Fargo refers

25   Plaintiff to the documents labeled WF-00000001 - WF-00000002, from which Plaintiff can calculate

26   the rates at which particular actions were taken on HMDA-reportable loans originated and

27   applications received with respect to different racial and ethnic categories (as determined by the

28

9

DEFENDANT WELLS FARGO BANK, N.A.'S OBJECTIONS AND RESPONSES
TO PLAINTIFF GIA GRAY'S FIRST SET OF INTERROGATORIES
CASE NO: 3:22-CV-00990-JD

1   procedures set out in Regulation C) during calendar year 2019.

2   **INTERROGATORY NO. 8:**

3   IDENTIFY your approval rate for white and MINORITY APPLICANTS for originating home

4   mortgage loans that YOU processed during calendar year 2020, broken out as follows:

5   (a)   White;

6   (b)   Black, non-Hispanic;

7   (c)   Hispanic and Latino, non-white;

8   (d)   Asian and Pacific Islander; and

9   (e)   Native American, American Indian or Alaskan Native.

10  **RESPONSE:**

11  Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with

12  respect to the undefined term "approval rate" because it is unclear, for example, how applications

13  that were withdrawn, closed for incompleteness, or denied for incompleteness should be handled.

14  Wells Fargo further objects to this Interrogatory on the basis that it is vague and ambiguous because

15  neither the definition of MINORITY APPLICANTS nor the specific racial and ethnic categories by

16  which the approval rate is to be broken out specify how to handle applicants and co-applicants who

17  report more than one race or ethnicity or how to handle applicants and co-applicants who report

18  different races or ethnicities from each other. Wells Fargo further objects to this Interrogatory as

19  vague and ambiguous because it does not specify how to handle applicants and co-applicants who

20  refused to provide information about their race and/or ethnicity.  Wells Fargo objects to this

21  Interrogatory on the basis that it is vague and ambiguous with respect to the term "processed"

22  because it potentially includes all loans, including purchased loans, which are out of the scope of this

23  matter. Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with

24  respect to the term "originating home mortgage loans" insofar as that term is intended to refer to

25  something distinct from "home mortgage refinance loans" and "HELOCs."   Wells Fargo further

26  objects to this Interrogatory on the basis that it is overly broad and seeks irrelevant information,

27  including information about purchased loans.

28

1    Subject to and without waiving these objections, pursuant to Rule 33(d), Wells Fargo refers

2    Plaintiff to the documents labeled WF-00000001 - WF-00000002, from which Plaintiff can calculate

3    the rates at which particular actions were taken on HMDA-reportable loans originated and

4    applications received with respect to different racial and ethnic categories (as determined by the

5    procedures set out in Regulation C) during calendar year 2020.

6    **INTERROGATORY NO. 9:**

7    IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for originating

8    home mortgage loans that YOU processed during calendar year 2021, broken out as follows:

9    (a)    White;

10    (b)    Black, non-Hispanic;

11    (c)    Hispanic and Latino, non-white;

12    (d)    Asian and Pacific Islander; and

13    (e)    Native American, American Indian or Alaskan Native.

14    **RESPONSE:**

15    Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with

16    respect to the undefined term "approval rate" because it is unclear, for example, how applications

17    that were withdrawn, closed for incompleteness, or denied for incompleteness should be handled.

18    Wells Fargo further objects to this Interrogatory on the basis that it is vague and ambiguous because

19    neither the definition of MINORITY APPLICANTS nor the specific racial and ethnic categories by

20    which the approval rate is to be broken out specify how to handle applicants and co-applicants who

21    report more than one race or ethnicity or how to handle applicants and co-applicants who report

22    different races or ethnicities from each other. Wells Fargo further objects to this Interrogatory as

23    vague and ambiguous because it does not specify how to handle applicants and co-applicants who

24    refused to provide information about their race and/or ethnicity.  Wells Fargo objects to this

25    Interrogatory on the basis that it is vague and ambiguous with respect to the term "processed"

26    because it potentially includes all loans, including purchased loans, which are out of the scope of this

27    matter. Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with

28

1    respect to the term "originating home mortgage loans" insofar as that term is intended to refer to

2    something distinct from "home mortgage refinance loans" and "HELOCs."   Wells Fargo further

3    objects to this Interrogatory on the basis that it is overly broad and seeks irrelevant information,

4    including information about purchased loans.

