Amanda L. Groves (SBN: 187216)
agroves@winston.com
Kobi K. Brinson (*Admitted pro hac vice*)
kbrinson@winston.com
Stacie C. Knight (*Admitted pro hac vice*)
sknight@winston.com
Winston & Strawn LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Ava E. Lias-Booker (*Admitted pro hac vice*)
alias-booker@mcguirewoods.com
Alicia A. Baiardo (SBN: 254228)
abaiardo@mcguirewoods.com
McGuire Woods LLP
Two Embarcadero Center
Suite 1300
San Francisco, CA  94111-3821
Telephone: (415) 844-9944
Facsimile: (415) 844-9922

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Wells Fargo Mortgage Discrimination Litigation* | Case No. 3:22-CV-00990-JD<br>Hon. James Donato<br><br>**MOTION TO MODIFY THE SCHEDULING ORDER BY EXTENDING EXPERT REBUTTAL REPORTS BY ONE WEEK**<br><br>Date: February 1, 2024<br>Time: 10:00 a.m. |

1    Pursuant to Civil Local Rule 16-2(d) and Fed. R. Civ. P. 16(b)(4), Defendant Wells Fargo

2    Bank, N.A. submits this Motion to Modify the November 16, 2023 Scheduling Order (Dkt. 166) by

3    providing four weeks instead of three weeks for expert rebuttal reports.  As set forth below, there is

4    good cause to grant this request.

5                                               **INTRODUCTION**

6    Wells Fargo seeks to extend one deadline in the current Scheduling Order in this matter: the

7    deadline for rebuttal expert disclosure by one week from March 22, 2024 to March 29, 2024.  Wells

8    Fargo does not seek to alter any other dates, including those set for (1) completion of fact discovery;

9    (2) completion of expert discovery; (3) class certification, summary judgment, and *Daubert* motions;

10   (4) the pretrial conference; or (5) trial.  Good cause exists to extend this one deadline, as it cannot

11   reasonably be met considering this matter's circumstances.

12                                          **MEMORANDUM OF LAW**

13   This Court enjoys "broad discretion in supervising the pretrial phase of litigation, and its

14   decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they

15   evidence a clear abuse of discretion."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607

16   (9th Cir. 1992) (internal quotation marks and citation omitted).  Federal Rule of Civil Procedure

17   16(b)(4) enables this Court to modify a scheduling order "for good cause shown."  Rule 16(b) does

18   not define good cause, but the Advisory Committee Notes indicate that good cause shall exist if the

19   schedule "cannot be reasonably met despite the diligence of the party seeking the extension."  Fed.

20   R. Civ. P. 16 Advisory Committee Notes; *Johnson*, 975 F. 2d at 609.

21   Good cause exists to grant this motion because recent discussions with potential rebuttal

22   experts have revealed the likely breadth and complexity of the expert reports that will be submitted

23   in this case.  Specifically, at Plaintiffs' request, Wells Fargo has produced over 230 fields of data for

24   more than 2.7 million home mortgage and home equity applications.  *See* Declaration of Amanda

25   Groves ("Groves Decl.") ¶ 5.  Rebuttal experts in this case will be required to spend many hours

26   understanding how Plaintiffs' affirmative expert(s) applied this massive data set to their employed

27   methodology.  Then, the defense experts will need apply that understanding not only to rebut the

28   affirmative experts' positions but also to counter-analyze the same large data set for the rebuttal

1    reports.  Notably, rebuttal periods longer than three weeks are not uncommon in other discrimination

2    class actions pending before this Court, or in other complex cases pending before Your Honor

3    specifically. *See, e.g.*, *Nat'l Fair Hous. Alliance, Inc. v. Fed. Nat'l Mortg. Ass'n[Fannie Mae]*, No.

