**MCGUIREWOODS LLP**
AVA E. LIAS-BOOKER (*Pro Hac Vice*)
aliasbooker@mcguirewoods.com
ALICIA A. Baiardo (SBN 254228)
abaiardo@mcguirewoods.com
JASMINE K. GARDNER (*Pro Hac Vice*)
jgardner@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944
Facsimile: 415.844.9922

**WINSTON & STRAWN LLP**
AMANDA L. GROVES (SBN 187216)
agroves@winston.com
KOBI K. BRINSON (*Pro Hac Vice*)
kbrinson@winston.com
STACIE C. KNIGHT (*Pro Hac Vice*)
sknight@winston.com
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone: 213.615.1700
Facsimile: 213.615.1750

*Attorneys for Defendants Wells Fargo Bank, N.A. and Wells Fargo & Co.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE DISCRIMINATION LITIGATION | Case No. 3:22-cv-00990-JD<br><br>Hon. James Donato<br><br>**JOINT STATUS REPORT ON DISCOVERY DISPUTES** |

Plaintiffs Aaron Braxton, Paul Martin, Gia Gray, Bryan Brown, Elretha Perkins, Christopher Williams, Ifeoma Ebo and Terah Kuykendall-Montoya ("Plaintiffs") and defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") (collectively the "Parties") hereby respectfully submit this joint status report in response to the Court's March 5, 2024 Minute Order (Dkt. No. 186) (the "Order").

## JOINT STATUS REPORT

The Parties met in-person on March 28, 2024, to discuss the outstanding discovery issues identified in Dkt. Nos. 176, 177, 178, 180, 181, 182, 183 & 184 as directed by the Court. Lead counsel attended the in-person meeting, including Dennis Ellis for Plaintiffs and Alicia Baiardo and Amanda Groves for Wells Fargo. Before attending the in-person meet and confer conference, the Parties had been engaging in extensive meet and confer efforts to resolve their discovery disputes.

The Parties were able to resolve all but one of their discovery disputes:

(1) Wells Fargo agreed to withdraw their *Discovery Letter Brief re Paul Martin's Discovery Responses* (Dkt. No. 176);

(2) Wells Fargo agreed to withdraw their *Discovery Letter Brief re Motion to Compel Fanning Responses* (Dkt. No. 177);

(3) Plaintiffs agreed to withdraw their *Discovery Letter Brief re Motion to Compel Wells Fargo to Provide Further Responses to Plaintiffs Paul Martin and Christopher Williams Interrogatories, Sets One* (Dkt. No. 180);

(4) Plaintiffs agreed to withdraw their *Discovery Letter Brief re Motion to Compel Wells Fargos Further Responses to Plaintiffs Bryan Browns Interrogatories, Set One, Aaron Braxton, and Gia Grays Interrogatories, Sets Two* (Dkt. No. 181);

(5) Plaintiffs agreed to withdraw their *Discovery Letter Brief re Motion to Compel Wells Fargos Further Responses to Requests for Admissions to Plaintiffs Aaron Braxton, Bryan Brown, and Paul Martin, Sets One* (Dkt. No. 182);

(6) Plaintiffs agreed to withdraw their *Discovery Letter Brief re Motion to Compel Wells Fargo to Produce Documents Responsive to Plaintiffs Consolidated Requests for*

*Production, Set One, Nos. 68-69* (Dkt. No. 183);

(7) Plaintiffs agreed to withdraw their *Discovery Letter Brief re Motion to Compel Documents Identified in Wells Fargo's Privilege Log* (Dkt. No. 184).

The following discovery issue requires further assistance from the Court:

**Wells Fargo's Motion to Compel Responses to Wells Fargo's Second Set of Interrogatories re Policies (Dkt. No. 178)**

**Wells Fargo's Position:**

Regarding Wells Fargo's Letter Briefs, the only remaining discovery dispute concerns Wells Fargo's Second Set of Interrogatories regarding Plaintiffs' failure to adequately identify the policies and practices Plaintiffs contend resulted in a disparate impact (No. 21), the impact each policy allegedly produced (No. 22), and evidence of that alleged impact (No. 23). Wells Fargo also asked each Plaintiff individually about any claim that they were treated differently from a similarly situated non-minority applicant (No. 24) or were subject to intentional discrimination (No 25).[1] As outlined in its letter brief (Dkt. No. 178), Plaintiffs responded to each interrogatory with more than 8 pages of an identical, non-responsive rant about whether Wells Fargo is the largest lender to the Black community, comparing Wells Fargo's denial rates to its competitors', a history of Wells Fargo's mergers, lawsuits against Wells Fargo in connection with the subprime mortgage crisis, and a news article about its denial rates. They also objected on grounds the request was premature and would be disclosed in expert discovery but Plaintiffs only identified a few policies in a rebuttal report. Plaintiffs' evasiveness constitutes a failure to answer under Rule 37(a)(4). Wells Fargo further contends that if Plaintiffs cannot identify any particular policy or practice that causes a disparate impact by this late stage in the case, they need to say so. Wells Fargo also contends that if Plaintiffs have a more specific answer, Wells Fargo needs to provide that information to its experts, whom should be allowed to supplement their reports under Rule

---

[1] Braxton Request Nos. 24–25 are the same as request nos. 21–22 to Paul Martin and request nos. 22–23 to Bryan Brown, Ifeoma Ebo, Gia Gray, Terah Kuykendall-Montoya, Elretha Perkins, and Christopher Williams. For ease of reference, this letter refers to all interrogatories using the number assigned in the Braxton Interrogatories (Exhibit A to Dkt. 178).

