1  ELLIS GEORGE LLP
   Dennis S. Ellis (State Bar No. 178196)
2    dellis@ellisgeorge.com
   2121 Avenue of the Stars, 30th Floor
3  Los Angeles, California 90067
   Telephone: (310) 274-7100
4  Facsimile: (310) 275-5697

5  *Interim Lead Class Counsel*

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| | Case No. 3:22-cv-00990-JD |
| *In re Wells Fargo Mortgage Discrimination Litigation*. | Honorable James Donato |
| | **JOINT STIPULATION FOR MOTION FOR CLASS CERTIFICATION BRIEFING SCHEDULE AND ADMINISTRATIVE MOTION FOR AUTHORIZING BRIEFS IN EXCESS OF APPLICABLE PAGE LIMITS** |
| | [Filed Concurrently with Declaration of Dennis S. Ellis in Support of Administrative Motion; and [Proposed] Order] |

Pursuant to Civil Local Rule 6-2, Plaintiffs and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, "the Parties") so stipulate to enlarge the time to file their Opposition and Reply, respectively, by 14 days.  Separately, pursuant to Civil Local Rule 7-11, Plaintiffs respectfully ask this Court for an order enlarging the 25-page limit under Civil Local Rules 7-2(b) and 7-3(a) and (c) by 35 pages and grant a 60-page limit for Plaintiffs' Motion for Class Certification and Wells Fargo's Opposition thereto, and an additional 10 pages for Plaintiffs' Reply in support of their Motion for Class Certification.  Wells Fargo does not oppose this request for a page limit enlargement, so long as it is granted the same additional pages Plaintiffs receive for their motion for its Opposition (e.g., 60 pages).

## I. THE PARTIES' JOINT STIPULATION TO ENLARGE TIME

Plaintiffs' Motion for Class Certification is to be filed no later than April 25, 2024.  (ECF No. 166.)  Pursuant to the local rules, Wells Fargo's Opposition must be filed not more than 14 days after the Motion for Class Certification is filed, and Plaintiffs' Reply must be filed not more than 7 days after Wells Fargo's Opposition was due.  N.D. Cal. L.R. 7-3(a), (c).  The Parties have stipulated to an enlargement of time for both Wells Fargo's Opposition and Plaintiffs' Reply of an additional 14 days, thereby permitting Wells Fargo to file its Opposition no later than May 23, 2024, and Plaintiffs to file their Reply no later than June 13, 2024.  (Declaration of Dennis S. Ellis ("Ellis Decl.") ¶ 2.)  Accordingly, the Parties would request a hearing on the Motion for Class Certification on June 27, 2024, or anytime thereafter the Court may determine appropriate.  ***This briefing and hearing schedule is stipulated to by the parties***.

## II. RELEVANT FACTUAL BACKGROUND NECESSITATING REQUEST TO GRANT BRIEFING IN EXCESS OF THE APPLICABLE PAGE LIMITS

As this Court is aware, Plaintiffs filed a 54-page Amended Consolidated Class Action Complaint against Wells Fargo on March 24, 2023.  (ECF No. 114.)  Plaintiffs allege five claims: violation of the Equal Credit Opportunity Act, the Fair Housing Act, 42 U.S.C. § 1981, the California Unruh Civil Rights Act, and the California Unfair Competition Law.  The Parties have engaged in extensive written discovery in the matter.  At the close of discovery, on the one hand, Plaintiffs had propounded nine sets of special interrogatories, totaling 192 individual

1  interrogatories; four sets of requests for admissions, totaling 23 individual requests; and three sets
2  of document requests, totaling 119 individual requests.  (Ellis Decl. ¶ 3.)  On the other hand, Wells
3  Fargo had propounded 22 sets of special interrogatories, totaling 202 individual interrogatories;
4  and 12 sets of document requests, totaling 202 individual demands.  (*Id.*)

5        In response to Plaintiffs' document requests, Wells Fargo has produced approximately
6  160,000 documents totaling 246.61 GB of information and approximately 11,053 additional data
7  files of its CORE and HMDA data, among others, totaling approximately 29.6 GB of raw data.
8  Moreover, the parties have deposed 38 witnesses (Plaintiffs taking 22 and Wells Fargo taking 16
9  of those witnesses), and plan to depose the last four expert and rebuttal expert witnesses next
10 week, while having identified more than 400 exhibits thus far.  (Ellis Decl. ¶ 3.)  The parties each
11 have designated four expert witnesses whose affirmative and rebuttal reports also include
12 thousands of pages of data and analyses.

