| | |
|---|---|
| MCGUIREWOODS LLP<br>Alicia A. Baiardo (SBN: 254228)<br>abaiardo@mcguirewoods.com<br>Two Embarcadero Center, Suite 1300<br>San Francisco, CA  94111-3821<br>Telephone:  415-844-944<br>Facsimile: 415-844-9922 | WINSTON & STRAWN LLP<br>Amanda L. Groves (SBN 187216)<br>agroves@winston.com<br>333 S. Grand Ave.<br>Los Angeles, CA 90071-1543<br>Telephone: 213-615-1700<br>Facsimile:  213-615-1750 |
| MCGUIREWOODS LLP<br>Ava E. Lias-Booker (*Admitted pro hac vice*)<br>alias-booker@mcguirewoods.com<br>500 East Pratt Street, Suite 1000<br>Baltimore, MD 21202-3169<br>Telephone:  410-659-4430<br>Facsimile: 410-659-4558 | WINSTON & STRAWN LLP<br>Kobi K. Brinson (*Admitted pro hac vice*)<br>kbrinson@winston.com<br>300 South Tryon Street<br>Charlotte, NC  28202<br>Telephone: 704-350-7700<br>Facsimile:  704-350-7800 |

WILMER CUTLER PICKERING HALE AND DORR LLP
Seth P. Waxman (*Admitted pro hac vice*)
seth.waxman@wilmerhale.com
2100 Pennsylvania Avenue NW
Washington DC 20037
Telephone: 202-663-6000
Facsimile: 202-663-6363

WILMER CUTLER PICKERING HALE AND DORR LLP
Alan Schoenfeld (*Admitted pro hac vice*)
alan.schoenfeld@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone:  212-230-8800
Facsimile: 212-230-8888

*Attorneys for Defendant Wells Fargo Bank, N.A.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Wells Fargo Mortgage Discrimination Litigation* | Case No. 3:22-CV-00990-JD<br><br>Hon. James Donato<br><br>**WELLS FARGO BANK, N.A.'S ADMINISTRATIVE MOTION REQUESTING LEAVE TO FILE SUMMARY JUDGMENT BRIEF IN EXCESS OF APPLICABLE PAGE LIMIT** |

Pursuant to Civil Local Rule 7-11, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") respectfully asks this Court for an order enlarging the 25-page limit for summary judgment motions under the Standing Order For Civil Cases Before Judge James Donato and granting Wells Fargo a 30-page limit for its opening brief on summary judgment. Wells Fargo does not seek additional pages in connection with its summary judgment reply brief.  As set forth more fully below, given the number of Named Plaintiffs, causes of actions, and claims to be addressed on summary judgment, Wells Fargo seeks an additional 5-pages of briefing to adequately address its arguments.  *Plaintiffs do not oppose Wells Fargo's request for relief so long as they also receive 30-pages for their opposition brief.*

## I.   RELEVANT BACKGROUND

As this Court is aware, on March 24, 2023, Plaintiffs Aaron Braxton, Paul Martin, Gia Gray, Bryan Brown, Elretha Perkins, Christopher Williams, Ifeoma Ebo and Terah-Kuykendall-Montoya, individually and as representatives of a proposed class, filed a 54-page Amended and Consolidated Complaint ("Complaint").  Dkt. No. 114.  Plaintiffs set forth five causes of action: violation of the Equal Credit Opportunity Act, the Fair Housing Act, 42 U.S.C. § 1981, the California Unruh Civil Rights Act, and the California Unfair Competition Law.  *Id*.   Likewise, Plaintiffs purport to advance these claims on both disparate impact and disparate treatment theories.  *Id*.  The parties have engaged in extensive fact and expert discovery in the matter, including significant written discovery, voluminous production of documents, conducted more than 40 depositions, and identified numerous affirmative and rebuttal expert witnesses.  Declaration of A. Baiardo, ¶ 3.

On November 17, 2023, this Court entered an Amended Scheduling Order setting a dispositive motion deadline of July 25, 2024.  Dkt. No. 166.  Wells Fargo intends to file a motion for summary judgment in compliance with said deadline.

