1  MCGUIREWOODS LLP                           WINSTON & STRAWN LLP
   Alicia A. Baiardo (SBN: 254228)           Amanda L. Groves (SBN 187216)
2  abaiardo@mcguirewoods.com                 agroves@winston.com
   Two Embarcadero Center, Suite 1300        333 S. Grand Ave.
3  San Francisco, CA  94111-3821             Los Angeles, CA 90071-1543
   Telephone:  415-844-944                   Telephone: 213-615-1700
4  Facsimile: 415-844-9922                   Facsimile:  213-615-1750

5  MCGUIREWOODS LLP                          WINSTON & STRAWN LLP
   Ava E. Lias-Booker (*Admitted pro hac vice*)  Kobi K. Brinson (*Admitted pro hac vice*)
6  alias-booker@mcguirewoods.com             kbrinson@winston.com
   500 East Pratt Street, Suite 1000         300 South Tryon Street
7  Baltimore, MD 21202-3169                  Charlotte, NC  28202
   Telephone:  410-659-4430                  Telephone: 704-350-7700
8  Facsimile: 410-659-4558                   Facsimile:  704-350-7800

9  WILMER CUTLER PICKERING
   HALE AND DORR LLP
10 Seth P. Waxman (*Admitted pro hac vice*)
   seth.waxman@wilmerhale.com
11 2100 Pennsylvania Avenue NW
   Washington DC 20037
12 Telephone: 202-663-6000
   Facsimile: 202-663-6363
13
   WILMER CUTLER PICKERING
14 HALE AND DORR LLP
   Alan Schoenfeld (*Admitted pro hac vice*)
15 alan.schoenfeld@wilmerhale.com
   7 World Trade Center
16 250 Greenwich Street
   New York, New York 10007
17 Telephone:  212-230-8800
   Facsimile: 212-230-8888
18
   *Attorneys for Defendant Wells Fargo Bank, N.A.*
19
                    **UNITED STATES DISTRICT COURT**
20
                  **NORTHERN DISTRICT OF CALIFORNIA**
21 *In re Wells Fargo Mortgage Discrimination*      Case No. 3:22-cv-00990-JD
   *Litigation*
22                                                  The Honorable James Donato

23                                                  **DEFENDANT WELLS FARGO BANK,
                                                    N.A.'S RESPONSE TO PLAINTIFFS'
24                                                  STATEMENT IN SUPPORT OF
                                                    MAINTAINING UNDER SEAL
25                                                  PORTIONS OF AND EXHIBITS TO
                                                    DEFENDANT WELLS FARGO BANK,
26                                                  N.A.'S REPLY IN SUPPORT OF
                                                    REFILED MOTION TO EXCLUDE
27                                                  TESTIMONY OF DANTE JACKSON
                                                    AND EXHIBITS THERETO**
28

1  I.      **<u>INTRODUCTION</u>**

2          Pursuant to Civil Local Rule 79-5(f)(4), Defendant Wells Fargo Bank, N.A. ("Wells Fargo")

3  responds to Plaintiffs' Statement in Support of Maintaining Under Seal Portions of and Exhibits to

4  Defendant Wells Fargo Bank, N.A.'s Reply in Support of Refiled Motion to Exclude Testimony of

5  Dante Jackson and Exhibits Thereto ("Statement") (Dkt No. 264).  Plaintiffs seek to maintain under

6  seal five exhibits (the "Documents") filed in support of Wells Fargo's Reply in Support of Refiled

7  Motion to Exclude Dante Jackson ("Reply") ***in their entirety***, as well as fourteen excerpts from the

8  Reply itself.  Plaintiffs argue that these Documents and excerpts reflect "sensitive confidential

9  financial and private information and personally identifiable information that, if made publicly

10 available could substantially harm Plaintiffs." Plaintiffs, however, fail to acknowledge that Wells

11 Fargo ***has already redacted*** any personally identifiable information ("PII") from these Documents

12 and excerpts, as it has done with its previous exhibits.  Plaintiffs simply ignore this fact and

13 insinuate that Wells Fargo has simply filed these Documents without any redactions whatsoever.

