1  ELLIS GEORGE LLP
   Dennis S. Ellis (State Bar No. 178196)
2     dellis@ellisgeorge.com
   2121 Avenue of the Stars, 30th Floor
3  Los Angeles, California 90067
   Telephone: (310) 274-7100
4  Facsimile: (310) 275-5697

5  *Interim Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| *In re Wells Fargo Mortgage Discrimination Litigation.* | Case No. 3:22-cv-00990-JD |
|---|---|
| | Honorable James Donato |
| | **PLAINTIFFS' STATEMENT IN SUPPORT OF MAINTAINING UNDER SEAL EXHIBITS RELATED TO WELLS FARGO'S MOTION FOR SUMMARY JUDGMENT** |
| | [[Proposed] Order concurrently filed herewith] |

2443918.2

Case No. 3:22-cv-00990-JD

PLAINTIFFS' STATEMENT IN SUPPORT OF MAINTAINING UNDER SEAL EXHIBITS RELATED TO WELLS FARGO'S MOTION FOR SUMMARY JUDGMENT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES TO BE DECIDED

Whether Plaintiffs' documents should be maintained under seal wherein they contain confidential financial and personally identifiable information.

## II. PRELIMINARY STATEMENT

Pursuant to Civil Local Rule 79-5(f)(3), Plaintiffs Bryan Brown, Aaron Braxton, Paul Martin, Gia Gray, Elretha Perkins, Terah Kuykendall-Montoya, Ifeoma Ebo, and Christopher Williams ("Plaintiffs") request that the Court maintain under seal the following material designated confidential by Plaintiffs pursuant to the stipulated protective order (ECF No. 116), and attached to the Declaration of Amanda L. Groves in Support of Wells Fargo's Motion for Summary Judgment (ECF No. 272-2) (the "Groves Declaration"), and attached to the Declaration of Peter Strawser in Support of Wells Fargo's Motion for Summary Judgment (ECF No. 272-31) (the "Strawser Declaration") and the subject, in part, of Wells Fargo's Administrative Motion to Consider Whether Another Partys Material Should Be Filed Under Seal (ECF No. 271): Exhibits 18, 19, and 25, and pages 126-141, 148-151, 163-179, 230-242, 246-317, 321-326, 350-363, and 449-463 (the "Sealed Documents"). These documents reflect sensitive confidential financial and private information, as well as personally identifiable information that if made publicly available could substantially harm Plaintiffs. Indeed, Wells Fargo is obligated to safeguard its customers' personally identifiable information and private and confidential information that could subject its customers to identity theft, among other things. *See* 15 U.S.C. § 1681*o*. Given that there are no less restrictive means to safeguard Plaintiffs' confidential information, Plaintiffs respectfully request that the Court maintain the Sealed Documents under seal.

## III. LEGAL STANDARD

In the Ninth Circuit, "in evaluating a motion to seal, two different standards apply depending on whether the request is being made in connection with a dispositive motion or a non-dispositive motion." *Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 3545921, at *1 (N.D. Cal. June 5, 2015). With respect to a dispositive motion, the historic "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and

related attachments." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). To rebut this strong presumption of access to judicial records, the party seeking sealing must "articulate[] compelling reasons supported by specific factual findings." *Id.* at 1178 (citation omitted) (emphasis added).  Moreover, the parties seeking sealing must comply with Civil Local Rule 79-5, "including that the rule's requirement that the request must 'establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." *Ochoa*, 2015 WL 3545921, at *1 (citing Civil L.R. 79-5(b)).  Courts find that a party demonstrates compelling reasons to overcome the presumption of access where the confidential information could be used for "retaliation and harassment" and where the information the party seeks to seal "is small." *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (finding compelling reasons to seal home addresses and financial account information)).

## IV.   ARGUMENT

### A.   Plaintiffs Have a Legitimate Interest in the Confidentiality of the Information Contained in the Documents and Testimony That Reflect Confidential Financial and Private Information.

Plaintiffs' have a legitimate interest in maintaining under seal the documents and testimony that reflect confidential financial and personal information, and can meet the high standard necessary to keep the current materials under seal.  The documents Plaintiffs' request this Court to maintain under seal include, among other things: copies of credit reports, loan applications, and fixed rate loan notes—all of which require the utmost confidentiality.  "District courts within the Ninth Circuit have found that a party's legitimate interest in ensuring the privacy of personal information outweighs the public's interest in access to court filings." *Id.* at *2 (citing *Activision Publ'g, Inc. v. EngineOwning UG*, No. CV 2:22-cv-00051-MWF (JCx), 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) ("[C]ompelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."); *Gomo v. NetApp, Inc.*, No. 17-CV-02990-BLF, 2019 WL 1170775, at *3 (N.D. Cal. Mar. 13, 2019) (finding compelling reasons to seal exhibits containing details regarding the defendant's

"compensation structure and personal information about [its] executives and their spouses"); *Nursing Home Pension Fund*, 2007 WL 3232267, at *2 (finding compelling reasons to seal home addresses and financial account information)).

Here, under the compelling reasons standard, and as scores of Courts have found, Plaintiff's legitimate interest in the confidentiality of their financial and personal information outweighs any public interest in access to them.

### B. Disclosure of Plaintiffs' Confidential Information Would Injure Plaintiffs.

The public disclosure of Plaintiffs' loan documents containing confidential financial information and personally identifiable information would injure Plaintiffs. For example, in *Activision Publishing, Inc.*, 2023 WL 2347134, at *1, "the Court determine[d] that there are compelling reasons to seal the various parties' customers' personal information, which includes the customers' names, account numbers, IP addresses, email addresses, and/or customer activities on certain platforms, in order to protect the customers' privacy." The Court stated that "[t]he Ninth Circuit has held that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Id.* (citing *Kamakana*, 447 F.3d at 1184).

