ELLIS GEORGE LLP
Dennis S. Ellis (State Bar No. 178196)
  dellis@ellisgeorge.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

*Interim Lead Class Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Wells Fargo Mortgage Discrimination Litigation.* | Case No. 3:22-cv-00990-JD <br><br> Honorable James Donato <br><br> **PLAINTIFFS' OBJECTIONS TO EVIDENCE SUBMITTED WITH WELLS FARGO'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** <br><br> Date: December 12, 2024 <br> Time: 10:00 a.m. <br> Courtroom: 11 |


## PLAINTIFFS' EVIDENTIARY OBJECTIONS

Pursuant to Civil Local Rule 7-3(d)(1), Plaintiffs hereby object to **Exhibit 5** submitted concurrently with Wells Fargo's Reply in Support of its Motion for Summary Judgment ("Reply"). (ECF No. 288.) Wells Fargo attached Exhibit 5, which is an e-mail exchange between Mary Dee Lemaire, Dina F. Rojas, and Jason Tucker, to the Declaration of Amanda Groves in Support of its Reply (ECF No. 288-6, Ex. 5), that Wells Fargo argues "show[s] an alternatives analysis began in June 2022," (ECF No. 288 at 9, n.18). Plaintiffs object to Wells Fargo's submission of Exhibit 5 in support of its Reply on the following grounds:

*First*, Wells Fargo improperly submitted Exhibit 5 to add new information that it should have set forth in Wells Fargo's Motion. *See Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308-09, n.5 (N.D. Cal. 2005) (granting, in part, plaintiff's motion to strike, finding that the "[d]efendants' attempt to introduce new evidence in connection with their reply papers is improper") (citing *Gold v. Wolpert*, 876 F.2d 1327, 1331, n.6 (7th Cir. 1989)).

*Second*, Exhibit 5 violates Federal Rule of Evidence 106 because it is incomplete. Fed. R. Evid. 106. Exhibit 5 on its face is incomplete as it references an attachment (WF-05133895), that is the "███████████████████████████████" that was not included as part of that exhibit and thus violates Federal Rule of Evidence 106. (Attachment 1.) Wells Fargo relies on Exhibit 5 for the proposition that it had been engaged in developing less discriminatory models in June 2022 (ECF No. 288 at 9, n.18), but omits the attachment showing that ███████████████████████████████[1]



---

[1] Plaintiffs are aware that objections "may not include further argument on the motion," Civ. L.R. 7-3(d)(1), however, exposition is necessary here to illustrate why this document must be included for completeness in order to remain faithful to the goals of Rule 106.

(Attachment 1 at 3.)  Pursuant to Federal Rule of Evidence 106 Plaintiffs request the document be excluded, or that the Court consider the attachment provided here as part of the complete document.

*Third*, Exhibit 5 has not been authenticated and is inadmissible hearsay.  Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 81; Fed. R. Evid. 901(a).  Nevertheless, Plaintiffs may rely on the statements in the complete Exhibit 5.  Fed. R. Evid. 801(d)(2)(A), (D).

Accordingly, Plaintiffs respectfully request that this Court sustain their objections to Exhibit 5 of Wells Fargo's Reply.  (ECF No. 288-6, Ex. 5.)

DATED:  September 16, 2024            ELLIS GEORGE LLP
                                        Dennis S. Ellis
                                By:    */s/ Dennis S. Ellis*
                                        Dennis S. Ellis
                                    Interim Lead Class Counsel

# ATTACHMENT 1

# FILED CONDITIONALLY UNDER SEAL




















