UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE DISCRIMINATION LITIGATION | Case No. 22-cv-00990-JD<br><br>**ORDER DENYING DISQUALIFICATION OF DANTE JACKSON, SETTING CONCURRENT EXPERT PROCEEDING, AND VACATING HEARING** |

## I.   DANTE JACKSON

For plaintiffs' expert Dante Jackson, defendant Wells Fargo Bank, N.A.'s motion to disqualify is denied. Dkt. No. 198. Wells Fargo says that "the law unequivocally requires" Jackson's disqualification. *Id*. at 1. Not so. None of the cases cited by Wells Fargo demand that outcome on th facts before the Court.

Wells Fargo relies on *In re Incretin Mimetics Products Liability Litigation*, No. 13-md-2452-AJB (MDD), 2015 WL 1499167 (S.D. Cal. Apr. 1, 2015), but under the standards in that decision, it has not demonstrated that it was "objectively reasonable for it to believe a confidential relationship existed" between it and Dante Jackson for present purposes. *Id*. at *3. The generic and old employment documents Wells Fargo hangs its hat on are not compelling, and "[t]he existence or absence of a contract between the parties is not determinative" in any event. *Id*. Nor has Wells Fargo shown that it "disclosed confidential information to the expert that is relevant to the current litigation." *Id*. Wells Fargo acknowledges that the time period relevant to this lawsuit is 2018 to 2022. *See* Dkt. No. 217 at 5. Jackson worked for Wells Fargo from 2001 to 2007, ending his employment over a decade before the start of the relevant time period, and he worked for Wells Fargo again for only eight weeks in 2013. This is not a record that raises even a mild concern that material confidences might be breached by Jackson.

"The party seeking to disqualify an expert must point to specific and unambiguous disclosures that if revealed would prejudice the party." *In re Incretin Mimetics*, 2015 WL 1499167, at *5. Wells Fargo has come up short on this score, too. Jackson's employment history with Wells Fargo undercuts any likelihood that prejudicial disclosures were made to him. Wells Fargo's other arguments, including that Jackson has made public criticisms of Wells Fargo, do not warrant the "drastic measure" of disqualifying an expert pursuant to the Court's inherent powers. *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1092 (N.D. Cal. 2004).

Wells Fargo's request for an extension of the discovery deadline to depose Jackson is denied. Dkt. No. 198 at 20.[1] It had its chance and decided at the eleventh hour, after Jackson and plaintiffs' counsel were present at the deposition location, not to proceed with an examination. There is no good basis for allowing it to undo that decision now. Plaintiffs' evidentiary objections in opposition to the disqualification motion, Dkt. No. 209, are overruled.

For the untimely cancellation of Jackson's deposition, Wells Fargo has already been ordered to pay to plaintiffs their counsel's reasonable costs incurred for traveling to the deposition location. *See* Dkt. Nos. 300, 302. Further sanctions are not warranted and are denied. Dkt. No. 211. Wells Fargo's motion to exclude the testimony of Jackson pursuant to Federal Rule of Evidence 702, Dkt. No. 243, is deferred.

## II. CONCURRENT EXPERT PROCEEDING

To aid in the determination of plaintiffs' class certification motion and Wells Fargo's related motion to exclude experts, Dkt. Nos. 204, 244, a concurrent expert witness proceeding, or "hot tub," is set for February 12, 2025, at 10:30 a.m. The proceeding will be conducted as a conversation between the experts, with the Court moderating the discussion. The speakers will be Dr. Amanda Kurzendoerfer, Dr. Marsha Courchane, Mr. Michael Wallace, and Ms. Carla Irwin.

---

[1] As plaintiffs noted, Wells Fargo's opening brief failed to comply with the page limits in the Court's standing order, and Wells Fargo also inexplicably failed to sign its reply brief. *See* Dkt. Nos. 198, 217, 208 at 5, 220. The Court declines on this occasion to "strike the offending pleadings" as requested by plaintiffs, Dkt. No. 220 at 2, but expects better compliance from these sophisticated parties and counsel going forward. Further defaults will not be excused.

2

The witnesses are directed to meet and confer in person or in a live video call to prepare a joint statement that lists by descending order of importance the top 10 topics of disagreement among them. Ten is a limit, not a requirement. For each topic, the experts will jointly present a short comment, not to exceed 2 paragraphs, that summarizes the nature of the disagreement. Counsel will facilitate the logistics for the meet and confer, but the formulation of the joint statement is entirely up to the witnesses. Counsel may not participate in determining or drafting the contents of the joint statement. Counsel will file the joint statement by January 29, 2025.

The Court will use the joint statement as an agenda for the discussion. The witnesses will be invited to comment on each other's remarks, and to pose questions. Counsel for the parties sponsoring the witnesses may be allowed to ask follow-up questions at the Court's discretion. At the end of the proceeding, the Court will ask each witness to summarize their position on selected issues, and to identify issues for which disagreement has been resolved. The witnesses will be put under oath and the discussion will be reported.

### III.     MOTION HEARING SET FOR DECEMBER 12, 2024

The motion hearings that were set for December 12, 2024, are vacated. The Court will likely take up the summary judgment and merits Rule 702 motions, Dkt. Nos. 272, 266, 267, 268, 270, after resolving class certification.

**IT IS SO ORDERED.**

Dated: November 29, 2024

JAMES DONATO
United States District Judge

3