ELLIS GEORGE LLP
Dennis S. Ellis (State Bar No. 178196)
 dellis@ellisgeorge.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

*Interim Lead Class Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Wells Fargo Mortgage Discrimination Litigation.* | Case No. 3:22-cv-00990-JD<br><br>Honorable James Donato<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO STAY RULING ON MOTION FOR SUMMARY JUDGMENT AND FOR FURTHER RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(e)**<br><br>[Declaration of Dennis S. Ellis in support thereof filed and served concurrently herewith] |

3048842.1

Case No. 3:22-cv-00990-JD

PLAINTIFFS' ADMINISTRATIVE MOTION TO STAY RULING ON MOTION FOR SUMMARY JUDGMENT
AND FOR FURTHER RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(e)

1    Pursuant to Local Rule 7-11 and Federal Rule of Civil Procedure 56(e), interim lead
2 counsel ("ILC") Dennis S. Ellis respectfully submits this motion requesting that the Court stay any
3 ruling on defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") summary judgment motion
4 pending resolution of the Rule 23(f) petitions filed by Plaintiffs and plaintiff Christopher Williams
5 and, if the petitions are denied, grant all (formerly) representative Plaintiffs leave under Federal
6 Rule of Civil Procedure 56 to supplement the record and/or for other appropriate relief so that their
7 counsel may address the issues and concerns discussed below.

## I.  RELEVANT BACKGROUND

In its decision and order denying class certification, the Court indicated that it "will resolve Wells Fargo's summary judgment motion and the parties' merits FRE 702 motions in due course, and will set as warranted a pretrial conference and trial date for plaintiffs' claims to be tried on an individual basis." (Dkt. No. 328 at 16.)  However, as befit the nature of the case as a putative class action, Wells Fargo's brief in support of its summary judgment motion focused overwhelmingly on Plaintiffs' class-wide allegations, evidence, and legal theories.  Although Wells Fargo's Notice of Motion (Dkt. No. 272) mentions "Plaintiffs' individual claims," and its brief contains its recitation of the facts related to Plaintiffs (*id.* at 17-19), these "facts" were contradicted by Plaintiffs and their expert (Dkt. No. 278 at 30 (citing Dkt. No. 279-2, ¶¶ 4-23)),[1]

---

[1] For example, Wells Fargo claims Braxton was not denied a mortgage loan because he applied for and received a loan modification that reduced his interest rate from 6% to 3.375%, which took longer to process because he provided ineligible forms and there were discrepancies. (Dkt. No. 272 at 6).  However, the true facts are that Braxton contacted Wells Fargo about refinancing his home when he would have been entitled to an interest rate of 2% as he had never been late on his mortgage (Declaration of Dennis S. Ellis ("Ellis Decl.") ¶ 3, Ex. 2 at 53:24-60:15), was instead steered into a loan modification by Wells Fargo, signed-up for COVID forbearance without his consent that caused him to miss payments and damage his credit, (Dkt. No. 279-2 at 4).  It is undisputed that Wells Fargo's actions "damaged" Braxton, and similarly Perkins, as both of them were sent checks by Wells Fargo for those damages. (Dkt. No. 278-13, Declaration of Elretha Perkins ¶ 3, Ex. A; Dkt. No. 278-12, Declaration of Aaron Braxton ¶¶ 2-10, Exs. A-F.)  As another example, Williams did not "withdraw" his application, as Wells Fargo argues.  Instead, his application was denied.  He was offered a rate considerably higher than what he sought. (Dkt. No. 1 ¶ 14.)  Only then did he apply for and receive a lower rate loan from a competitor.  The fact that he withdrew his application for the higher rate does not justify the denial at the lower rate. (*Compare* Ellis Decl. ¶ 7, Ex. 6 at 2 (confirming application withdrawn as of July 19, 2019),

1  and Wells Fargo made only a bereft argument that the individual Plaintiffs could not establish
2  disparate treatment, (Dkt. No. 272 at 18-19.)  Because Wells Fargo mostly argued the issue of
3  "robust causality" related to the class claims, Plaintiffs' opposition likewise focused on the
4  genuine issues of material fact raised by their evidence of class-wide discrimination; not on the
5  facts pertaining to individual class representatives.  (*See generally* Dkt. No. 278.)

6  In its reply brief, Wells Fargo claimed that Plaintiffs had conceded certain facts raised in
7  its motion for summary judgment by not contesting them (Dkt. No. 288 at 16-17), ignoring the
8  testimony of Plaintiffs' expert Dante Jackson, whose opinions it seeks to exclude.  (Dkt. No. 243.)
9  While ILC for Plaintiffs disputes this assertion vociferously, Wells Fargo's claim in this regard
10 implicates Federal Rule of Civil Procedure 56(e).

