**BEN CRUMP, PLLC**
BENJAMIN L. CRUMP (Appearing pro hac vice)
NABEHA SHAER (Appearing pro hac vice)
633 Pennsylvania Avenue Northwest, Floor 2
Washington D.C. 20004
(800) 713-1222
court@bencrump.com

**STOWELL & FRIEDMAN LTD.**
LINDA D. FRIEDMAN (Appearing pro hac vice)
SUZANNE E. BISH (Appearing pro hac vice)
303 W. Madison St., Ste. 2600
Chicago, Illinois 60606
(312) 431-0888
Lfriedman@sfltd.com

**SANI LAW, APC**
SAM SANI (SBN 2733993) (Local Counsel)
15720 Ventura Blvd., Ste. 405
Encino, CA 91436
(310) 935-0405
ssani@sanilawfirm.com

*Attorneys for Christopher Williams*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Wells Fargo Mortgage Discrimination Litigation* | CASE NO. 3:22-cv-00990-JD |
| | **NOTICE AND MOTION TO STAY OR, IN THE ALTERNATIVE, TO DIRECT WELLS FARGO TO RE-FILE ITS MOTION FOR SUMMARY JUDGMENT DIRECTED TO CHRISTOPHER WILLIAMS** |
| | Hearing: <br> Date: June 18, 2026 <br> Time: 11:00 a.m. <br> Place: Courtroom 11, 19th Floor, Phillip Burton Federal Building, 450 Golden Gate Ave., San Francisco, CA 94102 |
| | Judge: Hon. James Donato |
| | ACTION FILED: February 17, 2022 |

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 18, 2026 at 11:00 a.m. in Courtroom 11, on the 19th floor of the United States District Court for the Northern District of California, Phillip Burton Federal Building, located at 450 Golden Gate Ave., San Francisco, California 94102, Plaintiff Christopher Williams, by and through his attorneys, Ben Crump Law, PLLC, Stowell & Friedman, Ltd., and Sani Law, APC, will move the Court to stay or, in the alternative, to direct Wells Fargo to re-file its motion for summary judgment directed to Christopher Williams.

Plaintiffs' Motion is based upon this Notice of Motion and Motion, sworn declarations, the papers on file in this case, any oral argument that may be heard by the Court, and any other matters that the Court deems appropriate.

DATED: May 8, 2026

Respectfully submitted,

BENJAMIN CRUMP (Appearing pro hac vice)
**BEN CRUMP, PLLC**
633 Pennsylvania Avenue Northwest
Floor 2
Washington D.C. 20004
Tel: (800) 713-1222
court@bencrump.com

STOWELL & FRIEDMAN, LTD.

By: _/s/ Linda D. Friedman_
LINDA D. FRIEDMAN (Appearing pro hac vice)
SUZANNE E. BISH (Appearing pro hac vice)
**STOWELL & FRIEDMAN LTD.**
303 W. Madison St.
Suite 2600
Chicago, Illinois 60606
Phone: (312) 431-0888
Lfriedman@sfltd.com

Attestation under N.D. Cal. L.R. 5-1: the ECF filer of this document attests that all of the other signatories have concurred in the filing of the document, which shall serve in lieu of their signatures on the document.

SANI LAW FIRM
SAM SANI (local counsel)
**SANI LAW FIRM**
15720 Ventura Blvd.
Suite 405
Encino, CA 94612
Tel: (310) 935-0405
ssani@sanilawfirm.com

*Attorneys for Plaintiff Williams*

**CASE NO. 3:22-CV-00990**
**NOTICE AND MOTION TO STAY OR, IN THE ALTERNATIVE, TO DIRECT WELLS FARGO TO RE-FILE ITS MOTION FOR SUMMARY JUDGMENT DIRECTED TO CHRISTOPHER WILLIAMS**

Pursuant to Local Rules 7-1 and 7-4, Plaintiff Christopher Williams hereby moves to stay this action for 60 days, or until July 7, 2026, to pursue negotiations. Alternatively, if the Court is not inclined to stay, Plaintiff respectfully requests that Wells Fargo be directed to file a motion for summary judgment directed solely to Christopher Williams, and provide Williams, through counsel of choice, to provide a full response. In support, Williams states as follows:

### I.     Background

On February 17, 2022, informed by an extensive pre-filing investigative effort, Williams, through the undersigned counsel, filed suit individually and on behalf of a putative class of African Americans who applied for a line of credit related to residential real estate at Wells Fargo. (Dkt. 1; *see* Dkt. 106-4.) Almost one month after the *Williams* lawsuit was filed, on March 10, 2022, *Bloomberg* published an exposé focused on Wells Fargo's racial disparity in approving refinance applications for Black borrowers.[1] After the *Bloomberg* article ran, several new lawsuits filed, including *Braxton v. Wells Fargo Bank, N.A.*, 22-cv-01748 (Dkt. 1 Compl., filed on March 18, 2022), drawing factual support from the *Bloomberg* article. (*See Braxton* Compl., dkt. 1, ¶¶ 5-11; 112-119).