5         Subject to and without waiving these objections, pursuant to Rule 33(d), Wells Fargo refers

6    Plaintiff to the documents labeled WF-00000001 - WF-00000002, from which Plaintiff can calculate

7    the rates at which particular actions were taken on HMDA-reportable loans originated and

8    applications received with respect to different racial and ethnic categories (as determined by the

9    procedures set out in Regulation C) during calendar year 2021.

10   **INTERROGATORY NO. 10:**

11        IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for originating

12   home mortgage loans that YOU processed during calendar year 2022, broken out as follows:

13        (a)    White;

14        (b)    Black, non-Hispanic;

15        (c)    Hispanic and Latino, non-white;

16        (d)    Asian and Pacific Islander; and

17        (e)    Native American, American Indian or Alaskan Native.

18   **RESPONSE:**

19        Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with

20   respect to the undefined term "approval rate" because it is unclear, for example, how applications

21   that were withdrawn, closed for incompleteness, or denied for incompleteness should be handled.

22   Wells Fargo further objects to this Interrogatory on the basis that it is vague and ambiguous because

23   neither the definition of MINORITY APPLICANTS nor the specific racial and ethnic categories by

24   which the approval rate is to be broken out specify how to handle applicants and co-applicants who

25   report more than one race or ethnicity or how to handle applicants and co-applicants who report

26   different races or ethnicities from each other. Wells Fargo further objects to this Interrogatory as

27   vague and ambiguous because it does not specify how to handle applicants and co-applicants who

28

refused to provide information about their race and/or ethnicity.  Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with respect to the term "processed" because it potentially includes all loans, including purchased loans, which are out of the scope of this matter. Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with respect to the term "originating home mortgage loans" insofar as that term is intended to refer to something distinct from "home mortgage refinance loans" and "HELOCs."   Wells Fargo further objects to this Interrogatory on the basis that it is overly broad and seeks irrelevant information, including information about purchased loans.

Subject to and without waiving these objections, pursuant to Rule 33(d), Wells Fargo refers Plaintiff to the documents labeled WF-00000001 - WF-00000002, from which Plaintiff can calculate the rates at which particular actions were taken on HMDA-reportable loans originated and applications received with respect to different racial and ethnic categories (as determined by the procedures set out in Regulation C) during calendar year 2022.

**INTERROGATORY NO. 11:**

IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home equity lines of credit (HELOC) loans that YOU processed during calendar year 2018, broken out as follows:

(a)     White;

(b)     Black, non-Hispanic;

(c)     Hispanic and Latino, non-white;

(d)     Asian and Pacific Islander; and

(e)     Native American, American Indian or Alaskan Native.

**RESPONSE:**

Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with respect to the undefined term "approval rate" because it is unclear, for example, how applications that were withdrawn, closed for incompleteness, or denied for incompleteness should be handled. Wells Fargo further objects to this Interrogatory on the basis that it is vague and ambiguous because

neither the definition of MINORITY APPLICANTS nor the specific racial and ethnic categories by which the approval rate is to be broken out specify how to handle applicants and co-applicants who report more than one race or ethnicity or how to handle applicants and co-applicants who report different races or ethnicities from each other. Wells Fargo further objects to this Interrogatory as vague and ambiguous because it does not specify how to handle applicants and co-applicants who refused to provide information about their race and/or ethnicity.  Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with respect to the term "processed" because it potentially includes all loans, including purchased loans, which are out of the scope of this matter. Wells Fargo further objects to this Interrogatory on the basis that it is overly broad and seeks irrelevant information, including information about purchased loans.

Subject to and without waiving these objections, pursuant to Rule 33(d), Wells Fargo refers Plaintiff to the documents labeled WF-00000001 - WF-00000002, from which Plaintiff can calculate the rates at which particular actions were taken on HMDA-reportable loans originated and applications received with respect to different racial and ethnic categories (as determined by the procedures set out in Regulation C) during calendar year 2018.