4    4:16-cv-06969 (ECF No. 125) (eight-week rebuttal period in case involving allegations that Fannie

5    Mae failed to maintain foreclosed properties in predominantly Black and Hispanic neighborhoods to

6    the same standard as comparable white neighborhoods); *Juarez v. Soc. Fin., Inc.*, No. 4:20-cv-03386

7    (ECF No. 66) (six-week rebuttal period in case involving allegations that lender discriminated

8    against loan applicants based on their immigration status); *In re Capacitors Antitrust Litig. (No. III)*,

9    No. 3:17-md-02801 (ECF No. 345) (Donato, J.) (eight-week rebuttal period in complex antitrust

10   case); *In re Facebook Biometric Info. Privacy Litig.*, No. 3:15-cv-03747 (ECF No. 223) (Donato, J.)

11   (six-week rebuttal period in case involving the monetization of Illinois Facebook users' location

12   data).

13          While the exact number and type of Plaintiffs' initial expert reports are not known at this

14   time, it is apparent from recent discussions with potential rebuttal experts that three weeks is not a

15   reasonable amount of time to analyze all of the relevant data.  Instead of waiting for a last-minute *ex*

16   *parte* motion in the midst of tight expert discovery deadlines, which will burden both the Court and

17   the parties, Wells Fargo seeks to slightly modify the scheduling order now.  By requesting this

18   modification now, Wells Fargo is upholding its obligation of diligence in seeking an extension from

19   the Court.

20          Finally, the requested modification is reasonable and will not prejudice Plaintiffs in any way.

21   When requested for consent, they cited no prejudice, and in fact will receive the same extension for

22   their own expert rebuttal reports.  Plaintiffs' only cited reason to oppose the one-week extension is

23   that: "The Court's original scheduling order required that rebuttal expert disclosures be made within

24   14 days of expert disclosures, and it was plaintiffs who proposed an additional eight days for rebuttal

25   experts when the parties discussed modifying the original schedule.  We do not think another further

26   week is warranted." *See* Groves Decl. ¶ 4.  It is unclear why this impacts the current request

27   (Defendant agreed to this proposal and it was submitted to the Court), but Plaintiffs made plain they

28   would not consent. *Id.*

1    Wells Fargo only seeks to extend one future deadline that will not impact any other case

2    deadlines.  In addition, Wells Fargo's extension request is only for one additional week. Plaintiffs'

3    opposition is unreasonable, and the Court should allow this one-week extension.

4                                     **CONCLUSION**

5    For all of the foregoing reasons, Wells Fargo requests a one-week extension of the rebuttal

6    expert disclosure deadline from March 22, 2024 to March 29, 2024.

7

8    Dated:  December 28, 2023                 **WINSTON & STRAWN LLP**

9                                  By:    */s/ Amanda L. Groves*
                                          Amanda L. Groves
10                                         agroves@winston.com
                                          333 S. Grand Avenue, 38th Floor
11                                         Los Angeles, CA 90071
                                          Telephone: (213) 615-1700
12                                         Facsimile: (213) 615-1750

13                                         Kobi K. Brinson *(admitted pro hac vice)*
                                          kbrinson@winston.com
14                                         Stacie C. Knight *(admitted pro hac vice)*
                                          sknight@winston.com
15                                         300 South Tryon Street, 16th Floor
                                          Charlotte, NC 28202
16                                         Telephone: (704) 350-7700
                                          Facsimile: (704) 350-7800
17

18                                         **MCGUIREWOODS LLP**

19                                 By:    */s/ Ava E. Lias-Booker*
                                          Ava E. Lias-Booker (*admitted pro hac vice*)
20                                         alias-booker@mcguirewoods.com
                                          Alicia A. Baiardo
21                                         abaiardo@mcguirewoods.com
                                          Jasmine K. Gardner (*admitted pro hac vice*)
22                                         jgardner@mcguirewoods.com
                                          Two Embarcadero Center, Suite 1300
23                                         San Francisco, CA  94111-3821
                                          Telephone: (415) 844-9944
24                                         Facsimile: (415) 844-9922
25

26                                         *Attorneys for Defendants*

27

28