26(e). Finally, Plaintiffs must provide details about their individual discrimination claims, including details about their allegations that similarly situated non-minorities received better treatment.

At the meet and confer conference, Plaintiffs took the position that their interrogatory responses were proper and the request was now moot given the discovery status of the case and the exchange of expert reports. Wells Fargo disagrees, and asks that it be permitted to file an amended letter brief (within the three-page limit) on this issue to reflect the changed circumstances since February 29, 2024. Wells Fargo of course agrees Plaintiff should have the opportunity to respond to the amended letter brief as well.

**<u>Plaintiffs' Position:</u>**

Between January and February 2024, the parties met and conferred regarding 10 separate discovery disputes related to Wells Fargo's responses to Plaintiffs discovery requests. After meeting and conferring on these issues, Plaintiffs decided only to move on five of those disputes. Many of these disputes involved Wells Fargo's refusal to provide any response at all; unlike here where Wells Fargo now claims Plaintiffs provided too much information. But the responses Wells Fargo now seeks to compel even more information to, are indeed relevant to the Plaintiffs' claims and individually responsive to each identified interrogatory. *See, e.g., Davis v. E. Idaho Health Servs., Inc.*, No. 4:16-CV-00193-BLW, 2017 WL 1737723, at *4 (D. Idaho May 3, 2017) ("Prior acts of discrimination or retaliation against a protected class—often categorized as 'pattern or practice' evidence—are undoubtedly relevant." (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973)); *see also United States v. Space Hunters, Inc.*, 429 F.3d 416, 428 (2d Cir. 2005) (considering the defendant's history of FHA violations such that punitive damages could deter resumption of previous practices was appropriate in determination of punitive damages); *Cal. State Emps.' Ass'n v. State of Cal.*, 682 F. Supp. 1044, 1051-53 (N.D. Cal. 1987) (denying the defendant's motion for summary judgment where the plaintiffs presented statistical, ***historical***, and anecdotal evidence to support the defendant's intent in a disparate treatment theory of discrimination (emphasis added)). Although Plaintiffs rely on the same historical information, each response is individualized to provide unique information related to that particular Plaintiff.

Wells Fargo's argument that Plaintiffs failed to identify a policy or policies responsive to the contested interrogatories is belied by its own meet and confer letter that it sent to Plaintiffs on January 29, 2024, wherein it identified seven policies in the disputed responses. And as Plaintiffs' counsel stated during the March 28, 2024, meet and confer, any further claimed (feigned) ambiguity about Plaintiffs' contentions regarding its policies would be mooted based on their expert disclosures and certainly after the filing of Plaintiffs' Class Certification Motion on April 25, 2024.

Nevertheless, informed by the Court's guidance, **Plaintiffs have withdrawn all of their discovery disputes**, understanding that at this stage of the litigation where the experts have now been disclosed and have been and will continue to be deposed that such contention interrogatories have a diminished utility, notwithstanding their legitimacy. Wells Fargo's insistence on maintaining this dispute has only amounted to unnecessary make-work of which the outcome will be of no consequence. *Comin v. Int'l Bus. Machines Corp.*, No. 19-CV-07261-JD, 2021 WL 4571997, at *1 (N.D. Cal. June 30, 2021) (cautioning that the "motion can hardly be called a strategic success or worth the time and money it involved. The dispute between the parties is untouched in any meaningful way, and going forward, the parties are well advised to fight only the battles that count and that will advance the case" (quoting *Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*, No. 3:16-CV-00599-JD, 2016 WL 8469189, at *3 (N.D. Cal. Dec. 19, 2016)).

Finally, given that the discovery disputes were terminated, should the Court grant Wells Fargo's request to brief the issue, Plaintiffs respectfully request the opportunity to provide a full opposition to the letter brief submitted by Wells Fargo (Dkt. 178) on this issue to correct and supplement the record.

///
///
///
///
///
///

DATED: April 5, 2024            **MCGUIREWOODS LLP**

By:   */s/ Alicia A. Baiardo*
      Ava E. Lias-Booker (*admitted pro hac vice*)
      alias-booker@mcguirewoods.com
      Alicia A. Baiardo
      abaiardo@mcguirewoods.com
      Jasmine K. Gardner (*admitted pro hac vice*)
      jgardner@mcguirewoods.com
      Two Embarcadero Center, Suite 1300
      San Francisco, CA 94111-3821
      Telephone: (415) 844-9944
      Facsimile: (415) 844-9922

**WINSTON & STRAWN LLP**

Amanda L. Groves
agroves@winston.com
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Kobi K. Brinson (*admitted pro hac vice*)
kbrinson@winston.com
Stacie C. Knight (*admitted pro hac vice*)
sknight@winston.com
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7700
Facsimile: (704) 350-7800

*Attorneys for Defendants Wells Fargo Bank, N.A., and Wells Fargo & Company.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2024, the foregoing was filed electronically in this Court's Electronic Case Filing system ("ECF"); thereby upon completion the ECF system automatically generated a Notice of Electronic Filing ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case.

*/s/ /s/ Alicia A. Baiardo*
Alicia A. Baiardo