### III.    GOOD CAUSE EXISTS TO GRANT BRIEFING IN EXCESS OF THE APPLICABLE PAGE LIMITS.

15       Pursuant to Civil Local Rule 7-11(a), Plaintiffs request that the Court enlarge the
16 applicable page limits to permit the Parties to faithfully and competently brief the issues to be
17 raised in Plaintiffs' Motion for Class Certification.

> The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge.  These motions would include matters such as motions to exceed otherwise applicable page limitations or motions.

N.D. Cal. L.R. 7-11.

      Civil Local Rule 7-2(b) states that supporting motion papers shall not exceed 25 pages in length, and under Civil Local Rule 7-4(b), which states "briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text."  Plaintiffs have made a good faith effort to comply with this rule but it has become apparent that to faithfully and competently seek class certification, Plaintiffs require an additional 35 pages to adequately address the issues and accordingly will exceed the page limit

1  in their papers.  Wells Fargo does not oppose this Administrative Motion and merely seeks the
2  same relief should the Court grant Plaintiffs' request.  (Ellis Decl. ¶ 4.)  And given that, Plaintiffs
3  seek an additional ten pages for their Reply.
4        The Court regularly grants such Administrative Motions to enlarge the page limits for a
5  Motion for Class Certification, among others.  *See, e.g., In re Volkswagen "Clean Diesel" Mktg.*,
6  No. 15-MD-02672-CRB, 2022 WL 17730381, at *5 (N.D. Cal. Nov. 9, 2022) (allowing the parties
7  60 pages each for motion to dismiss class action); *Eidler et al. v. Brookdale Senior Living, Inc. et*
8  *al.*, Case No. 4:17CV03962 (N.D. Cal.), ECF No. 648 (granting administrative motion to enlarge
9  page limit for motion for certification of subclasses to 35 pages); *Apple Inc. v. Samsung Elecs.*
10 *Co.*, No. 11-CV-01846-LHK, 2011 WL 13391030, at *1 (N.D. Cal. Sept. 30, 2011) (granting
11 administrative motion to enlarge page limitation of reply brief by 15 pages); *Save v. Cnty. of Santa*
12 *Clara*, No. C-03-4391-JF, 2004 WL 2695606, at *1 (N.D. Cal. Jan. 21, 2004) (granting both the
13 plaintiffs and defendants 40 pages for briefing).
14       Here, given the complexity of the issues related to Plaintiffs' claims and Wells Fargo's
15 defenses, the extensive discovery exchanged in the matter, which includes hundreds of pages of
16 written discovery, approximately 160,000 documents totaling 246.61 GB of information, and
17 approximately 11,053 additional files of Wells Fargo's CORE and HMDA data, among others,
18 totaling approximately 29.6 GB of raw data, the gravity of the class certification phase for the
19 litigation, and that Wells Fargo does not oppose this Administrative Motion subject to the Court
20 granting it the same relief Plaintiffs request, the Court should permit the Parties to fully brief the
21 Class Certification Motion which would require no more than 60 pages each, and 25 pages for
22 Plaintiffs' Reply.

### IV.  CONCLUSION

24       Plaintiffs respectfully request that they be permitted to file their Motion for Class
25 Certification and Wells Fargo be permitted to file its Opposition in excess of 25 pages but not to
26 exceed 60 pages.  Plaintiffs also respectfully request that they be permitted to file their Reply in
27 excess of 15 pages but not to exceed 25 pages.

-4-

1  DATED: April 5, 2024        ELLIS GEORGE LLP
                                                Dennis S. Ellis
2
3                                          By:   */s/ Dennis S. Ellis*
                                                Dennis S. Ellis
4                                          On behalf of Plaintiffs as Interim Lead Counsel

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28