## II.   GOOD CAUSE EXISTS TO GRANT WELLS FARGO LEAVE TO FILE SUMMARY JUDGMENT BRIEF OF 30 PAGES.

Pursuant to Civil Local Rule 7-11(a), Wells Fargo respectfully asks this Court enlarge the applicable page limitation, to 30-pages, so that it can adequately address its arguments on summary judgment.  As the local rules make clear,

> The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge. These motions would include matters such as motions to exceed otherwise applicable page limitations…

As applicable here, the Standing Order For Civil Cases Before Judge James Donato states that "[f]or summary judgment and class certification motions, opening and opposition briefs may not exceed 25 pages, and reply briefs may not exceed 15 pages." ¶ 18.   In order to deviate from the foregoing, a party must demonstrate "good cause" for the relief sought. *Elec. Frontier Found. v. C.I.A.*, No. C 09-03351 SBA, 2012 WL 1123529, at *1 (N.D. Cal. Apr. 3, 2012). The focus of the good cause inquiry is "on the moving party's reasons for seeking modification." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2014 WL 4954634, at *2 (N.D. Cal. Oct. 1, 2014).  Here, there is good cause to grant such relief.

Given the number of Named Plaintiffs, causes of actions, and claims to be addressed on summary judgment, 5-additional pages for Wells Fargo's briefing is appropriate. Indeed, the Complaint includes eight proposed class representatives whose loan applications present very different factual scenarios, with different Plaintiffs' loan applications denied for different documented, legitimate, and non-discriminatory reasons.  Each Named Plaintiff's individualized claims will need to be adequately addressed in Wells Fargo's motion for summary judgment.  Likewise, Plaintiffs have asserted five distinct causes of action under differing theories, requiring targeted briefing as to each issue. Baiardo Decl., ¶ 2. The extensive fact and expert discovery in the matter and exhaustive record serves to highlight the breadth and complexity of the issues to be addressed on summary judgment. *Id.* ¶ 3.  While Wells Fargo will ensure that its briefing is focused, succinct and clear, and that it provides with its motion only the materials necessary and helpful to the Court in resolving the motion, given the scope of issues, additional pages are necessary and good cause is shown.

This Court regularly grants similar motions to enlarge applicable page limitations for briefing. *Stiner v. Brookdale Senior Living, Inc.*, No. 17-CV-03962-HSG, 2024 WL 1071202, at *1 (N.D. Cal. Feb. 7, 2024)(granting administrative motion to enlarge page limits); *Freelancer Int'l Pty Ltd. v. Upwork Glob., Inc.*, No. 20-CV-06132-SI, 2020 WL 6929088, at *1 (N.D. Cal. Sept. 9, 2020)(granting

additional pages over the 25-page limit); *Casa Nido Partnership v. Kwon*, No. 20-cv-07923-EMC, 2024 WL 628438, at *2 (N.D. Cal. Feb. 14, 2024) (granting party 5 extra pages in its second summary judgment motion); *Utah v. Google LLC*, No. 3:21-cv-5227, Dkt. 526 (N.D. Cal. Jan. 2, 2024) (granting unopposed motion for excess pages); *In re Facebook Biometric Priv. Litig.*, No. 3:14-cv-3747, Dkt. 498 (N.D. Cal. Oct. 15, 2020) (granting unopposed motion for leave to file excess pages).

For these reasons, this Court should permit Wells Fargo to file a 30-page opening brief in connection with its anticipated motion for summary judgment.

### III. STATEMENT REGARDING STIPULATION

As set forth in the attached Declaration of Alicia A. Baiardo, pursuant to Civil Local Rule 7-11, Wells Fargo's counsel conferred with counsel for Plaintiffs Dalmacio V. Posadas, Jr. via email on June 5, 2024. Baiardo Decl., ¶ 6. Plaintiffs do not oppose Wells Fargo's request for an opening summary judgment brief of 30 pages, provided they are also given a corresponding 30 pages. *Id.* ¶ 7.

### IV. CONCLUSION

Wells Fargo respectfully requests this Court grant Wells Fargo an order enlarging the 25-page limit under the Standing Order For Civil Cases Before Judge James Donato and grant Wells Fargo a 30-page limit for opening summary judgment brief.

Dated: June 7, 2024

MCGUIREWOODS LLP

By: */s/ Alicia A. Baiardo*
Alicia A. Baiardo
Ava E. Lias-Booker

WINSTON & STRAWN LLP

By: */s/ Amanda L. Groves*
Amanda L. Groves
Kobi K. Brinson

WILMER CUTLER PICKERING HALE AND DORR LLP

By: */s/ Seth P. Waxman*
Alan Schoenfeld
Seth P. Waxman

*Attorneys for Defendant Wells Fargo Bank, N.A.*

# CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2024, I electronically filed the foregoing document entitled **DEFENDANT WELLS FARGO BANK, N.A.'S ADMINISTRATIVE REQUESTING LEAVE TO FILE SUMMARY JUDGMENT BRIEF IN EXCESS OF APPLICABLE PAGE LIMIT** with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

Dated: June 7, 2024                    By: */s/ Alicia A. Baiardo*
                                            Alicia A. Baiardo