14         Moreover, Plaintiffs fall short of meeting the high burden of sealing the Documents and

15 Reply excerpts. To overcome the strong presumption in favor of access to court records, Plaintiffs

16 must demonstrate "good cause" for sealing.  In accordance therewith, Plaintiffs must establish: (1)

17 "the legitimate private or public interests that warrant sealing;" (2) "the injury that will result if

18 sealing is denied;" and (3) "why a less restrictive alternative to sealing is not sufficient" Civil L.R.

19 79-5(c)(1)(i)-(iii).  Plaintiffs have not established any of the foregoing.

20         Further, Plaintiffs' argument here is wholly inconsistent with their position regarding the

21 sealing of Mr. Jackson's Expert Rebuttal Report and opinions.[1]  *See generally*, Dkt No. 263.

22 Plaintiffs argue that the "public has the right of access to [the] information" contained in the

23 excerpts redacted in the Reply regarding Mr. Jackson's opinions.  Yet, these excerpts contain Mr.

24

25 _____

26 [1] As set forth more fully in Wells Fargo's Administrative Motion to File Under Seal Portions of its
   Reply (Dkt. 260), Wells Fargo argues that the Reply should remain redacted as Mr. Jackson's
27 opinions referenced therein (which are subject to a Motion to Disqualify) are inextricably tied to the
   confidential and proprietary information he was privy to during his employment (and are subject to
28 confidentiality agreement which Mr. Jackson executed).

Jackson's purported analysis of the Plaintiffs' loan applications—the same exact information Plaintiffs contend should be sealed.  Indeed, Mr. Jackson's opinions are inextricably tied to, and inseparable from, the Plaintiff-specific information they themselves want sealed.  Likewise, there is no such "ruse" as Plaintiffs suggest.  Dkt No. 263.  Both Wells Fargo's Motion to Disqualify (Dkt No. 198) and Refiled Motion to Exclude Mr. Jackson (Dkt No. 243) are based on unassailable facts and argument that Mr. Jackson should be disqualified or excluded from testifying.  Plaintiffs' unnecessary hyperbole or suggestions of a "false narrative" are simply an effort to distract from the serious issues relating to Mr. Jackson's involvement in this case and the opinions he proffers.

## II.   LEGAL ARGUMENT

A party seeking to seal material in relation to a non-dispositive motion must demonstrate good cause to overcome the presumption that documents be filed publicly. *Pardi v. Tricida, Inc.*, No. 21-CV-00076-HSG, 2024 WL 818364, at *1-2 (N.D. Cal. Feb. 27, 2024) (citing *Kamanka v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)).  This Court's standing order explains that it is not sufficient to justify sealing a document to "[s]imply mention[] a general category of privilege, without any further elaboration or any specific linkage with the documents." Standing Order for Civil Cases before Judge James Donato, ¶ 26(b) (citing *Kamakana*, 447 F.3d at 1184, 1180) ("Generic, non-specific reasons are not sufficient under either [the compelling reasons or good cause] standard.").  Likewise, the Northern District of California's Local Rules provide that a party seeking to seal documents must explain: "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient," and must provide evidentiary support from declarations where necessary.  N.D. Cal. L.R. 79-5(c).  Plaintiffs fail to make such a showing.

### A.   Plaintiffs Have Not Established a Legitimate Interest in Confidentiality of the Information Contained in the Documents.

Plaintiffs seek to maintain under seal the entirety of five exhibits and fourteen distinct excerpts of Wells Fargo's Reply on the grounds that they contain "confidential financial and personal information." Stmt. at 2.  Plaintiffs assert that the Documents contain "medical information related to a disability, details regarding a tax return, financial information regarding a request for a

refinance, and two mortgage assistance applications." Stmt. at 3.  However, Plaintiffs' generic and vague descriptions of what confidential information these Documents contain do not suffice, especially considering PII has already been redacted.