Here, public disclosure of Plaintiffs' confidential financial and private information—specifically, credit reports and appraisal reports with detailed pictures and information of the Plaintiffs' and third parties' homes—would, as the Ninth Circuit has long recognized, unnecessarily subject them to the rampant scourge of identity theft. *In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999) ("In an era of rampant identity theft, concern regarding the dissemination of SSNs is no longer reserved for libertarians inveighing against the specter of national identity cards."). And given the bravery Plaintiffs have demonstrated by participating in this lawsuit, public disclosure of their confidential financial and private information could also have a chilling effect on participation in such lawsuits in the future. *Cf. Cause of Action Inst. v. Exp.-Imp. Bank of the U.S.*, No. CV 19-1915 (JEB), 2022 WL 252028, at *14 (D.D.C. Jan. 27, 2022) (finding that the public disclosure of documents that "'applicants customarily keep . . . confidential,' would discourage applicants from participating" in certain programs). Plaintiffs, unlike Wells Fargo, are not a multi-billion dollar

1  faceless corporation.  Plaintiffs represent putative classes of Minority Applicants who have long-
2  suffered discrimination in their pursuit of homeownership, among other things.  And Plaintiffs'
3  participation in this lawsuit has already come with great risks, and public disclosure of their
4  confidential financial and private information would only add insult to injury.   Finally, Wells Fargo
5  cannot argue that public disclosure of Plaintiffs' confidential financial and personal information
6  would not subject Plaintiffs to harm.  *See* 15 U.S.C. § 1681*o* ("Any person who is negligent in
7  failing to comply with any requirement imposed under this subchapter with respect to any consumer
8  is liable to that consumer.").  Federal law says otherwise.

### C. <u>A Less Restrictive Alternative to Sealing is Not Available.</u>

Plaintiffs have narrowly tailored their request insofar as only documents reflecting confidential financial and personal information be withheld from public view.  On Tuesday, July 23, 2024, Wells Fargo requested that Plaintiffs' de-designate as confidential 368 pages of deposition transcripts, 64 depositions exhibits, and 31 other produced documents.  Between July 23 and July 25, 2024, the parties met and conferred via e-mail and agreed on a subset of documents and testimony to de-designate as confidential.  Now, Plaintiffs request that this Court maintain three exhibits to the Groves Declaration under seal and just 155 pages of the 463 page appendix to the Strawser Declaration under seal because these documents cannot not be treated in the same manner so as to safeguard Plaintiffs' confidential financial and private information and thus require sealing.  *Padin v. J.P.*, No. 20-CV-03802-JD, 2020 WL 3128895, at *2 (N.D. Cal. June 12, 2020) (maintaining sealing of documents that did not comply with Fed. R. Civ. P. 5.2(a)); *see also Fleming v. Matco Tools Corp.*, No. 19-CV-00463-WHO, 2021 WL 4945188, at *2 (N.D. Cal. Apr. 5, 2021) (sealing documents that contained personal financial information); *Finjan LLC*, 2023 WL 5211321, at *1 (granting, in part, motion to seal confidential documents); *see also Netlist Inc. v. Samsung Elecs. Co.*, No. 820CV00993MCSADS, 2024 WL 2107340, at *1 n.1 (C.D. Cal. Apr. 16, 2024) (sealing documents that the defendant filed in opposition to motion to quash a trial subpoena that "contain[ed] personally identifiable information of witnesses and material designated confidential under a protective order"); *Black v. City of Blythe*, 562 F. Supp. 3d 820, 828 (C.D. Cal. 2022) ("The Court notes that the document contains personally identifiable information. The Court finds

that…maintaining the confidentiality of this information is a compelling reason that outweigh[s] the public interest in discovery of this information.").

Even assuming the Court finds that maintaining these documents under seal is unwarranted, which it should not, Plaintiffs request the documents be refiled with the appropriate redactions. *Corvello v. Wells Fargo Bank N.A.*, No. 10-CV-05072-VC, 2016 WL 11730952, at *2 (N.D. Cal. Jan. 29, 2016) (denying Wells Fargo's motion to seal documents it argued were commercially sensitive but granting in part and ordering Wells Fargo to redact exhibits in support of its opposition to the plaintiffs' joint motion for class certification that "include private identifying information (that is, loan numbers and other financial account numbers) that should not be publicly filed under Rule 5.2"); *Realtek Semiconductor Corp. v. MediaTek, Inc.*, No. 23-CV-02774-PCP, 2024 WL 1975478, at *11 (N.D. Cal. May 3, 2024) ("The Court agrees that the account numbers appearing in § 3.3 reflect 'sensitive financial-account data' that is appropriate for redaction consistent with Federal Rule of Civil Procedure 5.2(a)."); *Pop Top Corp. v. Rakuten Kobo Inc.*, No. 20-CV-04482-DMR, 2024 WL 1416497, at *8 (N.D. Cal. Apr. 2, 2024) (denying the defendant's motion to consider whether another party's material should be sealed but ordering the defendant to file a version of the brief that redacts all bank account numbers).

## V.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court maintain under seal Exhibits 18, 19, and 25 to the Declaration of Amanda Groves, and pages 126-141, 148-151, 163-179, 230-242, 246-317, 321-326, 350-363, and 449-463 of the appendix to the Declaration of Peter Strawser.

DATED: August 1, 2024

ELLIS GEORGE LLP
Dennis S. Ellis

By: */s/ Dennis S. Ellis*
Dennis S. Ellis
Interim Lead Class Counsel