11 ILC was appointed as "[i]nterim lead *class* counsel" to vigorously represent the "putative
12 *class or classes*."  (Dkt. No. 111 ¶ 4 (emphasis added)).  ILC's authority and responsibilities
13 included "retaining *common* experts" and "leading *common* settlement negotiations."  (*Id.*
14 (emphasis added)).  ILC's authority over the prosecution of the consolidated class action was, by
15 design, plenary and to the exclusion of the class representatives' and other putative class
16 members' individual counsel.  (*Id.* ¶¶ 4-5.)  ILC understood his position to prevent him from even
17 favoring his own represented clients (Braxton, Gray, Martin, and Brown) over the putative class.
18 (*See id.* ¶¶ 4, 7d ("[ILC] has complete authority over, and responsibility for . . . ensuring that
19 plaintiffs' counsel not perform common benefit work without . . . [ILC's] authorization;" "The
20 Court will not permit the recovery of fees for every attorney from every firm [unless they] are
21 working for the common benefit of the putative class . . . .").)

22 **II.    ARGUMENT**

23 Without waiving any privileges, counsel for Christopher Williams and other individual

---

25  *with* ¶ 8, Ex. 8 (PNC application signed August 29, 2019).

26  The uncontested evidence also confirms that Williams' application was denied based on two
27  factors that Wells Fargo's documents show disproportionately harmed Black applicants.  (Dkt. No. 106-4 ¶ 4.)  Each of the Plaintiffs has a similar account of what really happened to them, not all of which is in the record before the Court currently.  *See infra* Part II.B.

1  Plaintiffs have expressed their concern to ILC that it would be manifestly inappropriate and
2  grossly unfair for the Court to decide Wells Fargo's summary judgment motion as to individual
3  Plaintiffs on the current record, which Wells Fargo characterizes as "conceding" certain facts
4  related to the claims of the individual Plaintiffs.  (Dkt. No. 272 at 18-19.)
5         In light of this concern, ILC respectfully requests that the Court stay its consideration of
6  Wells Fargo's summary judgment motion at least until the Ninth Circuit rules on the pending Rule
7  23(f) petitions for permission to appeal the denial of class certification.  ILC further requests that
8  the Court establish a procedure pursuant to Rule 56(e) for counsel for the individual Plaintiffs to
9  augment the record in opposition to Wells Fargo's summary judgment motion.

10       **A.**    **The Court Should Stay Any Resolution of the Summary Judgment Motion**
11               **Pending the Rule 23(f) Petitions.**

12        Courts consider the following non-exhaustive and "flexible" factors in determining
13 whether to grant a stay: (1) whether there is a "strong showing" that the movant is likely to
14 succeed on the merits; (2) irreparable injury without a stay; (3) substantial injury to other parties in
15 the proceedings; and (4) whether it is in the public interest.  *Leiva-Perez v. Holder*, 640 F.3d 962,
16 964-66 (9th Cir. 2011).  "[T]he elements . . . are balanced, so that a stronger showing of one
17 element may offset a weaker showing of another."  *Id.* at 964 (citation omitted).  And a "strong
18 showing" on the merits does not require a party to demonstrate that it is more likely than not to
19 prevail on appeal; only whether there are "serious questions going to the merits."  *Id.* at 968.
20        In *Salhotra v. Simpson Strong-Tie Co., Inc.*, 2022 WL 1091799, at *2 (N.D. Cal. Apr. 12,
21 2022), the court granted the plaintiffs' motion to stay pending their Rule 23(f) petition.  In
22 considering the relevant factors, the court first addressed "the uncomfortable position of reviewing
23 the merits of its own order, which of course the Court thinks is correct," but ultimately gave the
24 plaintiffs "the benefit of the doubt and [found] that they have arguably raised serious legal
25 questions for appeal."  *Id.*  The court found also that "both parties would suffer irreparable harm in
26 spending substantial time and resources on litigation," especially if the court "were reversed on
27 appeal."  *Id.*  The court found factors three and four in favor of the plaintiffs with no need for real
28 analysis, as any stay would not cause the defendant substantial harm and avoiding unnecessary

1  litigation costs invariably promotes judicial economy. *Id.* at \*2-3.

2  Here, while this Court certainly agrees with its order on class certification, Plaintiffs
3  should be given the benefit of the doubt as in *Salhotra* because this factor does not require
4  Plaintiffs to show a likelihood of success on the merits by a preponderance, merely that they
5  "arguably raised serious legal questions," which they have.  And like in *Salhotra*, Plaintiffs and
6  Wells Fargo would suffer irreparable injuries should they proceed in this Court if the Petitions are
7  granted and, even then, await resolution on the merits in the Ninth Circuit, thereby also
8  undermining judicial economy and the public interest in litigating a case in two fora potentially
9  undermining resources and efforts in at least one of them.  Likewise, a stay would shield Wells
10 Fargo from substantial injury, as it would only be required to litigate on one track, either here or in
11 the Ninth Circuit pending resolution.