On April 14, 2022, Williams filed an amended complaint to expand on the previous complaint based on the ongoing investigation, added two Plaintiffs (Shaia Beckwith Simmons and Sam Albury), and presented the results of their own thorough statistical analysis of the disparities between Black and white borrowers and applicants for all kinds of residential real estate credit at Wells Fargo. (Dkt. 22)

In 2022, this Court granted Wells Fargo's motion to deem several other post-*Bloomberg* class actions against Wells Fargo related to this one, (*e.g.*, Dkt. 45), and Wells Fargo moved to consolidate them. (Dkt. 63.) While the consolidation motion was pending, Williams sought to file a Second Amended Complaint that would have, among other things, added the claims of six more Plaintiffs retained by Williams' counsel. (Dkt. 73.) This Court denied the motion for leave to amend "without prejudice" "in light of the pending motion to consolidate." (Dkt. 75.)

---

[1] Shawn Donnan et al., *Wells Fargo Rejected Half Its Black Applicants in Mortgage Refinancing Boom*, Bloomberg News (March 10, 2022), https://www.bloomberg.com/graphics/2022-wells-fargo-black-home-loan-refinancing/

In January 2023, this Court granted the motion to consolidate. (Dkt. 102.) In connection with the consolidation, this Court entered an "ORDER RE INTERIM LEAD CLASS COUNSEL," appointing Dennis Ellis as "interim lead class counsel." (Dkt. 111 at 1.) The Order provided that through interim lead class counsel, "plaintiffs will file a consolidated complaint," and that "Attorney Ellis will serve as interim lead counsel for all claims irrespective of the bank products involved (original loan or refinancing), or race or ethnicity of the loan applicants." (*Id.*) The Order further specified that Ellis would have "complete authority over, and responsibility for, the representation *of the putative class or classes*," including all pleadings and briefing, the conduct of discovery, retention of experts, "common settlement negotiations," and "all other pre-trial matters concerning the efficient and economical conduct of the consolidated action." (*Id.* at 2.)

Interim lead class counsel filed a consolidated amended class action complaint on behalf of a putative class to be represented by plaintiffs from several of the actions, including Williams, but not naming Albury, Simmons, or the other individual plaintiffs in the *Williams* proposed Second Amended Complaint. (Dkt. 114.) Williams is therefore the only remaining plaintiff represented by Williams' counsel in the now-operative consolidated amended class action complaint. (Dkt. 114.) Simmons, however, has since filed a separate lawsuit that has been deemed related and consolidated with this one. (Dkt. 201.)

Though Wells Fargo moved for summary judgment, directed principally to the class, (Dkt. 272), interim lead class counsel filed a response brief. (Dkt. 278.)

On August 5, 2025, this Court denied certification of the proposed classes in the consolidated amended complaint. (Dkt. 328.) In the conclusion of that Order, the Court stated that it would "resolve Wells Fargo's summary judgment motion and the parties' merits FRE 702 motions in due course, and will set as warranted a pretrial conference and trial date for Plaintiffs' claims to be tried on an individual basis." (*Id.* at 16.)

On August 19, 2025, both Williams and interim lead class counsel petitioned the Ninth Circuit for review of the denial of certification under Rule 23(f). (Dkts. 329, 330.) While those

petitions were pending, and at Williams' counsel's insistence, interim lead class counsel also sought a stay of ruling on all individual summary judgment motions to permit supplemental briefing as to individual claims. (Dkt. 331.) The motion noted that "counsel for Christopher Williams and other individual Plaintiffs have expressed their concern to ILC that it would be manifestly inappropriate and grossly unfair for the Court to decide Wells Fargo's summary judgment motion as to individual Plaintiffs on the current record, which Wells Fargo characterizes as 'conceding' certain facts related to the claims of the individual Plaintiffs." (Dkt. 331 at 2–3 (quoting Dkt. 272 at 18–19.) Interim lead counsel further argued that the individual plaintiffs should be permitted to supplement the record under Rule 56(e). (Dkt. 331 at 4–5.) That motion, which Wells Fargo opposed, (Dkt. 333), remains pending.

In January 2026, the Ninth Circuit denied both, Rule 23(f) petitions. (Dkt. 334.) Williams' counsel understands that Wells Fargo then proceeded to mediate the individual claims of all plaintiffs except those represented by Williams' counsel. (Declaration of Linda D. Friedman ¶ 10.) Yesterday, those parties advised the Court that they have settled their claims and seek to dismiss them voluntarily. (Dkts. 337, 338.) Interim class counsel further seeks to be relieved of that post.

Williams and other plaintiffs represented by Williams' counsel have begun preliminary conversations about resolving their claims. (Declaration of Linda D. Friedman ¶ 11.) Counsel believes that further progress can be made on such negotiations within the next two months to avoid burdening the Court with ruling on the pending motion to stay and permit supplemental summary judgment briefings, any individual summary judgment motions, or any further litigation on behalf of individuals whose individual claims were excised from interim lead class counsel's amended complaint.