**INTERROGATORY NO. 12:**

IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home equity lines of credit (HELOC) loans that YOU processed during calendar year 2019, broken out as follows:

(a)     White;

(b)     Black, non-Hispanic;

(c)     Hispanic and Latino, non-white;

(d)     Asian and Pacific Islander; and

(e)     Native American, American Indian or Alaskan Native.

**RESPONSE:**

Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with respect to the undefined term "approval rate" because it is unclear, for example, how applications

1    that were withdrawn, closed for incompleteness, or denied for incompleteness should be handled.

2    Wells Fargo further objects to this Interrogatory on the basis that it is vague and ambiguous because

3    neither the definition of MINORITY APPLICANTS nor the specific racial and ethnic categories by

4    which the approval rate is to be broken out specify how to handle applicants and co-applicants who

5    report more than one race or ethnicity or how to handle applicants and co-applicants who report

6    different races or ethnicities from each other. Wells Fargo further objects to this Interrogatory as

7    vague and ambiguous because it does not specify how to handle applicants and co-applicants who

8    refused to provide information about their race and/or ethnicity.  Wells Fargo objects to this

9    Interrogatory on the basis that it is vague and ambiguous with respect to the term "processed"

10   because it potentially includes all loans, including purchased loans, which are out of the scope of this

11   matter. Wells Fargo further objects to this Interrogatory on the basis that it is overly broad and seeks

12   irrelevant information, including information about purchased loans.

13          Subject to and without waiving these objections, pursuant to Rule 33(d), Wells Fargo refers

14   Plaintiff to the documents labeled WF-00000001 - WF-00000002, from which Plaintiff can calculate

15   the rates at which particular actions were taken on HMDA-reportable loans originated and

16   applications received with respect to different racial and ethnic categories (as determined by the

17   procedures set out in Regulation C) during calendar year 2019.

18   **<u>INTERROGATORY NO. 13:</u>**

19          IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home equity

20   lines of credit (HELOC) loans that YOU processed during calendar year 2020, broken out as

21   follows:

22          (a)      White;

23          (b)      Black, non-Hispanic;

24          (c)      Hispanic and Latino, non-white;

25          (d)      Asian and Pacific Islander; and

26          (e)      Native American, American Indian or Alaskan Native.

27

28

1

**RESPONSE:**

2   Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with

3 respect to the undefined term "approval rate" because it is unclear, for example, how applications

4 that were withdrawn, closed for incompleteness, or denied for incompleteness should be handled.

5 Wells Fargo further objects to this Interrogatory on the basis that it is vague and ambiguous because

6 neither the definition of MINORITY APPLICANTS nor the specific racial and ethnic categories by

7 which the approval rate is to be broken out specify how to handle applicants and co-applicants who

8 report more than one race or ethnicity or how to handle applicants and co-applicants who report

9 different races or ethnicities from each other. Wells Fargo further objects to this Interrogatory as

10 vague and ambiguous because it does not specify how to handle applicants and co-applicants who

11 refused to provide information about their race and/or ethnicity.  Wells Fargo objects to this

12 Interrogatory on the basis that it is vague and ambiguous with respect to the term "processed"

13 because it potentially includes all loans, including purchased loans, which are out of the scope of this

14 matter. Wells Fargo further objects to this Interrogatory on the basis that it is overly broad and seeks

15 irrelevant information, including information about purchased loans.

16   Subject to and without waiving these objections, pursuant to Rule 33(d), Wells Fargo refers

17 Plaintiff to the documents labeled WF-00000001 - WF-00000002, from which Plaintiff can calculate

18 the rates at which particular actions were taken on HMDA-reportable loans originated and

19 applications received with respect to different racial and ethnic categories (as determined by the

20 procedures set out in Regulation C) during calendar year 2020.