Further, Plaintiffs have not established that the *entirety* of the Documents contain such "financial and personal information." *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (because party failed to "identify where in the documents confidential financial information" could be found, most of the material was not confidential; *Blessing v. Plex Systems, Inc.*, 2021 WL 6064006, at *13 (N.D. Cal. Dec. 22, 2021) (only sealing "truly personal financial information, such as bank account information," and finding that the rest of plaintiffs' request went "too far," and that the court would not seal any reference to the plaintiff's stock sale).  Plaintiffs seek to maintain entire documents under seal, which in large part are not confidential.  For example, Exhibits 5 and 6 are copies of Ms. Perkins' mortgage assistance applications.  Dkt Nos. 259-6, 259-7.  These are multi-page form applications that were completed by Ms. Perkins—much of which consist of the form application itself, including the application questions and lengthy "Acknowledgement and Agreement[s]" and "Borrower Certifications" that are common to similar applications. *Id*. Plaintiffs cannot legitimately suggest that all parts of these applications are confidential.  Similarly, Exhibit 3 is an email from Wells Fargo *requesting* information and assistance regarding Ms. Ebo's tax return.  Dkt No. 259-4. The email largely contains information that would not be considered confidential or sensitive, including third party email addresses, email introductions/greetings, and a Wells Fargo employee's signature block, among other content.

Likewise, the Documents and excerpts Plaintiffs seek to seal contain information that is already public by virtue of the Complaint and other publicly filed documents in this matter.  Indeed, both the Complaint (Dkt No. 114) and Dr. Marsha Courchane's Affirmative Expert Report[2] contain

---

[2] Plaintiffs originally filed Dr. Marsha Courchane's Affirmative Expert Report in connection with their Motion for Class Certification (Dkt. 204) and it was the subject of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF Nos. 205, 205-8). Neither Plaintiffs nor Wells Fargo sought to maintain its confidentiality.  Accordingly, the parties agreed it could be filed in the public docket and Plaintiffs' counsel informed the Court of the same via email dated May 13, 2024.

information regarding Plaintiffs' loan applications and associated documentation.  Plaintiffs cannot now seek to seal that same information.  Moreover, it is important to include this information in the public record so putative class members can assess the claims as the case progresses.

### B. Plaintiffs Have Not Established That Disclosure of the Information Contained in the Documents Could Injure Them.

Next, Plaintiffs argue that disclosure of their personal information "would injure" them. Stmt. at 3.  However, Plaintiffs have not adequately established how or why Plaintiffs would be injured if their PII remains redacted.  Plaintiffs provide no declarations or any other evidence from the individual Plaintiffs whose information is contained in these Documents and excerpts from the Reply.  *See generally*, Stmt.  Instead, they provide only unavailing arguments from counsel.

First, Plaintiffs argue that putting these Documents and excerpts on the docket would "subject them to the rampant scourge of identity theft."  Stmt. at 3.  But Plaintiffs' PII have already been redacted and will not be publicly available so potential identity theft is not a reasonable basis to keep these Documents and information under seal.

Second, Plaintiffs argue that "public disclosure of their confidential financial and private information could also have a chilling effect on participation in such lawsuits in the future."  Stmt. at 3.  While Plaintiffs may wish to keep information relating to their loan applications private, these matters are directly relevant to this litigation and are simply not the types of personal financial information that courts often seal.  *See Aleksandr Urakhchin, et al. v. Allianz Asset Management of America*, No. 8:15-cv-1614-JLS-JCGx, 2017 WL 11643350, at *3 (C.D. Cal. Apr. 21, 2017) (plaintiffs had not properly alleged a specific showing of prejudice or harm that would result from public disclosure of financial information, such as investment account values); *see also Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").  Further, Plaintiffs have provided no evidence in support of this claim for injury as required by the Court's Local Rules.  N.D. Cal. L.R. 79-5(c).