12  **B.  The Court Should Grant Leave to the Individual Plaintiffs to Supplement the**
13     **Record.**

14  There was no "fail[ure] to properly address" Wells Fargo's factual assertions as to the
15 individual Plaintiffs.  But as Wells Fargo has argued otherwise, ILC appreciates the concern of
16 counsel for Williams and the other individual Plaintiffs.  Federal Rule of Civil Procedure 56(e)
17 provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address
18 another party's assertion of fact as required by Rule 56(c), the court may . . . give an opportunity
19 to properly support or address the fact . . . or issue any other appropriate order."  Fed. R. Civ.
20 Proc. 56(e).  The court in *Shwiyat v. Martin Marietta Materials, Inc.*, 2023 WL 8811809, at \*4
21 (N.D. Cal. Dec. 20, 2023), granted the defendant's motion for leave to file supplemental evidence
22 in support of its motion for summary judgment after briefing had concluded.  There, the defendant
23 relied on a declaration of one of its employees to establish the weight of a ready-mix truck. *Id.* at
24 \*3. When that employee was designated as the defendant's Rule 30(b)(6) deponent, her testimony
25 contradicted her declaration because "she never saw the trucks weighed and never reviewed
26 paperwork indicating the weight of the trucks." *Id*.  The defendant then sought to introduce a
27 declaration of another employee to reestablish that fact. *Id.*  In so doing, the court "consider[ed
28 the d]efendant's 'good faith' to be relevant to the exercise of its discretion under Rule 56(e)(1),

but not dispositive." *Id.* Despite the plaintiff's arguments that granting the defendant leave to supplement the record would "supplant the binding testimony," the court reasoned that supplementing the record there would "clarif[y] and provid[] additional context." *Id.* at *4.

Here, Plaintiffs' supplementation would include, for example, the expert report of Jackson, who analyzed Wells Fargo's underwriting and decisioning of Plaintiffs' individual loan applications. (Dkt. No. 204-22.) This was before the Court on the class certification motion but not submitted with his declaration in opposition to the motion for summary judgment. (*See* Dkt. No. 279-2.) As another example, Plaintiffs Williams, Braxton, Gray, Martin, and Ebo would all submit their deposition testimony in this case showing that they were in fact denied for the mortgage loans they sought. (Ellis Decl. ¶¶ 2-6, Exs. 1-5) Unlike the defendant in *Shwiyat*, Plaintiffs here merely seek to shepherd evidence and arguments that ***were already presented*** in the motion for class certification and opposition to summary judgment and throughout the docket but not in a pointed manner as to oppose Wells Fargo's motion for summary judgement as to the named individual Plaintiffs. For Wells Fargo to claim that it is "undisputed" and/or "conceded" that these Plaintiffs were not denied, knowing full well the existence of evidentiarily supportable claims to the contrary, pushes the boundaries of zealous advocacy. *Brennan v. Johnson & Johnson*, 2022 WL 17219513, at *3 (C.D. Cal. Nov. 18, 2022) (finding where parties cite to contradictory evidence, there is a genuine dispute).

Wells Fargo put forth scant, self-serving evidence, at best, related to individual Plaintiffs' claims, which was contradicted by Plaintiffs' expert as part of his class analysis, and as a result Wells Fargo now claims that its arguments were unaddressed by individual Plaintiffs. If the Court in any way agrees, it should permit the individual Plaintiffs to supplement the record pursuant to Rule 56(e) even though this Court had previously denied a stipulated request for enlarged briefing. (Dkt. Nos. 247, 251.) If the Rule 23(f) Petitions are granted this issue may become moot, but if they are not, Wells Fargo should not further benefit from the structure of the proceedings by evading the questions of fact raised by individual Plaintiffs' claims. Rule 56(e) empowers this Court to prevent such a manifestly unfair result given Plaintiffs' good faith response to Wells Fargo's motion for summary judgment, the parameters of which were delineated by Wells Fargo.

| | | |
|---|---|---|
| 1 | DATED: September 4, 2025 | ELLIS GEORGE LLP |
| 2 | | Dennis S. Ellis |
| 3 | | By:   */s/ Dennis S. Ellis* |
| 4 | | Dennis S. Ellis |
| | | Interim Lead Class Counsel |

3048842.1 -6- Case No. 3:22-cv-00990-JD

PLAINTIFFS' ADMINISTRATIVE MOTION TO STAY RULING ON MOTION FOR SUMMARY JUDGMENT AND FOR FURTHER RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(e)