## II.    Argument

This Court has the inherent power "to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Currently pending before this Court is a motion for summary judgment against Christopher Williams that was responded to only by interim lead class counsel not of his

choosing, who has now settled all claims but Williams', and is seeking to leave the case. Rather than burden the court with the weighty substantive and procedural issues raised by the pending motion for summary judgment and interim lead counsel's motion to stay and/or for supplemental briefing, Williams requests a modest stay to allow him (and others represented by his counsel) to explore a negotiated resolution with Wells Fargo.

A short stay would conserve judicial resources. Without a stay, the Court's resources would be taxed not only on the weighty questions of summary judgment, but also with the procedural concerns attending a summary judgment motion to which the individual's counsel of choice was not permitted to respond. Interim lead class counsel was appointed under Federal Rule of Civil Procedure 23(g)(3), which permits the court to "designate interim counsel to act on behalf of a putative class before determining whether to certify a claim." But there is no longer a "putative class," and the court has already "determine[ed] whether to certify a claim." Additionally, the lead counsel order itself styled Attorney Ellis as "interim lead class counsel" with "complete authority over, and responsibility for, the representation *of the putative class or classes*," (Dkt. 111 at 1–2 (emphasis added).) Williams would respectfully submit that an interim lead class counsel cannot be permitted to supplant his counsel of choice where the Court has denied certification of the putative class, and that Williams would be permitted to litigate his own claim with his counsel, as "[p]arties normally have the right to counsel of their choice." *Cole v. U.S. Dist. Court for Dist. of Idaho*, 366 F.3d 813 (9th Cir. 2004). Nor should Williams be required to accede to a summary judgment ruling litigated by counsel appointed solely to represent a putative class that was not certified, and who has now settled all other claims and seeks to withdraw. Williams was not permitted to take his own discovery, use the expert he retained in connection with his own filing, or even respond in his own right to the motion for summary judgment in his individual case with his counsel of choice.

Moreover, without a stay, there are several individuals represented by Williams' counsel whose claims were excised from interim lead class counsel's amended complaint, including Simmons and Albury, as well as several other individuals in the *Williams* proposed Second

Amended Complaint (Dkt. 73-1) whose claims likely would return now that class certification has been denied. Those individuals would begin litigation nearly afresh, imposing significant burdens on the Court and the parties.

A 60-day stay would instead permit the parties represented by Williams' counsel to negotiate in good faith toward a resolution with Wells Fargo. At the end of the stay period, the parties would file a status report on the progress of their negotiations.

*In the alternative*, if the Court is not inclined to stay the matter, Plaintiff respectfully respects in the alternative that Wells Fargo be directed to resubmit its motion for summary judgment directed solely to Christopher Williams, and that Williams be given an opportunity to respond. Buried within a motion for summary judgment directed primarily to the class was a very short section seeking summary judgment against Christopher Williams. Interim lead class counsel, whom Williams did not select as his counsel and whom he did not retain to represent him individually at any point, nonetheless responded to the motion on Williams' behalf (with page constraints, a primary focus on class issues, and also responding on behalf of clients who had retained interim lead class counsel). Now that the Court has determined that the matter cannot proceed as a class action, and interim lead class counsel seeks to leave the case, Williams should be permitted to prosecute his own case with his own counsel. Wells Fargo should therefore, alternatively, be directed to re-file an individual summary judgment brief directed solely against Williams, and Williams permitted to respond fully with his chosen counsel.

WHEREFORE, Plaintiff Christopher Williams respectfully requests that this Court stay the litigation for 60 days, until July 7, 2026, to pursue negotiations, and that at the end of the stay period, the parties file a status report regarding the progress of any negotiations. Alternatively, Williams requests that this Court direct Wells Fargo to re-file its Motion for Summary Judgment directed to Christopher Williams.

DATED: May 8, 2026                         Respectfully submitted,

BENJAMIN CRUMP (Appearing pro hac vice)
**BEN CRUMP, PLLC**

8

633 Pennsylvania Avenue Northwest
Floor 2
Washington D.C. 20004
Tel: (800) 713-1222
court@bencrump.com

STOWELL & FRIEDMAN, LTD.

By: _/s/ Linda D. Friedman_____
LINDA D. FRIEDMAN (Appearing pro hac vice)
SUZANNE E. BISH (Appearing pro hac vice)
**STOWELL & FRIEDMAN LTD.**
303 W. Madison St.
Suite 2600
Chicago, Illinois 60606
Phone: (312) 431-0888
Lfriedman@sfltd.com

Attestation under N.D. Cal. L.R. 5-1: the ECF filer of this document attests that all of the other signatories have concurred in the filing of the document, which shall serve in lieu of their signatures on the document.

SANI LAW FIRM

SAM SANI (local counsel)
**SANI LAW FIRM**
15720 Ventura Blvd.
Suite 405
Encino, CA 94612
Tel: (310) 935-0405
ssani@sanilawfirm.com
*Attorneys for Plaintiffs Williams, Albury, Simmons, individually and on behalf of all others similarly situated*

9

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, I electronically filed the foregoing document entitled **NOTICE AND MOTION TO STAY** with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

Dated: May 8, 2026,                              By: */s/ Linda D Friedman*

Linda Friedman