21

**INTERROGATORY NO. 14:**

22   Identify YOUR approval rate for white and MINORITY APPLICANTS for home equity

23 lines of credit (HELOC) loans that YOU processed during calendar year 2021, broken out as

24 follows:

25   (a)  White;

26   (b)  Black, non-Hispanic;

27   (c)  Hispanic and Latino, non-white;

28

1    (d)    Asian and Pacific Islander; and

2    (e)    Native American, American Indian or Alaskan Native.

3    **RESPONSE:**

4    Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with

5    respect to the undefined term "approval rate" because it is unclear, for example, how applications

6    that were withdrawn, closed for incompleteness, or denied for incompleteness should be handled.

7    Wells Fargo further objects to this Interrogatory on the basis that it is vague and ambiguous because

8    neither the definition of MINORITY APPLICANTS nor the specific racial and ethnic categories by

9    which the approval rate is to be broken out specify how to handle applicants and co-applicants who

10   report more than one race or ethnicity or how to handle applicants and co-applicants who report

11   different races or ethnicities from each other. Wells Fargo further objects to this Interrogatory

12   vague and ambiguous because it does not specify how to handle applicants and co-applicants who

13   refused to provide information about their race and/or ethnicity.  Wells Fargo objects to this

14   Interrogatory on the basis that it is vague and ambiguous with respect to the term "processed"

15   because it potentially includes all loans, including purchased loans, which are out of the scope of this

16   matter. Wells Fargo further objects to this Interrogatory on the basis that it is overly broad and seeks

17   irrelevant information, including information about purchased loans.

18   Subject to and without waiving these objections, pursuant to Rule 33(d), Wells Fargo refers

19   Plaintiff to the documents labeled WF-00000001 - WF-00000002, from which Plaintiff can calculate

20   the rates at which particular actions were taken on HMDA-reportable loans originated and

21   applications received with respect to different racial and ethnic categories (as determined by the

22   procedures set out in Regulation C) during calendar year 2021.

23   **INTERROGATORY NO. 15:**

24   IDENTIFY YOUR approval rate for white and MINORITY APPLICANTS for home equity

25   lines of credit (HELOC) loans that YOU processed during calendar year 2022, broken out as

26   follows:

27   (a)    White;

28

17

1         (b)      Black, non-Hispanic;

2         (c)      Hispanic and Latino, non-white;

3         (d)      Asian and Pacific Islander; and

4         (e)      Native American, American Indian or Alaskan Native.

5 **RESPONSE:**

6       Wells Fargo objects to this Interrogatory on the basis that it is vague and ambiguous with

7 respect to the undefined term "approval rate" because it is unclear, for example, how applications

8 that were withdrawn, closed for incompleteness, or denied for incompleteness should be handled.

9 Wells Fargo further objects to this Interrogatory on the basis that it is vague and ambiguous because

10 neither the definition of MINORITY APPLICANTS nor the specific racial and ethnic categories by

11 which the approval rate is to be broken out specify how to handle applicants and co-applicants who

12 report more than one race or ethnicity or how to handle applicants and co-applicants who report

13 different races or ethnicities from each other. Wells Fargo further objects to this Interrogatory as

14 vague and ambiguous because it does not specify how to handle applicants and co-applicants who

15 refused to provide information about their race and/or ethnicity.  Wells Fargo objects to this

16 Interrogatory on the basis that it is vague and ambiguous with respect to the term "processed"

17 because it potentially includes all loans, including purchased loans, which are out of the scope of this

18 matter. Wells Fargo further objects to this Interrogatory on the basis that it is overly broad and seeks

19 irrelevant information, including information about purchased loans.

20       Subject to and without waiving these objections, pursuant to Rule 33(d), Wells Fargo refers

21 Plaintiff to the documents labeled WF-00000001 - WF-00000002, from which Plaintiff can calculate

22 the rates at which particular actions were taken on HMDA-reportable loans originated and

23 applications received with respect to different racial and ethnic categories (as determined by the

24 procedures set out in Regulation C) during calendar year 2022.