Further, Plaintiffs cannot claim that the disclosure of information regarding their loan applications would injure them, when they themselves put this information in the public eye by

filing this lawsuit.  *A.C. by & through Park v. Cortez*, 34 F.4th 783, 788 (9th Cir. 2022) ("[W]here a Plaintiff puts a particular subject at issue, such that lawyers and courts will need to examine records to investigate the claim, Plaintiffs' privacy rights and expectations may be diminished or extinguished."); *Ballard v. Terros Inc.*, No. CV-19-05658-PHX-DWL, 2020 WL 8613674, at *1 (D. Ariz. Sept. 25, 2020) ("where a party puts certain information at  issue, that party's ability to claim an interest in privacy is weakened"); *Nguyen v. Raymond James & Assocs., Inc.*, No. 8:20-CV-195-CEH-AAS, 2022 WL 61198, at *7 (M.D. Fla. Jan. 6, 2022) (finding that plaintiff could not seal her personal financial information because it was "central to her claim for relief.").

### C.     Plaintiffs Have Not Established a Less Restrictive Alternative is Not Available.

Plaintiffs' argument that their request is "narrowly tailored" is simply wrong.  Stmt. at 4. Plaintiffs ask this Court to seal the Documents in their entirety when redactions suffice.  *Cf. Foltz*, 331 F.3d at 1137 (finding that the limited confidential information "can be redacted easily"); *Dioquino v. United of Omaha Life Ins. Co.*, No. 20-cv-0167-BAS-RBB, 2021 WL 873286, at *2 (S.D. Cal. March 9, 2021) (finding a motion to seal hundreds of pages of documents based on personal information, was unreasonable, and instead PII redacted).  Tellingly, Plaintiffs argue that Mr. Jackson's opinions should be in the public domain when his opinions are based on, and inextricably tied to, the Plaintiff-specific information (*i.e.*, bankruptcies, medical history, financial information) that Plaintiffs want sealed.  They cannot have it both ways, and their hyperbolic claims of gamesmanship is more appropriately directed towards their own actions in seeking to seal information they themselves have put at issue in filing this lawsuit, and in retaining as an expert, a former Wells Fargo employee who signed multiple confidentiality agreements with the bank.  They have not met their burden of showing that a less restrictive alternative to sealing is not available. N.D. Cal. L.R. 79-5(a) (parties must "avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document.").

## III.   <u>CONCLUSION</u>

Accordingly, Wells Fargo opposes Plaintiffs' request that the Court maintain sealing of the documents identified in Wells Fargo's Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal (Dkt 264).

1   Dated:  July 5, 2024               By:*/s/ Alicia A. Baiardo*

2                                    Alicia A. Baiardo
                                    Ava E. Lias-Booker

3

4                     By:*/s/ Amanda L. Groves*
                                    Amanda L. Groves

5                                    Kobi K. Brinson

6                     By:*/s/ Alan Schoenfeld*
                                    Alan Schoenfeld

7                                    Seth P. Waxman

8                     *Attorneys for Defendant Wells Fargo Bank, N.A.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WELLS FARGO'S RESPONSE TO PLAINTIFFS' STATEMENT IN SUPPORT OF MAINTAINING UNDER
SEAL PORTIONS OF AND EXHIBITS TO REFILED MOTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2024, I electronically filed the foregoing document entitled **DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSE TO PLAINTIFFS' STATEMENT IN SUPPORT OF MAINTAINING UNDER SEAL PORTIONS OF AND EXHIBITS TO DEFENDANT WELLS FARGO BANK, N.A.'S REFILED MOTION TO EXCLUDE TESTIMONY OF DANTE JACKSON** with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

Dated: July 5, 2024                         By: */s/ Alicia A. Baiardo*
                                                      Alicia A. Baiardo