25

26

27

28

Defendant Wells Fargo Bank, N.A.'s Objections and Responses
to Plaintiff Gia Gray's First Set of Interrogatories
Case No: 3:22-cv-00990-JD

1   As to the Objections:

2   Dated:  July 14, 2023                    **WINSTON & STRAWN LLP**

3

4                                            By:  */s/ Amanda L. Groves*
                                                  Amanda L. Groves
5                                                 agroves@winston.com
                                                  101 California Street, 35th Floor
6                                                 San Francisco, CA 94111
                                                  Telephone: (415) 591-1000
7                                                 Facsimile:  (415) 591-1400

8                                                 Kobi K. Brinson *(admitted pro hac vice)*
                                                  kbrinson@winston.com
9                                                 Stacie C. Knight *(admitted pro hac vice)*
                                                  sknight@winston.com
10                                                300 South Tryon Street, 16th Floor
                                                  Charlotte, NC 28202
11                                                Telephone: (704) 350-7700
                                                  Facsimile:  (704) 350-7800

12                                           **MCGUIRE WOODS LLP**

13

14                                           By:  */s/ Alicia A. Baiardo*
                                                  Ava E. Lias-Booker (*admitted pro hac vice*)
15                                                alias-booker@mcguirewoods.com
                                                  Alicia A. Baiardo
16                                                abaiardo@mcguirewoods.com
                                                  Jasmine K. Gardner (*admitted pro hac vice*)
17                                                jgardner@mcguirewoods.com
                                                  Two Embarcadero Center, Suite 1300
18                                                San Francisco, CA  94111-3821
                                                  Telephone: (415) 844-9944
19                                                Facsimile: (415) 844-9922

20                                                Attorneys for Defendant
                                                  WELLS FARGO BANK, N.A.

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

*In re Wells Fargo Mortgage Discrimination Litigation*

Northern District of California Case No. 3:22-cv-00990-JD

I hereby certify that on July 14, 2023, I electronically transmitted the foregoing document to counsel for Plaintiffs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 14, 2023 at Charlotte, North Carolina.

*/s/ Stacie C. Knight*
Stacie C. Knight
Winston & Strawn LLP

20

DEFENDANT WELLS FARGO BANK, N.A.'S OBJECTIONS AND RESPONSES
TO PLAINTIFF GIA GRAY'S FIRST SET OF INTERROGATORIES
CASE NO: 3:22-CV-00990-JD

DocuSign Envelope ID: 3318E44D-B4E9-4165-B2B1-69C76F5F8F38

1   Amanda L. Groves (SBN: 187216)
    agroves@winston.com
2   WINSTON & STRAWN LLP
    101 California Street, 35th Floor
3   San Francisco, CA 94111
    Telephone: (415) 591-1000
4   Facsimile: (415) 591-1400

5   Alicia A. Baiardo (SBN: 254228)
    abaiardo@mcguirewoods.com
6   MCGUIRE WOODS LLP
    Two Embarcadero Center, Suite 1300
7   San Francisco, CA  94111-3821
    Telephone: (415) 844-9944
8   Facsimile: (415) 844-9922

9   *(Additional Counsel on Signature Page)*

10  Attorneys for Defendant
    WELLS FARGO BANK, N.A.

11

12              **UNITED STATES DISTRICT COURT**

13             **NORTHERN DISTRICT OF CALIFORNIA**

14                **SAN FRANCISCO DIVISION**

15  *In re Wells Fargo Mortgage Discrimination*      Case No. 3:22-CV-00990-JD
    *Litigation.*
16                                                   Honorable James Donato

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, Eric Brooks, state that I am employed by Wells Fargo Bank, N.A.; that I am an authorized and designated representative of Wells Fargo Bank, N.A. in this action for the purpose of executing this document on its behalf; that the matters stated in Plaintiff Gia Gray's First Set of Interrogatories are not all within my personal knowledge and that to the best of my knowledge there is no single employee of Wells Fargo Bank, N.A. who has personal knowledge of all such matters; that the statements made in said responses have been assembled by authorized employees of Wells Fargo Bank, N.A. and counsel for Wells Fargo Bank, N.A.; and that I am informed and believe that said responses are true and correct.

1    I declare under penalty of perjury that the foregoing is true and correct.

2

3    Dated:  July ____, 2023

4        7/14/2023

5        Eric Brooks
_____
        Eric Brooks